DAVIS WRIGHT TREMAINE LLP
    865 S. FIGUEROA ST.
      SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
  TELEPHONE (213) 633-6800
    FAX (213) 633-6899

JAMES D. NGUYEN (State Bar No. 179370)
  jimmynguyen@dwt.com
KAREN A. HENRY (State Bar No. 229707)
  karenhenry@dwt.com

Attorneys for Defendants
SONY PICTURES ENTERTAINMENT INC.,
COLUMBIA PICTURES INDUSTRIES, INC.,
TRISTAR PICTURES, INC., SIDNEY KIMMEL
ENTERTAINMENT, LLC, SKE CREATIVE,
LLC, TARGET MEDIA ENTERTAINMENT,
GMBH, SIDNEY KIMMEL, JAMES TAUBER,
AMY BAER, WILLIAM HORBERG, DIANA
PHILLIPS, WONDERFUL FILMS CORP.,
LAWRENCE MALKIN, DEAN CRAIG, GLENN
S. GAINOR, PHILIP ELWAY, SHARE
STALLINGS, BRUCE TOLL, FRANK OZ,
CHRIS ROCK, CHRIS ROCK ENTERPRISES,
INC., BEHAVE PRODUCTIONS, INC., NEIL
LABUTE, AEYSHA CARR, SCREEN GEMS,
INC., SCREEN GEMS DISTRIBUTION, INC.,
and PARABOLIC PICTURES INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELLA LAWRENCE, an individual, | ) Case No. CV10-4737 SVW (Ex) |
| | ) |
| Plaintiff, | ) **NOTICE OF MOTION AND MOTION** |
| | ) **OF DEFENDANTS FOR ATTORNEYS'** |
| vs. | ) **FEES** |
| | ) |
| SONY PICTURES ENTERTAINMENT INC., a Delaware corporation, et al., | ) Date:  October 3, 2011 |
| | ) Time:    1:30 p.m. |
| | ) Courtroom:  6 |
| | ) |
| Defendants. | ) [Declaration of Jennifer L. Brockett with Exhibits A-F and [Proposed] Order Filed Concurrently] |
| | ) |
| | ) Action Filed:  July 1, 2010 |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 3, 2011, or as soon thereafter as counsel may be heard before the Honorable Stephen V. Wilson in Courtroom 6 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, 90012, defendants Sony Pictures Entertainment Inc., Columbia Pictures Industries, Inc., TriStar Pictures, Inc., SKE Creative, LLC, James Tauber (erroneously sued herein as "Jim Tauber"), Amy Baer, Behave Productions, Inc., Screen Gems, Inc., Screen Gems Distribution, Inc., Chris Rock Enterprises, Inc., Wonderful Films Corp., Target Media Entertainment GmbH & Co. Filmproduktion KG, Parabolic Pictures, Inc., Aeysha Carr (erroneously sued herein as "Ayesha Carr"), Dean Craig, Philip Elway, Glenn S. Gainor, William Horberg, Sidney Kimmel, Lawrence Malkin, Diana Phillips, Chris Rock, Share Stallings, Bruce Toll, Frank Oz and Neil LaBute ("Defendants"), will and hereby do move the Court for an order awarding Defendants their reasonable attorneys' fees in the sum of $200,000 as the prevailing parties in connection with the copyright infringement claims of plaintiff Pamella Lawrence ("Plaintiff"), under 17 U.S.C. § 505, Federal Rule of Civil Procedure ("FRCP") 54(d), and Local Rule 54-2.2.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Jennifer L. Brockett ("Brockett Decl.") and the exhibits thereto, all other records and files in this action, and upon such further oral and/or documentary matters as may be presented to this Court at or before the hearing on this motion.

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    This motion is made following the attempted conference of counsel/parties

2  pursuant to Local Rule 7-3 which Defendants attempted to initiate on August 22,

3  2011; Plaintiff never responded to Defendants' meet and confer effort.  (*See*

4  Brockett Decl., ¶ 23; Exh. D.)

5

6  DATED:  August 31, 2011          DAVIS WRIGHT TREMAINE LLP
                                    JAMES D. NGUYEN
7                                   KAREN A. HENRY

8

9                                   By: /s/ James D. Nguyen
                                        James D. Nguyen
10

11                                  Attorneys for Defendants
                                    SONY PICTURES ENTERTAINMENT
12                                  INC., COLUMBIA PICTURES
                                    INDUSTRIES, INC., TRISTAR PICTURES,
13                                  INC., SIDNEY KIMMEL
                                    ENTERTAINMENT, LLC, SKE
14                                  CREATIVE, LLC, TARGET MEDIA
                                    ENTERTAINMENT, GMBH, SIDNEY
15                                  KIMMEL, JAMES TAUBER, AMY BAER,
                                    WILLIAM HORBERG, DIANA PHILLIPS,
16                                  WONDERFUL FILMS CORP., LAWRENCE
                                    MALKIN, DEAN CRAIG, GLENN S.
17                                  GAINOR, PHILIP ELWAY, SHARE
                                    STALLINGS, BRUCE TOLL, FRANK OZ,
18                                  CHRIS ROCK, CHRIS ROCK
                                    ENTERPRISES, INC., BEHAVE
19                                  PRODUCTIONS, INC., NEIL LABUTE,
                                    AEYSHA CARR, SCREEN GEMS, INC.,
20                                  SCREEN GEMS DISTRIBUTION, INC., and
                                    PARABOLIC PICTURES INC.
21

22

23

24

25

26

27

28

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TABLE OF CONTENTS**

Page

1.   INTRODUCTION ........................................................................... 1

2.   PROCEDURAL HISTORY ............................................................ 2

    A.   Plaintiff's Prior Lawsuit. ...................................................... 2

    B.   The *Death At A Funeral* Movies. ......................................... 2

    C.   Court Dismisses Plaintiff's Initial Complaint With Leave to Amend. .................................................................................. 3

    D.   Plaintiff's First Amended Complaint And Defendants' Summary Judgment Motion. ................................................ 4

3.   A FEE AWARD IS PROPER BECAUSE PLAINTIFF'S CLAIMS WERE OBJECTIVELY UNREASONABLE AND TO ADVANCE DETERRENT AND COMPENSATORY GOALS OF THE COPYRIGHT ACT ............................................................................ 5

    A.   Defendants Achieved Complete Success On The Copyright Claims. .................................................................. 7

    B.   Plaintiff's Infringement Claims Were Objectively Unreasonable. ...... 7

    C.   A Fee Award Will Deter Plaintiff And Other Possible Plaintiffs From Baseless Litigation Activity In The Future. .............................. 10

    D.   A Fee Award Will Serve The Goals Of Compensation And Encouraging Creative Works. ............................................ 12

    E.   Plaintiff's Litigation Conduct Multiplied Defense Costs.................. 14

4.   THE $200,000 AMOUNT OF DEFENDANTS' REQUESTED FEE AWARD IS REASONABLE. .................................................... 15

    A.   The Rates Charged Are Reasonable Given Defense Counsels' Experience And Qualifications. ......................................... 16

    B.   The Number of Hours Worked Was Reasonable. ............................. 18

    C.   The Requested Amount Is Commensurate With Awards In Similar Cases. ................................................................... 18

5.   CONCLUSION ............................................................................ 19

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

CASES

*Assessment Technologies of Wisconsin LLC v. Wiredata, Inc.*,
361 F.3d 434 (7th Cir. 2004) ........................................................... 8, 12

*Baker v. Urban Outfitters*,
431 F. Supp. 2d 351 (S.D.N.Y. 2006) ......................................... 11, 13

*Bauer v. Yellen*,
2010 U.S. App. LEXIS 9068 (9th Cir. May 3, 2010)......................... 6

*Bernal v. Paradigm Talent & Literary Agency*,
2010 WL 6397561 (C.D. Cal. June 1, 2010) ......................... 8, 10, 18

*Blanton v. Universal City Studios Prods LLLP*,
593 F. Supp. 2d 171 (D.D.C. 2009) .................................................. 6

*Blum v. Stenson*,
465 U.S. 886 (1984) ........................................................................ 16

*Bridgeport Music Inc. v. Diamond Time, Ltd.*,
371 F.3d 883 (6th Cir. 2004) ............................................................ 6

*Bridgeport Music, Inc. v. Dimension Films*,
383 F.3d 390 (6th Cir. 2004) .......................................................... 14

*Chivalry Film Prods. v. NBC Universal, Inc.*,
2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007).................................. 11

*Common Cause v. Jones*,
235 F. Supp. 2d 1076 (C.D. Cal. 2002) ............................................ 16

*Contessa Food Products Inc. v. Lockpur Fish Processing Co.*,
2005 U.S. App. LEXIS 28 (9th Cir. Jan. 3, 2005)............................ 13

*Earth Flag Ltd. v. Alamo Flag Co.*,
154 F. Supp. 2d 663 (S.D.N.Y. 2001) ............................................. 11

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*,
122 F.3d 1211 (9th Cir. 1997) ................................................... 6, 7, 8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Fantasy, Inc. v. Fogerty,*
   94 F.3d 553 (9th Cir. 1996) ............................................................ 8, 10

*Fishel v. Equitable Life Assurance Society,*
   307 F.3d 997 (9th Cir. 2002) ........................................................ 15, 16

*Fogerty v. Fantasy, Inc.,*
   510 U.S. 517 (1994) ("*Fantasy I*") ........................................ 6, 12, 13

*General Universal Systems, Inc. v. Lee,*
   379 F.3d 131 (5th Cir. 2004) .............................................................. 14

*Gilbert v. New Line Productions,*
   Case No. 2:09-cv-02231-HGK-RZ (C.D. Cal. Dec. 6, 2010) .................... 18, 19

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983) ...................................................................... 7, 15

*Historical Research v. Cabral,*
   80 F.3d 377 (9th Cir. 1996) ................................................................ 6

*Jackson v. Axton,*
   25 F.3d 884 (9th Cir. 1994) ................................................................ 6

*Los Angeles News Srvc. v. Reuters Television Int'l, Ltd.,*
   149 F.3d 987 (1998) ......................................................................... 10

*Love v. The Mail on Sunday,*
   Case No. CV 05-7798 ABC, 2007 U.S. Dist. LEXIS 97061 (C.D. Cal.
   Sept. 7, 2007) ........................................................................... 13, 16

*Maljack Productions v. Goodtimes Home Video Corp.,*
   81 F.3d 881 (9th Cir. 1996) ............................................................ 6, 8

*Mattel v. Walking Mountain Prods.,*
   2004 U.S. Dist. LEXIS 12469 (C.D. Cal. June 24, 2004) ................................ 19

*Milton Greene Archives v. BPI Communications,*
   Case No. SA CV 04-635 (C.D. Cal. March 9, 2006) ................................ 18, 19

*Mitek Holdings, Inc. v. Arce Engineering Co.,*
   198 F.3d 840 (11th Cir. 1999) ............................................................ 7

*Morales v. City of San Rafael,*
   96 F.3d 359 (9th Cir. 1996) .............................................................. 16

*Mostly Memories, Inc. v. For Your Ease Only, Inc.*,
   594 F. Supp. 2d 931 (N.D. Ill, 2009) ................................................................. 19

*Smith v. Jackson*,
   84 F.3d 1213 (9th Cir. 1996) ............................................................................... 9

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
   768 F.2d 1001 (9th Cir. 1985) ............................................................................. 7

*Twentieth Century Music Corp. v. Aiken*,
   422 U.S. 151 (1975) ........................................................................................... 12

*Yue v. Storage Technology Corp.*,
   2008 U.S. Dist. LEXIS 68920 (N. D. Cal. Aug. 6, 2008) ................................... 7

STATUTES

17 U.S.C. § 505 ................................................................................................... 2, 5, 7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  INTRODUCTION

Having granted summary judgment to Defendants, this Court should now issue an attorney's fee award to deter Plaintiff Pamella Lawrence, a repeat litigant, from pursuing blatantly baseless claims and to advance other policies of the Copyright Act.   No reasonable person could view the two *Death at a Funeral* (*DAAF* 2007 and 2011) comedic movies and think anything about them was remotely similar to the video captured of Plaintiff's assault at a funeral or Plaintiff's subsequent book about that traumatic experience.  The Court agreed, issuing a thorough summary judgment decision articulating why, among other reasons, Plaintiff's claimed works lacked protectable elements and why Defendants' movies were "far from substantially similar" to Plaintiff's claimed works.  To call Plaintiff's copyright claims objectively unreasonable would be an understatement.

To make matters worse, Plaintiff should know better.  A decade earlier, she previously sued some of the Defendants, claiming they stole the idea she pitched for a movie based upon her assault.  That case was settled with a nuisance value payment.    Unable to let go of the subject, Plaintiff filed this suit years later when it was evident from the beginning that her claims were frivolous.  In a display of overzealousness, she originally named 31 defendants in this case.  Now that she has lost, Plaintiff continues her zeal for the litigation process; she recently filed a Notice of Appeal, seeking review by the Ninth Circuit Court of Appeal of this Court's summary judgment decision.

While litigants certainly have a right to invoke the judicial system, they should be discouraged from doing so repeatedly for baseless claims  – and especially when their apparent goal is to extract unwarranted settlement dollars from defendants who did nothing wrong.  Likewise, defendants should be encouraged to pursue meritorious defenses to copyright infringement claims, and be compensated for their cost in doing so when they win.

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

These factors fully justify the Court exercising its authority under section 505 of the Copyright Act to award reasonable attorney's fees to Defendants. While Defendants incurred a higher amount of fees (over $345,000) and reasonably could have sought the full amount, they only seek a fee award of $200,000. This fixed sum will make it easier for the Court to evaluate the reasonableness of Defendants' fee request. Moreover, this amount should deter Plaintiff from asserting objectively unreasonable claims in the future (against Defendants and anyone else), and also satisfy the compensatory goals of the Copyright Act.

## 2. PROCEDURAL HISTORY

### A. Plaintiff's Prior Lawsuit.

As the Court will recall, this case is centered on Plaintiff's claimed rights to a video of an assault she suffered while attending a 1994 funeral (the "Video") and a subsequent book  she wrote in 1995 about the experience (the "Book"). (*See* Docket No. 118.) Plaintiff had the idea to make a movie based upon that traumatic experience and her Book; in 1998, she took a pitch meeting at Columbia Pictures Industries, Inc. with some of its executives. (*See* Docket No. 118, #41 at 38, 51.) After the meeting, Plaintiff received a letter stating that Columbia passed on her idea. (*See id*. at 49.)

In 2000, Plaintiff filed suit in Los Angeles Superior Court against Columbia and the executives who attended that pitch meeting. (*See id.* at 52.) She claimed that Columbia purchased and was developing a screenplay with a story similar to the idea she pitched (even though no movie was ever produced from the disputed screenplay). In March, 2001, the case was settled with a written settlement agreement releasing her claims ("Settlement Agreement"), in exchange for a nuisance value payment of $5,000. (*See id.* at 53.)

### B. The *Death At A Funeral* Movies.

Years later, certain Defendants made the *DAAF 2007* feature-length comedy film conceived and written by English screenwriter and director Dean Craig. (*See*

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

2

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*id.* at 10-13.)  The movie focused on the relationship of two brothers at their father's funeral, and farcical events that transpire after one funeral guest unwittingly takes a hallucinogenic drug.

*DAAF 2010* is an Americanized remake of *DAAF 2007*.   It features a primarily African-American cast - led by actor-comedian Chris Rock, who thought of doing the remake after seeing *DAAF 2007*.  (*See id.* at 25, 26, 29, 30.)

**C.      Court Dismisses Plaintiff's Initial Complaint With Leave to Amend.**

After the American *DAAF* film was released, Plaintiff filed this lawsuit.  She alleged that her purported copyrights to the Video and the Book were infringed by both *DAAF* movies.  She also asserted ancillary state law claims.

The first sign that Plaintiff's lawsuit was objectively unreasonable came in the original complaint.  The original complaint named 31 defendants; contained 217 paragraphs; and had 18 separate causes of action, even though the crux of the claims arose from alleged copyright infringement of the Book and Video.[1]  (*See* Docket No. 3.)  In her original Complaint, Plaintiff listed 17 purported similarities between the Book/Video and the *DAAF Funeral* films.  (*See id.* at ¶ 72.)  However, those claimed similarities were not based on any copyrightable expression (instead, relating to historical facts, unprotectable ideas, and *scenes á faire*.)  Based on that defect, Defendants filed a motion to dismiss the complaint.  (*See* Docket No. 42.)

On January 24, 2011, this Court granted Defendants' motion, dismissing Plaintiff's original complaint with leave to amend her claims for copyright

---

[1] Plaintiff originally asserted claims for: (1) Copyright Infringement; (2) Contributory Infringement; (3) Vicarious Infringement; (4) Unfair Competition – Lanham Act; (5) Common Law Unfair Competition; (6) Breach of Contract; (7) Tortious Breach of Confidence; (8) Quantum Meruit; (9) Fraud and Deceit; (10) Accounting; (11) Unfair Competition – Cal. Bus. & Prof. Code § 17200; (12) Intentional Interference With Prospective Economic Advantage; (13) Negligent Interference With Prospective Economic Advantage; (14) Unjust Enrichment/Restitution; (15) Gender Discrimination; (16) Violation of Cal. Bus. & Prof. Code §§ 5400, 17500; (17) Declaratory Relief Re: Termination; and (18) Injunctive Relief.

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

3

infringement, breach of contract, breach of confidence, fraud, accounting, unjust enrichment, and injunctive relief.  (*See* Docket No. 83; Brocket Decl., ¶ 4.)  Expressing the opinion that infringement claims are better resolved on the evidence, the Court strongly encouraged Defendants to answer Plaintiff's anticipated amended complaint, and then to move for summary judgment, if warranted.

**D.    Plaintiff's First Amended Complaint And Defendants' Summary Judgment Motion.**

Plaintiff then filed a First Amended Complaint ("FAC").  This new pleading kept her three claims for copyright infringement (direct, contributory and vicarious theories), but trimmed the state law claims to only two:  breach of contract and fraud.  It kept a large number of Defendants (dropping one to name 30; DWT represents 26).  (*See* Docket No. 84.)  Notably, the factual bases supporting the copyright infringement claims in Plaintiff's FAC were not much different (and certainly not any more substantiated) than those alleged in the initial Complaint. (*Compare* Docket No. 3 to 84.)  Similarly, Plaintiff appended to her FAC a virtually identical list of purported similarities between the works and the *DAAF* films. (*Compare* Docket No. 3 to 84.)

Heeding the Court's preference to decide copyright infringement claims on evidence, Defendants took Plaintiff's deposition (only after it was re-scheduled for Plaintiff's failure to appear).  They then filed their motion for summary judgment raising three grounds to dismiss the copyright claims as a matter of law:  (1) Plaintiff did not own the copyright in the Video.  (*See* Docket No. 118, §IV(A).); (2)  no Defendant with access to either the Video or Plaintiff's Book was involved in the creation of the *DAAF* films.  (*See id*., §IV(B)(1).); (3) each element of the Video and Book that Plaintiff claimed was copied was unprotectable, and in any event, there was no substantial similarity with the *DAAF* films.  (*See id*., §IV(B)(2).)  Defendants also moved for summary judgment on the two state law claims.  Notably, in their pre-filing meet and confer efforts with Plaintiff,

---

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants forewarned Plaintiff that they would seek their attorney's fees under the Copyright Act if they were forced to move for summary judgment.  (*See* Exh. A.)

On July 28, 2011, the Court issued its Order granting summary judgment to Defendants.  It dismissed the three copyright infringement claims on the merits, agreeing with each ground asserted by Defendants:  (1) regarding the Video, "the undisputed evidence shows that Plaintiff did not acquire copyright ownership from the videographer"; (2) "the undisputed evidence show[ed] that the creators of [the *Death at a Funeral* films] are disconnected from those with access to Plaintiff's works"; (3) each of the elements that Plaintiff claimed Defendants copied was an unprotectable fact, idea, and/or *scene á faire*.  And in any event, "Plaintiff's autobiographical book about her romantic life gone awry, culminating in the disturbing and violent events occurring at a funeral, does not share any similarities in characters, dialogue, mood, and themes with Defendants' works."  (*See* Docket No. 156.)  In footnote 11 of its Order, the Court described the works as "far from substantially similar."  (*See id.*)  The Court also dismissed the two state law claims for lack of subject matter jurisdiction.

## 3.   A FEE AWARD IS PROPER BECAUSE PLAINTIFF'S CLAIMS WERE OBJECTIVELY UNREASONABLE AND TO ADVANCE DETERRENT AND COMPENSATORY GOALS OF THE COPYRIGHT ACT.

The Copyright Act grants district courts broad discretion to award attorneys' fees and costs to prevailing parties.  Section 505 provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

There is no doubt that Defendants are the prevailing parties in this lawsuit. (Docket No. 156.)  As explained in *Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 893 (6th Cir. 2004), "when a defendant [in a copyright action] succeeds in having summary judgment entered in its favor on the copyright infringement claims asserted against it, that defendant can only be described as having 'prevailed.'"

The Ninth Circuit has held that, in determining whether to award attorneys' fees to a party prevailing in a copyright infringement case, courts should consider the list of nonexclusive factors approved by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ("*Fantasy I*").  In addition to degree of success, these factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 534 n.19; *accord Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994) (citations omitted) (adopting these five factors).[2]

Furthermore, Plaintiff's *pro se* status is not a reason to decline awarding fees. Indeed, numerous courts have awarded attorneys' fees to prevailing defendants against *pro se* plaintiffs where, as here, the plaintiff's copyright infringement claims were groundless, and the plaintiff pursued the claims despite their lack of merit. *See, e.g.*, *Bauer v. Yellen*, 2010 U.S. App. LEXIS 9068, 156 (9th Cir. May 3, 2010) (awarding attorneys' fees to prevailing defendants against *pro se* plaintiff where the court determined that plaintiff's claim was groundless); *Blanton v. Universal City Studios Prods LLLP*, 593 F. Supp. 2d 171, 175 (D.D.C. 2009) (awarding attorneys'

---

[2] *See also Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997) (citing the five *Jackson* factors); *Maljack Productions v. Goodtimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996) (affirming district court's application of *Jackson* factors in awarding fees to prevailing party); *Historical Research v. Cabral*, 80 F.3d 377, 379 n.1 (9th Cir. 1996) (vacating district court decision denying fees because the court, though correctly reciting *Jackson* factors, also applied improper considerations).

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

fees to prevailing defendants against *pro se* plaintiff where court found that claims were groundless, plaintiff knew they were groundless, and plaintiff's pursuit of claims "wasted the court's as well as counsel's resources"); *Yue v. Storage Technology Corp.*, 2008 U.S. Dist. LEXIS 68920, *11 (N. D. Cal. Aug. 6, 2008) (attorneys' fees awarded to prevailing defendant against *pro se* plaintiff where plaintiff should have known that claims were objectively unreasonable).

**A. Defendants Achieved Complete Success On The Copyright Claims.**

"The most critical factor [for a court evaluating a statutory fee request] is the degree of success obtained" by the moving party. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).[3] In *Hensley*, the Supreme Court declared that where a party "has obtained excellent results, *his attorney should recover a fully compensatory fee*. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."[4] 461 U.S. at 435 (emphasis added). Here, Defendants obtained a complete victory on the copyright claims and should be awarded their attorneys' fees consistent with Congressional and judicial policy.

**B. Plaintiff's Infringement Claims Were Objectively Unreasonable.**

The second factor, objective unreasonableness, squarely supports an award of fees. The Ninth Circuit has recognized that the pursuit of objectively unreasonable or frivolous claims *alone* may justify an award of fees. For example, in *Entertainment Research*, the Ninth Circuit affirmed a fee award to the defendant based on the district court's finding that the plaintiff "never had any evidence to

---

[3] The Court should *not* consider the parties' respective financial positions in deciding whether or not to award fees. *See Mitek Holdings, Inc. v. Arce Engineering Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999).

[4] *Hensley*, which construed a prevailing party statute materially identical to Section 505 of the Copyright Act, applies to the award of fees in copyright cases. *See, e.g., Entertainment Research*, 122 F.3d at 1230-32; *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

support [certain] claims [and that] it was objectively unreasonable for [plaintiff] to have maintained these claims." 122 F.3d at 1229; *accord Maljack Prod'ns*, 81 F.3d at 889 (affirming award of fees to defendant where plaintiff's copyright claims were objectively unreasonable and did not survive summary judgment).

As the Seventh Circuit recognized in *Assessment Technologies*, the case for awarding fees is "compelling" where, as here, a defendant succeeds in defeating an objectively unreasonable infringement claim but obtains no other relief:

> The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief obtained. If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add in an award of attorneys' fees. But *if at the other extreme the claim or defense was frivolous and the prevailing party obtained no relief at all, the case for awarding attorneys' fees is compelling.*

361 F.3d at 436-37 (emphasis added). In the case of prevailing *defendants*, "who by definition receive[] not a small award but no award, the *presumption in favor of awarding fees is very strong*." *Id*. at 437 (emphasis added). Otherwise, prevailing defendants might "be forced into a nuisance settlement or deterred altogether from enforcing [their] rights." *Id*.

"Objective unreasonableness" does not require the Court to find that Plaintiff engaged in bad faith or had an improper or frivolous motive. "[B]lameworthiness is not a prerequisite to awarding fees to a prevailing defendant." *Fantasy*, 94 F. 3d at 558; *Bernal*, 2010 WL 6397561, *3.

Here, the Court found that Plaintiff did "not put forth any evidence disputing Defendants' declarations and testimony" to avoid summary judgment (Docket No.

156, n. 2); well after the pleading stage, she merely reiterated the self-serving allegations from the First Amended Complaint in her Opposition to Defendants' Motion.  That demonstrates the lack of objective reasonableness in Plaintiff's claims.

First, to even establish a *prima facie* case of copyright infringement, Plaintiff was required to make a threshold showing that she even owns the Video and Book. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996).  This Court concluded that Plaintiff never even acquired ownership of copyright in the Video.  Any cursory review by Plaintiff before filing suit would have revealed that she lacked standing to sue on the Video.

Second, on the merits of the copyright claims, Plaintiff had no proof that most of the Defendants had any access to her Book (or the Video).  Other than Columbia Pictures, Amy Baer and the now-deceased Gareth Wigan (who were involved in Plaintiff's failed 1998 pitch meeting), the many other Defendants could not conceivably had had access to the Book or Video.   Unable to demonstrate any link from those numerous other Defendants to her, Plaintiff could have no reasonable justification for suing so many Defendants in the first place.

Third, when it comes to the central issue of substantial similarity, it is abundantly apparent that the two *DAAF* comedic films are not similar in any respect to Plaintiff's traumatic assault at a funeral.  Any reasonable person comparing the *DAAF* movies to the Book and Video could see that.  The Court saw this, and found the *DAAF* films were "far from substantially similar" to Plaintiff's Book.

Even before getting to that question, the Court determined each of Plaintiff's claimed elements for similarity analysis was not protectable – it was either a fact, idea, or *scene á faire*.  (*See id.*, § III(B)(2).)  Thus, the Court was not even required to determine whether the plot, themes, dialogue, mood, setting, pace, characters, and the sequence of events in Defendants' movies were substantially similar to those in Plaintiff's Book.  (*See id.*)  Nevertheless, it confirmed that Plaintiff's Book

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"does not share any similarities in characters, dialogue, mood, and themes with Defendants' works." (*Id.*, n. 11.)  Indeed, the Court noted "significant **differences** between the Book and the DAAF films[,]" concluding that "[t]he works appear **far from substantially similar**." (*Id.*, n 8 and 11.)  As a result, the Court held that "no reasonable jury could find Defendants copied protectable elements [of *Caught on Video*]."[5] (*Id.*, n. 11.)

The decision in *Bernal v. Paradigm Talent & Literary Agency*, 2010 WL 6397561 (C.D. Cal. June 1, 2010), is instructive.  In *Bernal*, the plaintiff claimed that the television series *Desperate Housewives* infringed her original screenplay, *Homeless*.  *See id.* at *1.  Defendants moved for summary judgment, and "the Court found the works to be so dissimilar, that no reasonable juror could conclude that there was substantial similarity on *any* of the eight elements of the extrinsic test." *Id.* at *3 (emphasis in original; internal quotations omitted).  For this reason, when later evaluating the defendants' motion for attorneys' fees, the Court concluded that the Plaintiff's lawsuit was objectively unreasonable.  *See id.*  Indeed, the Court observed that, "[a]s a simple review of the two works revealed their striking differences, Plaintiff should have known that her claim was objectively unreasonable." *Id.*  The defendants' motion for attorney's fees was granted.  *Id.*

Likewise, from a simple viewing of the two *DAAF* movies, Plaintiff should have known her claims were objectively unreasonable.

**C.** **A Fee Award Will Deter Plaintiff And Other Possible Plaintiffs From Baseless Litigation Activity In The Future.**

The Ninth Circuit has declared that "[f]aithfulness to the purposes of the Copyright Act is [] the pivotal criterion" in deciding whether to award fees. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996); *accord Los Angeles*

---

[5] The Court commented that, even if Plaintiff could show that she owned the Video, the Court's findings concerning the complete lack of similarity would apply to the Video as well.  (*See* Docket No. 156, n. 6.)

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*News Srvc. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 997 (1998) (awarding fees because litigation furthered goals of the Copyright Act).   One of those goals is deterrence of frivolous claims.

"On the question of deterrence, an award of cost and fees is crucial [when the Plaintiff proceeded with an objectively unreasonable claim], so as to deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and there will be no adverse consequences if they lose." *Baker v. Urban Outfitters*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006)(citing *Earth Flag Ltd. v. Alamo Flag Co.,*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001)("This case presented a straightforward copyright infringement claim that was objectively unreasonable  . . . and an award of attorney's fees in such a case would beneficially deter, rather than excessively chill, future lawsuits.  Failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of any consequences."); *see also Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to 'chill.'  Future litigants should be discouraged from comparable behavior.")(internal citations omitted).

Plaintiff is a repeat litigant who needs to be deterred from future frivolous litigation activity.  She sued several of the Defendants over a decade ago, claiming they misappropriated her idea for a movie based upon her funeral assault.  That case went nowhere for her, and ended with a $5,000 nuisance value settlement payment (with that Settlement Agreement put into issue again in this case).  Years later, she sued an unnecessarily large number of Defendants for making comedic films that have absolutely nothing to do with her Book or the Video.   Unwilling to accept this Court's summary judgment decision, she has now appealed to the Ninth Circuit.

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

And on her two state law causes of action dismissed for lack of subject matter jurisdiction, it would not be altogether surprising if she seeks to re-litigate those (equally meritless) claims in state court.

Moreover, courts should discourage plaintiffs from seeking to use the cost of litigation to extort settlements from defendants who have solid factual and legal defenses. *Assessment Technologies of Wisconsin LLC v. Wiredata, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004). That rationale is highly applicable here.

Neither Defendants nor the judicial system should have to continue expending significant resources to respond to Plaintiff's predilection for court battles (or more pointedly, her desire for large sums of money where nothing is warranted). Because they are in the business of making movies, Defendants are often on the receiving end of frivolous claims by litigants like Plaintiff. This Court can help deter Plaintiff (and other possible copyright plaintiffs) from launching and maintaining frivolous cases by issuing a fee award here.

**D.     A Fee Award Will Serve The Goals Of Compensation And Encouraging Creative Works.**

As the Supreme Court explained in *Fantasy I*:

The limited scope of the copyright holder's statutory monopoly …
reflects a balance of competing claims upon the public interest:
creative work is to be encouraged and rewarded, but private motivation
must ultimately serve the cause of promoting broad availability of
literature, music, and the other arts. The immediate effect of our
copyright law is to secure a fair return for an "author's" creative labor.
But the ultimate aim is … to stimulate artistic creativity for the public
good.

*Id.* at 526-27 (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975)). Because copyright law "ultimately serves the purpose of enriching the public through access to creative works," the Supreme Court held in *Fantasy I* that

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"it is particularly important that the boundaries of copyright law be demarcated as clearly as possible.  To that end, ***defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them.***"  *Id*. at 527 (emphasis added); *see also Love v. The Mail on Sunday*, Case No. CV 05-7798 ABC, 2007 U.S. Dist. LEXIS 97061, *17-*18 (C.D. Cal. Sept. 7, 2007) (awarding defendants attorneys' fees on copyright infringement claim because, among other things, court found that successful defense furthered the purposes of Copyright Act).   In *Love*, the district court explained that "[t]he successful defense herein served the purposes of the copyright law by maintaining the boundaries of liability under copyright law, and by protecting the utility of copyright licenses."

There can be no question that producers of creative works, especially filmmakers like Defendants, "promote the broad availability of literature … and the other arts … and stimulate[s] artistic creativity for the public good." *Id*. Defendants – and others like them – must be able to rely on the clarity and the protections of the Copyright Act if they are to continue to produce works for the public good.  Unlike Plaintiff who should be deterred from filing baseless lawsuits, Defendants should not be deterred from investing in creative works for the public to enjoy simply because of the threat of meritless litigation.

Thus, there is even more reason under the Copyright Act to compensate Defendants for their costs in defeating Plaintiff's claims.  "It does not further the aims of the Copyright Act to force a party to defend itself against a charge of copyright infringement when the proponent of the copyright can produce no evidence from which a reasonable inference can be drawn that the party engaged in any infringing activity." *Contessa Food Products Inc. v. Lockpur Fish Processing Co*., 2005 U.S. App. LEXIS 28, *7 (9th Cir. Jan. 3, 2005).  "[T]he policies behind Copyright Act would be violated by requiring  [the defendant] to bear its own costs and fees." *Baker*, 431 F. Supp. 2d 351, quoting *Fogerty*, 510 U.S. at 529 ("The expense of any letigiation [sic] is considerable.  Unless, therefore, some provision is

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

made for financial protection to a litigant, if successful, it may not pay a party to defend rights, even if valid, a situation opposed to justice.")

Here, Defendants knew all along that they had a valid defense, and were willing to invest in the legal fees necessary to prove they were correct – even if that meant a trial.  Many other litigants would not have done so, preferring to instead resolve a case like this through settlement.  Defendants should be compensated for pursuing their victorious defense against meritless copyright claims.

## E.     Plaintiff's Litigation Conduct Multiplied Defense Costs.

Courts may consider a wide variety of conduct that exacerbated the costs of the litigation.  *See Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 406 (6th Cir. 2004) (where "the plaintiff's tactics . . . contributed to the multiplication of fees by all parties, including the defendant," the court should award attorneys' fees to the prevailing defendant); *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 147-48 (5th Cir. 2004) (finding it proper for a district court to consider the borderline "overzealous" manner in which plaintiff litigated and the "tremendous burden" placed on defendant).

Here, Plaintiff unnecessarily increased Defendants' litigation costs by originally suing 31 defendants for no good reason.  DWT ended up representing 26 Defendants.  This significantly increased the burden of managing this litigation for the defense team, and significantly increased the cost of defense.  This is apparent from the number of declarations that had to be obtained from Defendants to support the summary judgment motion.[6]

---

[6] Likewise, Plaintiff engaged in other conduct – such as twice refusing to appear for her agreed deposition dates, necessitating a motion to compel her appearance  – which also compounded the cost of this litigation for Defendants. (Brockett Decl., ¶ 6.)  Given that Defendants do not seek the full amount of their fees, details of such conduct are not necessary.

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In sum, a fee award here is warranted by many policy goals of the Copyright Act - in particular to deter baseless claims and compensate Defendants for pursuing meritorious defenses to protect their creative works.

### 4. THE $200,000 AMOUNT OF DEFENDANTS' REQUESTED FEE AWARD IS REASONABLE.

To date, Defendants have incurred roughly $345,000 in attorneys' fees on this case (which includes the cost for trial preparation that had to begin given the accelerated trial schedule set for the case). Normally, the Court would go through a detailed analysis to evaluate the reasonableness of the requested fees. In this case, the Court can more swiftly determine that the requested fee award is reasonable because Defendants only seek a fee award of $200,000. This amount was selected to adequately serve the deterrence, compensation and other goals noted above. In addition, it is more than a sufficient reduction from the total incurred fees to apportion for the work done to defend against Plaintiff's state law claims (Plaintiff's state law claims triggered a much less significant part of the litigation activity, especially after Plaintiff reduced the number of state law claims to only two in the FAC). Defendants estimate that only 20% of the fees incurred by their legal team was work attributable to the state law claims beyond work Defendants' counsel would have had to perform anyway to defeat the copyright claims. (*See* Brockett Decl., ¶ 22.)

To the extent the Court does wish to proceed through the normal analysis, the usual starting point for determining a reasonable fee award is the "lodestar" – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Fishel v. Equitable Life Assurance Society*, 307 F.3d 997, 1006 (9th Cir. 2002).[7] "There is a strong presumption that

---

[7] In calculating the lodestar figure, courts should consider, if applicable:

MOTION FOR ATTORNEYS' FEES
DWT 18048456v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the lodestar figure represents a reasonable fee.  Only in rare instances should the lodestar figure be adjusted on the basis of other considerations."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).[8]

The Brockett Declaration and Exhibit C detail the time spent by Defendants' counsel.  Exhibit C consists of billing statements sent to Sony Pictures Entertainment by Defendants' counsel, Davis Wright Tremaine LLP, which either have been paid or represent outstanding obligations.  *See* Brockett Decl., ¶ 20.  These statements include a daily time record for each timekeeper on this matter.  The time spent was reasonably necessary to defend this action.

## A.  The Rates Charged Are Reasonable Given Defense Counsels' Experience And Qualifications.

Reasonable hourly rates are calculated according to the prevailing market rates in the relevant community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  In *Love v. Mail on Sunday*, Case No. CV 05-7798 ABC, 2007 U.S. Dist. LEXIS

---

(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fishel*, 307 F.3d at 1007 n.7.  In this motion, Defendants evaluate only those factors which are most relevant to this case.

[8] "Initially, the fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked."  *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1078 (C.D. Cal. 2002) (citations omitted).  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in submitted affidavits."  *Id.* at 1079 (citations and quotations omitted).

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

97061, *25 (C.D. Cal. Sept. 7, 2007), a case decided nearly four years ago, the district court awarded attorneys' fees to defendants on copyright and other claims at rates between $305 to $690 per hour based upon the individual attorney's years of experience.  The court found that "[t]hese rates are consistent with the rates typically charged by other highly-regarded southern California law firms for similar work by attorneys of comparable experience." *Id.*  Defendants are seeking reimbursement of the fees incurred for the attorneys and paralegal who handled a majority of the legal work:  These attorneys' billing rates for the relevant time period are reflected in the following chart:

| Timekeeper | Hourly Rate in 2010 | Hourly Rate in 2011 |
|---|---|---|
| 1.  James D. Nguyen (Partner) | (In 2010, not at DWT and not involved in case; brought into case in 2011 to be trial counsel | $585 |
| 2.  Jennifer L. Brockett (Partner) | $415 | $465 |
| 3.  Karen A. Henry (Associate) | $345 | $390 |
| 4.  Howard L. Rose (Associate) | $295 | $325 |
| 5.  Kristina Roth (Paralegal) | $75 | $125 |

These rates are justified by the qualifications of the attorneys, and are consistent with rates charged by attorneys with similar qualifications at other firms. *See* Brockett Decl., ¶¶ 14-19; Exh. B.  As set forth in the Brockett declaration and Exhibit B (with bios of the attorneys), defense counsel are experienced intellectual property litigators and enjoy excellent reputations in the intellectual property field.

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## B.     The Number of Hours Worked Was Reasonable.

The work performed in connection with each step of this litigation was reasonable.  Defendants' litigation team has billed a total of 892.7 hours on this matter – 55.6 hours by Mr. Nguyen, 340 hours by Ms. Brockett, 192.8 hours by Ms. Henry, 236.2 hours by Mr. Rose, and 68.1 hours by Ms. Roth.  These hours were reasonably necessary to gather facts, to analyze Plaintiff's allegations, to answer Plaintiff's FAC, to compel Plaintiff's attendance at deposition, to conduct discovery, to prepare the summary judgment motion and related pleadings, and to prepare for trial.[9]  Brockett Decl., ¶ 22.

Based upon the hourly rates and number of hours worked by defense counsel, the total fees incurred of over $345,000 would be reasonable to award.  This makes Defendants' request for a $200,000 award even more reasonable.  The $200,000 amount also more than adequately reflects a reduction to account for work performed to address Plaintiff's state law claims (which Defendants' counsel estimates as 20% of the fees beyond work that would have been necessary to perform because of the copyright infringement claims.)

## C.     The Requested Amount Is Commensurate With Awards In Similar Cases.

The $200,000 requested amount is easily within the range of fees awarded to prevailing defendants in other copyright actions in this district, and is far smaller than the fees awarded in some recent cases.  *See, e.g., Gilbert v. New Line Productions*, Case No. 2:09-cv-02231-HGK-RZ (C.D. Cal. Dec. 6, 2010) (awarding prevailing defendants over $800,000 in attorneys' fees in copyright action); *Milton Greene Archives v. BPI Communications*, Case No. SA CV 04-635 (C.D. Cal.

---

[9] Although a party prevails at the summary judgment stage, courts have reimbursed fees incurred preparing for trial where, as here, the summary judgment motion remained under submission for some time and trial preparation was unavoidable.  *See Bernal*, 2010 WL 6397561, *7.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

March 9, 2006) (awarding prevailing defendants over $765,000 in attorneys' fees in copyright action);[10] *Mattel v. Walking Mountain Prods.*, 2004 U.S. Dist. LEXIS 12469 at *11 (C.D. Cal. June 24, 2004) (awarding prevailing defendants $1.6 million in fees and $240,000 in costs in copyright action); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 594 F. Supp. 2d 931, 933-934 (N.D. Ill, 2009) (granting prevailing defendants' $592,729 in fees and $66,340 in costs).

## 5.   CONCLUSION

The policies of the Copyright Act call for a fee award in this case.  Plaintiff and other would-be plaintiffs should be deterred from filing objectively baseless claims.  Defendants should be compensated for having the conviction to pursue their valid defenses to victory.  For these reasons, the Court should award Defendants $200,000 in attorney's fees.


DATED:  August 31, 2011                DAVIS WRIGHT TREMAINE LLP
                                       JAMES D. NGUYEN
                                       KAREN A. HENRY


                                       By: /s/ James D. Nguyen
                                             James D. Nguyen

                                       Attorneys for Defendants

---

[10] For the Court's reference, the *Gilbert* and *Milton Greene Archives* decisions are attached as Exhibits E and F, respectively, to the Brockett Declaration.

MOTION FOR ATTORNEYS' FEES
DWT 18048468v2 0032472-000020

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899