1 | **D**AVIS **W**RIGHT **T**REMAINE LLP
2 |   865 S. FIGUEROA ST.
   |     SUITE 2400
3 | LOS ANGELES, CALIFORNIA 90017-2566
   |   TELEPHONE (213) 633-6800
4 |     FAX (213) 633-6899

5 | JAMES D. NGUYEN (State Bar No. 179370)
   |   jimmynguyen@dwt.com
6 | KAREN A. HENRY (State Bar No. 229707)
   |   karenhenry@dwt.com

7 |
8 | Attorneys for Defendants
   | SONY PICTURES ENTERTAINMENT INC.,
9 | COLUMBIA PICTURES INDUSTRIES, INC., TRISTAR
   | PICTURES, INC., SIDNEY KIMMEL
10 | ENTERTAINMENT, LLC, SKE CREATIVE, LLC,
   | TARGET MEDIA ENTERTAINMENT, GMBH, SIDNEY
11 | KIMMEL, JAMES TAUBER, AMY BAER, WILLIAM
   | HORBERG, DIANA PHILLIPS, WONDERFUL FILMS
12 | CORP., LAWRENCE MALKIN, DEAN CRAIG, GLENN
   | S. GAINOR, PHILIP ELWAY, SHARE STALLINGS,
13 | BRUCE TOLL, FRANK OZ, CHRIS ROCK, CHRIS
   | ROCK ENTERPRISES, INC., BEHAVE PRODUCTIONS,
14 | INC., NEIL LABUTE, AEYSHA CARR, SCREEN GEMS,
   | INC., SCREEN GEMS DISTRIBUTION, INC., and
15 | PARABOLIC PICTURES INC.

16 |                    UNITED STATES DISTRICT COURT

17 |                   CENTRAL DISTRICT OF CALIFORNIA

18 |

| | |
|---|---|
| PAMELLA LAWRENCE, an individual, | ) Case No. **CV10-04737 SVW (Ex)** |
| | ) |
| | ) **DECLARATION OF JENNIFER L.** |
| Plaintiff, | ) **BROCKETT IN SUPPORT OF** |
| | ) **MOTION OF DEFENDANTS FOR** |
| vs. | ) **ATTORNEY'S FEES; EXHIBITS** |
| | ) **A-F** |
| SONY PICTURES | ) |
| ENTERTAINMENT INC., a | ) Date:    October 3, 2011 |
| Delaware corporation, et al., | ) Time:    1:30 p.m. |
| | ) Crtrm:  6 |
| Defendants. | ) |
| | ) [Notice of Motion and Motion of |
| | ) Defendants for Attorney's Fees; and |
| | ) [Proposed] Order Filed Concurrently] |
| | ) |
| | Action Filed:  July 1, 2010 |

# DECLARATION OF JENNIFER L. BROCKETT

I, Jennifer L. Brockett, declare as follows:

1.     I am an attorney admitted to practice before all of the courts of this State and am a member of the bar of the Central District of California.  I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), counsel for defendants Sony Pictures Entertainment Inc., Columbia Pictures Industries, Inc., TriStar Pictures, Inc., SKE Creative, LLC, James Tauber (erroneously sued herein as "Jim Tauber"), Amy Baer, Behave Productions, Inc., Screen Gems, Inc., Screen Gems Distribution, Inc., Chris Rock Enterprises, Inc., Wonderful Films Corp., Target Media Entertainment GmbH & Co. Filmproduktion KG, Parabolic Pictures, Inc., Aeysha Carr (erroneously sued herein as "Ayesha Carr"), Dean Craig, Philip Elway, Glenn S. Gainor, William Horberg, Sidney Kimmel, Lawrence Malkin, Diana Phillips, Chris Rock, Share Stallings, Bruce Toll, Frank Oz and Neil LaBute (collectively, "Defendants") in this matter.  I have personal knowledge of the facts stated in this declaration, and, if called as a witness, I would and could competently testify to these facts.

## A.     Plaintiff's Initial Complaint And Defendants' Motion To Dismiss.

2.     On July 1, 2010, Plaintiff filed a 217-paragraph Complaint asserting the following 18 claims against 31 separate defendants:  (1) Copyright Infringement; (2) Contributory Infringement; (3) Vicarious Infringement; (4) Unfair Competition – Lanham Act; (5) Common Law Unfair Competition; (6) Breach of Contract; (7) Tortious Breach of Confidence; (8) Quantum Meruit; (9) Fraud and Deceit; (10) Accounting; (11) Unfair Competition – Cal. Bus. & Prof. Code § 17200; (12) Intentional Interference With Prospective Economic Advantage; (13) Negligent Interference With Prospective Economic Advantage; (14) Unjust Enrichment/Restitution; (15) Gender Discrimination; (16) Violation of Cal. Bus. & Prof. Code §§ 5400, 17500; (17) Declaratory Relief Re: Termination; and (18) Injunctive Relief.  (A true and correct copy of the complaint can be found at Docket No. 3, and is incorporated by this reference as if fully set forth herein.)  With respect

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to her copyright infringement claims, Plaintiff alleged that Defendants' full-length feature films *Death at a Funeral 2007* and *Death at a Funeral 2010* infringed the copyrights in her book entitled *Caught on Video ... The Most Embarrassing Moment de Funeral, July 11, 1994* ("the Book") and a similarly titled videotape ("the Video," collectively with the Book, "*Caught on Video*").  In support of her copyright infringement claims, Plaintiff listed in the Complaint 17 allegedly similarities between *Caught on Video* and the *Death at a Funeral* films that purportedly evidenced actionable copying.

3.     In response to Plaintiff's Complaint, Defendants filed a motion to dismiss directed to all 18 causes of action, in which they argued, among other things, that Plaintiff's three copyright infringement claims failed because Plaintiff did not allege facts showing that any Defendant had copied ***protectable*** elements of the Book or Video, and because the *Death at a Funeral* films were independently created.  (A true and correct copy of the Motion to Dismiss can be found at Docket No. 42, and is incorporated by this reference as if fully set forth herein.)

4.     On January 24, 2011, at the hearing on the Motion to Dismiss, Plaintiff agreed to file a significantly narrowed amended complaint, and to abandon most of her non-copyright claims.  The Court also advised that, in any subsequent summary judgment motion, the Court intended to evaluate the copyright claims before addressing Plaintiff's supplemental state law claims.

**B.     Plaintiff's First Amended Complaint, Discovery, and Defendants' Summary Judgment Motion.**

5.     On February 14, 2011, Plaintiff filed a First Amended Complaint ("FAC"), now alleging only five claims:  (1) copyright infringement, (2) contributory infringement, (3) vicarious infringement, (4) breach of contract, and (5) fraud.  (A true and correct copy of Plaintiff's FAC can be found at Docket No. 84, and is incorporated by this reference as if fully set forth herein.)  The FAC focused on the allegations of unlawful copying by Defendants.  Plaintiff appended to her FAC a list

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of purported similarities between *Caught on Video* and the *Death at a Funeral* films that was largely identical to the list of purported similarities included in her original complaint.

6.       Defendants answered the FAC, served written discovery, and noticed Plaintiff's deposition for March 28, 2011.  Plaintiff did not appear for her deposition on that date.  Instead, in a letter mailed the day of her deposition, Plaintiff stated that she would attend her deposition on March 31, so Defendants renoticed her deposition for that date.  However, on the morning of March 31, Plaintiff telephoned me, refusing to attend any deposition, except on order of the Court.  As a result, I prepared and filed a motion to compel Plaintiff's attendance at her deposition, which was granted by the Court.  (A true and correct copy of the Motion to Compel and the Court's order granting the motion can be found at Docket Nos. 112 and 117, respectively, and are incorporated by this reference as if fully set forth herein.)  Plaintiff's deposition was taken on April 13, 2011.

7.       On May 6, 2011, Defendants filed a Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment.  The Motion primarily raised three legal grounds for granting summary judgment on Plaintiff's three copyright claims: (1) Defendants were entitled to judgment as a matter of law to the extent that Plaintiff's copyright infringement claims were based on the Video because the undisputed evidence showed that Plaintiff did not own the copyright in the Video; (2) Plaintiff's copyright infringement claims failed as to both works because no Defendant with access to *Caught on Video* was involved in the creation of the *Death at a Funeral* films; and (3) Plaintiff's copyright infringement claims failed because each element that she claimed was copied was unprotectable as a matter of law and because the uncontroverted evidence showed no similarity of copyrightable expression between *Caught on Video* and the *Death at a Funeral* films.  Defendants also sought summary judgment on Plaintiff's state law claims.  (A true and correct

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

copy of the summary judgment motion can be found at Docket No. 118, and is incorporated by this reference as if fully set forth herein.)

8. On April 14, 2011, I wrote a detailed meet and confer letter to Plaintiff that explained Defendants' position regarding why summary judgment was appropriate, and further explained that, if Defendants prevailed on their summary judgment motion, they would ask the Court to order Plaintiff to reimburse the attorneys' fees they incurred defending against Plaintiff's copyright infringement claims. (A true and correct copy of that letter is attached hereto as **Exhibit A**.)

**C.   Defendants Prevail on Their Summary Judgment Motion.**

9. Defendants' summary judgment motion was initially scheduled to be heard on June 6; however, the Court on its own motion rescheduled the hearing to June 13. Then, on June 9, the Court ordered the hearing off-calendar and took the summary judgment motion under submission. Because the matter was set for trial on June 28, 2011, Defendants had already been required to begin their trial preparation while the summary judgment motion had been pending. On June 6, 2011, Defendants filed their Memorandum of Contentions of Fact and Law, Witness List, Joint Exhibit List, and *in limine* motions.

10. Due to witness availability issues, as well as to give the Court an opportunity to rule on the motion and to avoid incurring potentially unnecessary additional costs and attorneys' fees on trial preparation work while the motion was pending, Defendants applied *ex parte* to continue the trial. (A true and correct copy of the *ex parte* application can be found at Docket No. 142, and is incorporated by this reference as if fully set forth herein.) On June 13, the court granted the *ex parte* application and continued the trial to September 6, 2011, allowing Defendants to stop trial preparation.

11. Defendants largely ceased work at that point, to avoid incurring needless expense. However, in light of the September 6 trial date and the number of Defendants and other witnesses, Defendants resumed trial preparation in mid-July,

BROCKETT DECLARATION IN SUPPORT OF DEFENDANTS' FEE MOTION
DWT 18094659v4 0032472-000020

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

completing the proposed jury instructions and special verdict forms, drafting a Final Pretrial Conference Order and Trial Brief, and replying to Plaintiff's opposition to the *in limine* motions.

12.   On July 28, 2011, the Court issued its Order Granting Defendants' Motion for Summary Judgment on Copyright Claims, ruling in Defendants' favor on each copyright issue raised in the motion.  The Court dismissed Plaintiff's supplemental state law claims for lack of subject matter jurisdiction.  (A true and correct copy of the Order can be found at Docket No. 156, and is incorporated by this reference as if fully set forth herein.)  Judgment was entered in Defendants' favor on August 17, 2011.  (A true and correct copy of the Judgment can be found at Docket No. 161, and is incorporated by this reference as if fully set forth herein.)

**D.    Defendants' Counsel**

13.   DWT is a national law firm of approximately 500 lawyers. The firm (and its Los Angeles office in particular) is well-known nationally for its First Amendment, media law, and intellectual property litigation practice.  In addition to Sony Pictures Entertainment, Inc., Columbia Pictures Industries, Inc., and TriStar Pictures, Inc., the firm's clients in these areas include Paramount Pictures, CBS Broadcasting, CNN, HBO, the *Los Angeles Times*, the *New York Times*, Discovery Communications, E! Entertainment Television, Viacom, Playboy Entertainment Group, Village Voice Media, Simon & Schuster, and Random House.

**E.    The Litigation Team**

14.   In addition to me, Defendants' litigation team consisted of James D. Nguyen, Karen A. Henry, Howard L. Rose, and paralegal Kristina Roth.  Complete biographical information for each team member is attached hereto as **Exhibit B**.  Mr. Nguyen joined DWT in Spring 2011 as a partner in the firm.  He became part of the litigation team to act as first chair for Defendants at trial (should trial occur).

15.   I am a 1997 UCLA Law School graduate, with trial experience. My practice has included intellectual property litigation from the outset.  For example, in

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2003-2004, I successfully represented Columbia Pictures as one of the trial counsel in actions regarding the ownership of the copyrights in 39 classic Spanish-language motion pictures starring the Mexican actor, Cantinflas.  Columbia Pictures prevailed after a three-week trial, and prevailed on appeal.  *See Ivanova v. Columbia Pictures Industries, Inc*., 387 F. 3d 1099 (9th Cir. 2004); *Laparade v. Columbia Pictures Industries, Inc*., 217 F.R.D. 501 (C.D. Cal. 2003).  I also successfully represented VNU Business Media, Inc. in *Milton H. Greene Archives, Inc. v. BPI Comm'ns, Inc*., CV04-0635 GLT (MLGx), where the book publisher obtained a substantial award of attorneys' fees against a copyright infringement claim by establishing that photographs of Marilyn Monroe appearing in a biography were in the public domain. In addition to these matters, I have represented Showtime, CBS, WebQuest and many other clients in intellectual property litigation.  I am a member of the State Bar's Intellectual Property Section, and the primary drafter of the CACI trade-secret jury instructions, which are required for use in all trade secret cases in California.  I am a member of the Los Angeles Copyright Society, a past chair of the State Bar Committee on the Administration of Justice, and served on the State Bar Federal Courts Committee from 2007 to 2010.  I also am on the Board of Directors of the Los Angeles Center for Law and Justice, and am presently serving my second term as its Secretary.

16.   **James D. Nguyen**, is a 1995 graduate of the University of Southern California Law Center.  He has over 16 years of litigation experience, and has first-chaired jury and bench trials, handled arbitrations, and argued appeals.  Mr. Nguyen's substantive experience spans copyright, trademark, domain name, patent, trade secret, advertising, privacy, and unfair competition law.  A prominent member of the IP and entertainment legal communities, Mr. Nguyen is currently the Immediate Past Chair of the IP Law Section of the State Bar of California and is former co-chair of the Beverly Hills Bar Association's IP, Internet and New Media section.  He has received numerous professional accolades, including being honored

BROCKETT DECLARATION IN SUPPORT OF DEFENDANTS' FEE MOTION
DWT 18094659v4 0032472-000020

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

as "IP Lawyer of the Year" by the Century City Bar Association in 2011; being selected to Law & Politics "Southern California Super Lawyers" in Intellectual Property from 2005 to 2011; being named one of the "500 Leading Lawyers in America" by *Lawdragon* in 2008; and named as one of the "Top 20 Lawyers Under 40 in California" by the Daily Journal in 2010.

17.   **Karen A. Henry** was admitted to the bar in 2003 and is a graduate of Southwestern University School of Law, with more than eight years of experience in intellectual-property and First Amendment litigation.

18.   **Howard Loring Rose**, who was admitted to the bar in 2007, is a graduate of Loyola Law School, with more than 4 years of litigation experience.

19.   **Kristina Roth** received her Paralegal Certificate from the University of California Los Angeles in 2000, and has significant experience as a litigation paralegal.  The hourly rates of the litigation team are reflected in the chart below, and are justified by each team member's level of experience, skill and qualifications as described above:

| **Timekeeper** | **Position/ Class Year** | **Hourly Rate in 2010** | **Hourly Rate in 2011** |
|---|---|---|---|
| James D. Nguyen | Partner/1995 | n/a | $585.00 |
| Jennifer L. Brockett | Partner/1997 | $415.00 | $465.00 |
| Karen A. Henry | Associate/2003 | $345.00 | $390.00 |
| Howard L. Rose | Associate/2007 | $295.00 | $325.00 |
| Kristina Roth | Paralegal/2000 | $75.00 | $125.00 |

**F.   DWT's Billing Statements**

20.   I am familiar with DWT's record keeping and billing system and am aware of the methods by which DWT tracks attorney and paralegal time.  The firm's invoices show daily entries from each timekeeper with descriptions of all of the work performed by each professional on each day.  The attorney and paralegal fees expended on this action, as well as the costs incurred by Defendants were reasonable

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

BROCKETT DECLARATION IN SUPPORT OF DEFENDANTS' FEE MOTION
DWT 18094659v4 0032472-000020

and necessary for the defense of Plaintiff's copyright infringement litigation against Defendants.  I reviewed the invoices generated by the firm's computerized billing program and the legal services described in the invoices were actually and necessarily performed.  As to each invoice, either the fees and costs have been paid or the obligation for payment has been incurred and remains outstanding.

21.    Attached as **Exhibit C** are true and correct copies of DWT's invoices for legal services rendered in this action from inception through and including July 31, 2011.  These invoices have been redacted to protect confidential client communication and other protected information.

22.    As the invoices attached in Exhibit C reflect, Defendants have incurred through July 31, 2011 over $345,000 in attorney's fees.  Our team members have billed a total of over 892.7 hours on this case:  55.6 hours by Mr. Nguyen; 340 hours by me; 192.8 hours by Ms. Henry; 236.2 hours by Mr. Rose; and 68.1 hours by Ms. Roth.  (These fee and billed hour numbers do <u>not</u> include any work in August 2011 – including, most notably, to prepare this motion for attorney's fees.  If August 2011 fees were added, the amount would be higher.)  Based upon my review of the invoices and my knowledge of the work that went into defense of this case, I estimate that approximately 20% of the fees incurred were attributable to the state law claims (beyond work our team would have had to perform anyway to defeat the copyright infringement claims).  Thus, I estimate that approximately $276,000 in fees were incurred with respect to the copyright infringement claims.  While Defendants believe that an award of their full attorney's fees would be justified, by this motion, Defendants only seek an attorney's fee award of $200,000.

23.    Attached to this declaration as **Exhibit D** is a true and correct copy of Mr. Nguyen's August 22, 2011 letter to Plaintiff in compliance with Local Rule 7-3 discussing the substance of Defendants' fee motion and suggesting a potential resolution.  Plaintiff did not respond to this letter.

BROCKETT DECLARATION IN SUPPORT OF DEFENDANTS' FEE MOTION
DWT 18094659v4 0032472-000020

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

24.     Attached to this declaration as **Exhibit E** is a true and correct copy of the December 6, 2010 Order Re Defendants' Motion for Attorneys' Fees and Costs in *Gilbert v. New Line Productions, Inc*., Case No. 2:09-cv-02231-HGK-RZ (C.D. Cal. Dec. 6, 2010).

25.     Attached to this declaration as **Exhibit F** is a true and correct copy of the March 8, 2006 Order Granting Defendant VNU's Motion for Attorneys' Fees and Costs in *Milton Greene Archives v. BPI Communications*, Case No. SA CV 04-635 (C.D. Cal. March 9, 2006).

Executed this 31st day of August, 2011 at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____
/ s /
Jennifer L. Brockett

BROCKETT DECLARATION IN SUPPORT OF DEFENDANTS' FEE MOTION
DWT 18094659v4 0032472-000020

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A



Suite 2400
865 South Figueroa Street
Los Angeles, CA 90017-2566

**Jennifer Brockett**
213.633.6860 tel
213.633.6899 fax

jenniferbrockett@dwt.com

April 14, 2011

*Via Electronic Mail & U.S. Mail*

Pamella Lawrence
3183 Wilshire Boulevard, Suite #196-C43
Los Angeles, CA 90010

      Re:    <u>Pamella Lawrence v. Sony Pictures Entertainment, Inc., et al.</u>

Dear Ms. Lawrence:

      I am writing to meet and confer with you pursuant to Local Rule 7-3 regarding a Motion for Summary Judgment or Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (the "Motion") that we intend to file on behalf of the Defendants in this Action.

      By this Motion, Defendants will ask the Court to enter Judgment against you and in favor of the Defendants on all causes of action set forth in the First Amended Complaint (the "FAC"). We anticipate filing this Motion no later than Monday, April 25, 2011, with a hearing date of Monday, May 23, 2011. Under this schedule, your opposition will be due on **Monday, May 2, 2011**. Please understand that, due to the June 28, 2011 trial date, and the many dates and deadlines leading up to that trial date, we *cannot* agree to any extension of the hearing date or the date on which your Opposition will be due, and will oppose any request for any such extensions.

      The Motion will be made on the grounds discussed below.

**1.      Copyright Causes of Action**

      Defendants anticipate seeking Judgment against you on the copyright causes of action (the first, second and third causes of action) for the following reasons:

      *First*, you do not have standing to claim copyright infringement based upon the video *Caught on Video . . . the Most Embarrassing Moment de Funeral July 11, 1994* (the "Video"). Specifically, copyright ownership may only be transferred by a writing signed by the author of the work; in this case, the author of the Video is the videographer Orlando Usher. You testified that Mr. Usher has never signed anything transferring any rights to you. However, an assignment of copyright must be in writing. *See* 17 U.S.C. § 204(a). Moreover, you testified that Mr. Usher told you, by telephone, that you could use the video as you saw fit. However, the

Anchorage
Bellevue
Los Angeles

New York
Portland
San Francisco

Seattle
Shanghai
Washington, D.C.

www.dwt.com

Pamella Lawrence
April 14, 2011
Page 2

mere right to use a work is not a transfer of copyright ownership. As one court explained, "[a]
'transfer of copyright ownership' is an assignment, mortgage, exclusive license, or any other
conveyance, alienation, or hypothecation of a copyright, whether or not it is limited in time or
place of effect, but not including a nonexclusive license." *I.A.E., Incorporated v. Paul D.
Shaver*, 74 F.3d 768, 775 n.5 (7th Cir. 1996). By contrast, "a license means only leave to do a
thing which the licensor would otherwise have a right to prevent." *Id.*, quoting *Western Elec.
Co. v. Pacent Reproducer Corp.*, 42 F.2d 116, 118 (2d Cir.), *cert. denied*, 282 U.S. 873, 75 L.
Ed. 771, 51 S. Ct. 78 (1930). Because the transfer from Mr. Usher to you was only oral and not
in writing, and because he transferred to you only the right to use the Video, but not the *exclusive*
right to use the Video, you are not the owner of the video. And only the owner of an exclusive
copyright may sue for infringement. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d
1137, 1144 (9th Cir. 2008).

    *Second*, at your deposition you brought your copyright registration for the Video;
however, that registration incorrectly identifies you as the author of the Video. You also stated
that you identified yourself as the author of the Video. However, under the Copyright Act,
except for "works for hire," the "author is the party who actually creates the work, that is, the
person who translates an idea into a fixed, tangible expression entitled to copyright protection."
*Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). For the Video, that
means that the author is Mr. Usher. Accordingly, your application for copyright registration
falsely states that you are the author of the Video. This false statement may invalidate the
registration entirely.

    *Third*, there is no direct evidence that any of the Defendants except Gareth Wigan, Amy
Baer, Sony Pictures Entertainment Inc., Columbia Pictures Industries, Inc., and TriStar Pictures,
Inc. had access to Video or to the book *Caught on Video . . . the Most Embarrassing Moment de
Funeral July 11, 1994* (the "Book", and collectively with the Video, "*Caught on Video*"). To
the contrary, every other Defendant will provide evidence that he, she or it did not have any
access to *Caught on Video*, and never saw either the video or the book.

    As Judge Wilson recently explained:

            To prove access, Plaintiff must show that the Defendants
        had a reasonable opportunity or reasonable possibility of viewing
        Plaintiff's work prior to the creation of the infringing work.
        Reasonable access requires more than a bare possibility, and may
        not be inferred through mere speculation or conjecture. In order to
        support a claim of access, a plaintiff must offer significant,
        affirmative and probative evidence.

Pamella Lawrence
April 14, 2011
Page 3

*Gable v. NBC*, 727 F. Supp. 2d 815, 824 (C.D. Cal. 2010) (citations and quotation marks
omitted). In part due to the lack of any evidence of access by the defendants, Judge Wilson
granted summary judgment to the defendants in *Gable*. *Id.* at 831. Your claim that any other
defendants had access to the Book or Video is based on even thinner speculation than the
conjecture rejected in *Gable*: the fact that some of the defendants are, like Gareth Wigan,
British, and the fact that the Defendants all are active participants in the motion picture industry.

    *Fourth*, conversely, there is no evidence that Amy Baer had any involvement in either
version of *Death at a Funeral*. Rather, she will testify that she had no input or involvement
whatsoever with either film. Accordingly, she did not engage in any infringing activity, and
judgment must be entered in her favor.

    *Fifth, Death at a Funeral* was an entirely independent creation, developed without any
reference to *Caught on Video*. Dean Craig will testify that the 2007 version of *Death at a
Funeral* was his independent creation, inspired by the life experiences of his family and friends.
Chris Rock and Aeysha Carr will testify that it was Rock's idea to remake *Death at a Funeral*
with an African-American cast, that Rock brought the idea of the remake to Sony and SKE, and
that Rock and Carr based the rewrite of the script for the 2010 version solely upon the prior 2007
*Death at a Funeral* script and their knowledge of American and African-American vernacular.
Thus, the 2010 version of *Death at a Funeral* also was created entirely independently from
*Caught on Video*.

    *Sixth*, for the reasons detailed more fully in the Expert Report and Declaration of Richard
Walter, which has been previously provided to you, there is no substantial similarity between
*Caught on Video*, on the one hand, and the 2007 and 2010 versions of *Death at a Funeral*, on the
other hand. In Mr. Walter's words, he has "never seen a more meretricious case," "the plot of
*Death at a Funeral* is significantly dissimilar to the plot of Plaintiff's works, the "sequence of
events are widely divergent," the "moods are substantially dissimilar," "the pace in these two
works is not similar but distinctly and substantially dissimilar," "Plaintiffs' works contain no
novel or unique words, phrases, figures of speech or uses of dialogue that appear in either *Death
at a Funeral* film," "there is no similarity of any protectable expression relative to setting," and
"Plaintiff's works share no characters with *Death at a Funeral* except at the most generic [and
unprotectable] level." (*See* Walter Declaration ¶¶ 6, 9, 25 31, 35.) Moreover, Professor Walter
concluded that none of the alleged similarities identified by you establish any similarity of
protectable expression. (*Id.* ¶¶ 39-42.) For these reasons, summary judgment should be granted
in favor of all Defendants on each of the copyright claims.

Pamella Lawrence
April 14, 2011
Page 4

### 2.     The Claims of Fraud and Breach of Contract

The Defendants also intend to move for summary judgment on the non-copyright causes
of action.

Your Fourth Cause of Action (**Breach of Contract**) appears to allege that Amy Baer,
Gareth Wigan,[1] Columbia, TriStar, and Sony Pictures Entertainment breached an agreement with
you to pay you and give you credit for any works based upon *Caught on Video*.   However, you
testified that you were "in negotiations" with these defendants and there was no agreement as to
what you would do or what you would be paid.   There was never any offer.   Under the law, this
is not a contract.   As California's Supreme Court explained more than half a century ago,
"neither law nor equity provides a remedy for breach of an agreement to agree in the future.
Such a contract cannot be made the basis of a cause of action." *Autry v. Republic Productions,
Inc.,* 30 Cal. 2d 144, 151-152 (Cal. 1947).

Moreover, for the reasons set forth above, *Death at a Funeral* is not based upon *Caught
on Video*, but is instead the independent creation of Dean Craig.   Accordingly, there has been no
breach.   In addition, the only agreement alleged between the parties was released by your prior
Settlement Agreement.

Finally, the Fifth Cause of Action (**Fraud & Deceit**), brought against all Defendants,
appears to be based upon Columbia's allegedly fraudulent acquisition of your pitch materials.
However, there is no evidence of any of the elements of a claim for fraud and, moreover, any
such claim was released by the parties' prior Settlement Agreement.

* * * * *

The need for Defendants' Motion can be eliminated only if you agree to dismiss your
Complaint.   Continuing to pursue your Complaint despite the issues raised above amounts to a
frivolous disregard of the facts and the law.   You should be aware that a defendant that
successfully obtains judgment on a copyright infringement action may receive an award of its
attorneys' fees incurred in the defense of the action. *Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir.
1994).   In determining whether to award fees, the court should first consider "the degree of
success obtained" and then apply a list of factors, including "frivolousness, motivation,
objective unreasonableness (both in the factual and legal components of the case) and the need in
the particular circumstances to advance the considerations of compensation and deterrence." *Id.*
Moreover, differences in financial position are not a factor to consider in determining whether an
award of fees serves the purposes of the Copyright Act. *See Lotus Dev. Corp. v. Borland Int'l*

---

[1]  Misspelled as "Wiggan" in the First Amended Complaint.

DWT 16840116v4 0032472-000020

Pamella Lawrence
April 14, 2011
Page 5

*Inc.*, 140 F.3d 70, 75 (1st Cir. 1998).  Forcing Defendants to incur the expense of preparing the Motion will greatly increase the amount of attorneys' fees incurred by Defendants, and may ultimately result in a judgment against you for those fees.

      If you would like to further meet and confer regarding Defendants' anticipated motion, please do not hesitate to contact me.

Very truly yours,

Davis Wright Tremaine LLP

Jennifer L. Brockett

DWT 16840116v4 0032472-000020

# EXHIBIT B


**DavisWright Tremaine LLP**

## James D. (Jimmy) Nguyen

Jimmy Nguyen is a "360 degree" lawyer who handles complex litigation, transactions, and counseling work involving intellectual property, entertainment, new media, sports, advertising, privacy, and technology. He is a prominent thought leader for issues involving the Internet, social media, mobile devices, and other evolving media technologies.

Jimmy represents clients in diverse industries spanning entertainment and media, sports, Internet gaming, video games, technology, fashion, consumer products, toys, retail, automotive, and financial services. His clients include AllianceBernstein, BBC Worldwide Americas, the Bodog gaming and entertainment organization, CBS Films, Del Monte Foods Company, Hot Topic, Journal Communications, Kia Motors America, and LEGO Group.

As a litigator, Jimmy has first-chaired jury and bench trials; handled arbitrations, TTAB and UDRP proceedings; and argued appeals. His substantive experience spans copyright, trademark, domain name, patent, trade secret, advertising, privacy, and unfair competition law. Jimmy has also handled significant commercial litigation.

As a valued business advisor, Jimmy helps clients develop, protect, distribute and monetize their IP, entertainment, media, technology, and content assets. He routinely counsels clients and handles a broad range of transactions involving such subject matter.

Jimmy also assists clients with advertising, marketing, and promotions. He provides guidance on media buys; advertising copy; sweepstakes and contests; regulatory compliance; endorsement, sponsorship, product placement, and brand integration deals; email, mobile, and social media marketing; privacy issues; and online behavioral advertising.

More uniquely, Jimmy has experience with digital and online gaming. He has advised about IP, Internet, advertising, and regulatory issues affecting this growing global industry—including implications for sweepstakes and contests, promotional activity in traditional media, the Wire Act, and the Unlawful Internet Gambling Enforcement Act (UIGEA).

Jimmy was born in Saigon, Vietnam, the son of a *magistrat* judge under South Vietnam's French civil law system. His family fled the night before Saigon fell in April 1975, and rebuilt life in the United States. A precocious achiever with a life history of excelling early, Jimmy graduated college from UCLA at age 19 and law school at 22. Competing for Mt. San Antonio College, he was a seven-time national gold medalist in collegiate speech competition and two-time winner of the top overall speaker award at the Phi Rho Pi national tournament. Jimmy attended law school at the University of Southern California on a full scholarship and was the youngest member of his class. There, he was champion and chair of the Hale Moot Court Honors Program, and champion of the 1995 Jerome Prince National Evidence Moot Court Competition.



**James D. (Jimmy) Nguyen**

*Partner*
jimmynguyen@dwt.com
213.633.8643 direct
213.633.6899 fax

Suite 2400
865 South Figueroa Street
Los Angeles, California 90017

**Related Practices**
Intellectual Property
Intellectual Property Litigation
Copyright
Trademark
Communications, Media & Technology
Entertainment Transactions
Digital Media
Advertising, Marketing & Promotions
Privacy & Security
Complex Commercial Litigation

**Related Industries**
Internet and E-Commerce
Entertainment
Software & Technology
Games
Publishing
China



Today, Jimmy is a prolific speaker, writer, and commentator on IP, new media, and diversity topics. A bar leader, and diversity advocate, Jimmy has chaired the State Bar of California's IP Law Section and co-chaired the California Minority Counsel Program. Active in the LGBT community, he serves on the Board of Equality California.

In 2008, Lawdragon named Jimmy (at only age 36) to its list of "500 Leading Lawyers in America"; it summed him up well as a "dynamo talent [who] is a one-stop shop for companies in entertainment, technology, advertising, sports and other industries seeking IP, litigation and transactional advice."

**Practice Highlights**

*Litigation*

- Lead trial counsel in two federal jury trials and two 9th Circuit appeals in trademark case pitting Quiksilver's ROXY mark for juniors' clothing against client's ROXYWEAR mark
- Defended media and Internet gaming businesses in patent litigation involving digital media and electronic patents
- Defended Bodog worldwide gaming and entertainment organization in litigation over its trademark and to reclaim 3000+ domain names
- Represented Major League Baseball Properties and certain MLB Clubs in trademark and copyright disputes and litigation
- Represented producer of "The Zula Patrol" children's TV series in litigation over publishing agreement for educational kits
- Helped represent Marvel Entertainment in cutting-edge copyright suit over "City of Heroes" massively multiplayer online role playing game
- Defended home video distribution company in business litigation over accounting under a motion picture distribution agreement
- Represented Usenet service to defend a copyright action over photographs accessible through the service, and to prosecute a declaratory judgment action to invalidate an agreement predating enactment of the DMCA
- Handled domain name disputes, UDRP actions, and anti-cybersquatting litigation for ISP, financial services companies, and online entertainment business
- Successfully litigated trade secret cases for dosimetry, transportation permit, and other technology companies
- Prevailed in preserving amateur eligibility for two sports officials in sports arbitration proceedings and appeal before the U.S. Figure Skating Association

*Counseling and transactions*

- Leads outside counsel team handling a full range of advertising, marketing, and promotions work for Kia Motors America

**James D. (Jimmy) Nguyen**

*Partner*
jimmynguyen@dwt.com
213.633.8643



- Serves as entertainment counsel for the LEGO Group, working on deals for film, television, home video, Internet, and video game projects based upon LEGO properties
- Acts as new media transactional counsel for Journal Communications and its publishing and broadcast media entities
- Counsels on IP matters for AllianceBernstein, L.P., the New York-based financial services company
- Manages IP portfolio for the Bodog online gaming organization
- Advises clients about Internet gambling issues, and impact on sweepstakes, contests and media activities
- Handled production legal work for the 2010 Major League Baseball All-Star Game
- Led U.S. entertainment production legal work for the 2007 Special Olympics World Summer Games in Shanghai, China
- Devised strategy and managed legal work to create a mixed martial arts sports league
- Provided counsel and handled transactions for development of virtual world related to certain toy products
- Advises companies operating on the Internet about privacy, online behavioral advertising, copyright, DMCA, and Communications Decency Act issues; structured Terms of Service and Privacy Policies for client websites
- Helped clients in video, music, game, and publishing worlds launch user-generated content services
- On behalf of content owners, handled deals for distribution of video content and creation of branded channels on Internet platforms such as Hulu, Joost, and AOL Video
- Negotiated celebrity endorsement and merchandise brand licensing deals for game technology, automotive, golf equipment, homeopathic product, and pharmaceutical companies

**Additional Qualifications**

- Partner, Wildman Harrold, Allen & Dixon LLP, Beverly Hills, 2008-2011
- Partner, Co-chair (and Co-founder), Entertainment & Media Industry Team, Vice Chair, Intellectual Property Litigation Practice, 2004-2008; Associate and then Senior Counsel, 1995-1997, 1998-2004 – Foley & Lardner LLP, Los Angeles

**Presentations**

"Evolving Distribution Models in the New Media Age: Opportunities & Risks," Los Angeles Chief Legal Officer Roundtable, Association of Media & Entertainment Counsel, 07.20.11

"Five Things You Need to Know About Licensing," Understanding Copyright Law in the Data Era, Practising Law Institute, San Francisco, 07.11.11

"Legal 101," 3rd National Asian American Theater Conference and Festival, Los Angeles, 06.22.11

**James D. (Jimmy) Nguyen**

*Partner*
jimmynguyen@dwt.com
213.633.8643



Moderator, "New Gaming Worlds: The Rewards and Risks of Online and
Social Games," IP in Entertainment & Media: New Worlds, The State Bar
of California, Beverly Hills, Calif., 06.16.11

"Ethics: Social Media, Discovery and Privilege Issues," International
Trademark Association Annual Meeting, San Francisco, 05.16.11

 "State of Evolving Media 2011: Trends in Digital Entertainment Content
Distribution," Alliance of Motion Picture and Television Producers,
Sherman Oaks, Calif., 05.02.11

"State of Evolving Media 2011," MTV Networks Business and Legal
Affairs Team, Santa Monica, Cailf., 04.29.11

"State of Evolving Media 2011," Generate legal and business team, Santa
Monica, Calif., 03.22.11

"State of Evolving Media 2011," NBC Universal/Comcast Interactive legal
and business team, Los Angeles, 03.15.11

"TV Alternatives: Gadgets & Gizmos Aplenty," 2011 UCLA Entertainment
Law Symposium, Los Angeles, 03.11.11

"Advertising Law Training," In-house training session, Kia Motors
America, Inc., Irvine, Calif., 02.18.11

"Trends in New Media Law," 7th Annual Conference on Film, TV & New
Media Law: New Models and Approaches in Entertainment, CLE
International, Hollywood, Calif., 01.28.11

"State of Evolving Media 2011," Beverly Hills Bar Association, Beverly
Hills, Calif., 01.27.11

"State of Evolving Media 2010," ITV Studios legal and business team,
Sherman Oaks, Calif., 12.02.10

Moderator, "UGC on a Global Stage: International Update on Secondary
Liability for Copyright Infringement," State Bar of California's 35th Annual
IP Institute, Napa, Calif., 10.30.10

Moderator, "There's Beauty in Action: From the Desk of the General
Counsel," California Minority Counsel Program 21st Annual Business
Conference, San Francisco, 10.01.10

Moderator, "Protecting Content Owners' IP Rights in a Digital Age," Chief
Legal Officer Roundtable, Association of Media & Entertainment Counsel,
New York, N.Y., 09.22.10

Co-speaker, "Navigating Legal Minefields in IP Valuation: New Case
Law," Summit on Best Practices in Valuing Intellectual Property, Business
Valuation Resources, LLC and Morningstar Valuation Services, Chicago,
09.16.10

Panelist, "Roles in Valuing IP: A Case Study," Summit on Best Practices
in Valuing Intellectual Property, Business Valuation Resources, LLC and
Morningstar Valuation Services, Chicago, 09.15.10

Co-speaker, "Approaching Web and Mobile 3.0: The Practical Evolution
of a Digital Marketing Campaign," CLE presentation to Oprah Winfrey
Network legal and marketing teams, Los Angeles, Calif., 06.18.10

James D. (Jimmy) Nguyen

*Partner*
jimmynguyen@dwt.com
213.633.8643



Moderator, "Pioneering Motion Picture Distribution in the Digital Frontier," Entertainment Symposium 2010, Century City Bar Association, Los Angeles, 04.28.10

"2010 State of Evolving Media Address," Journal Communications, Inc., Milwaukee, 04.16.10

Co-speaker, "Online, Mobile & Social Media: Navigating the Changes," CLE presentation to Mattel, Inc. legal department, El Segundo, Calif., 03.31.10

Panelist, "Grand Slam or Foul Ball...Social Networking for Lawyers," Joint CLE program from State Bars of Arizona and California, Scottsdale, Ariz., 03.06.10

Panelist, "The Digital Technology (R)evolution: Maximizing Opportunities for Revenue for Digital Distribution of Filmed Entertainment," 2010 UCLA Entertainment Law Symposium, Los Angeles, 02.27.10

"2010 State of Evolving Media Address," Beverly Hills Bar Association, Beverly Hills, Calif., 01.28.10

Guest lecturer, "2009 State of Evolving Media Address," course on Trends in Television and Emergence of Multiplatform & Evolving Media, UCLA School of Theater, Film and Television, Los Angeles, 01.04.10

Co-speaker, "Attorney-Client Privilege in the Digital Age," CLE presentation to Image Entertainment, Inc., Chatsworth, Calif., 12.14.09

Co-speaker, "State of Evolving Media: Business & Marketing Issues in the Digital Realm," United Talent Agency, Beverly Hills, Calif., 12.10.09

Co-speaker, "State of Evolving Media: Business & Marketing Issues in the Digital Realm," CLE presentation to NBC Universal business & legal affairs team, Universal City, Calif., 11.30.09

Co-speaker, "State of Evolving Media: Business & Marketing Issues in the Digital Realm," CLE presentation to NBC Universal business & legal affairs team, Universal City, Calif., 11.30.09

Moderator, "Client Town Hall," State Bar of California's 34th Annual IP Institute: IP in Vogue, Dana Point, Calif., 11.13.09

Co-speaker, "Fictional Characters in Traditional and Evolving Media," CLE presentation to Sony Pictures Entertainment legal team, Los Angeles, 10.23.09

Co-speaker, "Digital Laissez-Faire? Copyright Fair Use and Transformation in the New World of Entertainment," Technology and Entertainment Convergence 2009: Hot Business and Legal Issues in "Technotainment," Practising Law Institute, San Francisco, 09.23.09

"Copyright Issues with the Internet & Evolving Media," 2009 DuPont Intellectual Property Continuing Legal Education Seminar, Wilmington, Del., 09.21.09

Co-speaker, "Digital Laissez-Faire? Copyright Fair Use and Transformation in the New World of Entertainment," Technology and Entertainment Convergence 2009: Hot Business and Legal Issues in "Technotainment," Practising Law Institute, New York, N.Y., 09.09.09

**James D. (Jimmy) Nguyen**

*Partner*
jimmynguyen@dwt.com
213.633.8643



"2009 State of Evolving Media Address: Business Trends, Legal Developments and Practical Solutions for Exploiting Content in the Era of Evolving Media," CLE presentation to CBS legal team, Los Angeles, 07.27.09

Moderator, "Internet Image: Right of Publicity Issues on the Internet," IP in Entertainment & Media conference, California State Bar IP section, Beverly Hills, Calif., 06.25.09

Co-speaker, "The Power of the LGBT Audience in an Evolving Media World," Chicago Citywide Pride Event, Chicago, 06.08.09

"The Year in Review – The Most Important Trademark Cases Before the Federal Courts and the TTAB in 2008-2009," Advanced Seminar on Trademark Law, Practising Law Institute, New York, N.Y., 05.01.09

"2009 State of Evolving Media Address: Business Trends, Legal Developments and Practical Solutions for Exploiting Content in the Era of Evolving Media," CLE presentation to MTV Networks legal team, New York, N.Y., 04.29.09

Guest lecturer, "2009 State of Evolving Media Address," UCLA School of Theater, Film and Television, Los Angeles, 04.09.09

"2009 State of Evolving Media Address: Business Trends, Legal Developments and Practical Solutions for Exploiting Content in the Era of Evolving Media," CLE presentation to Fox Cable Networks legal team, Los Angeles, 04.08.09

"Entertainment and Games on Web 2.0," Information Technology Law Institute, Practising Law Institute, San Francisco, 04.02.09

Panelist, "Web 2.0: Copyright Issues for the Next Internet Paradigm," 2009 Minority Corporate Counsel Association 8th Annual CLE Expo, Chicago, 03.19.09

"2009 State of Evolving Media Address: Business Trends, Legal Developments and Practical Solutions for Exploiting Content in the Era of Evolving Media," Journal Communications, Inc., Milwaukee, 03.17.09

"2009 State of Evolving Media Address: Business Trends, Legal Developments and Practical Solutions for Exploiting Content in the Era of Evolving Media," CLE presentation to Image Entertainment, Inc., Chatsworth, Calif., 03.09.09

Guest lecturer, "2009 State of Evolving Media Address," UCLA School of Theater, Film and Television, Los Angeles, 02.09.09

Moderator, "State of Evolving Media: Turning Magic Into Money," MediaMorphosis 2009, Beverly Hills, Calif., 02.03.09

"2009 State of New Media Address," Beverly Hills Bar Association, Beverly Hills, Calif., 01.29.09

Co-speaker, "Expressively Digital: Legal Developments and Practical Solutions for Exploiting Content in the Era of 'Digital Expression'," CLE presentation to Business & Legal Affairs Department of Disney, ABC Cable Networks Group, Burbank, Calif., 10.23.08

James D. (Jimmy) Nguyen

*Partner*
jimmynguyen@dwt.com
213.633.8643



Co-speaker, "Hot Topics in Copyright," Intellectual Property Owners Association 2008 Annual Meeting, San Diego, Calif., 09.22.08

Co-speaker, "User Generated Content: Copyright Issues in a 'Do It Yourself' World," Technology and Entertainment Convergence 2008: Business and Legal Issues For the Next Stage of "Technotainment," Practising Law Institute, San Francisco, 09.17.08

"The Year in Review – The Most Important Trademark Cases Before the Federal Courts and the TTAB in 2007-2008," Advanced Seminar on Trademark Law, Practising Law Institute, New York, N.Y., 07.16.08

Moderator, "La Vida Virtual: Hot IP Issues in Virtual Worlds and Online Games," IP in Entertainment & Media Conference, California State Bar IP section, Beverly Hills, Calif., 06.25.08

Co-speaker, "Turning Magic into Money: Practical Business Strategies for Industry Revolution," Convergence Tokyo 2008 New Media Conference, Tokyo, Japan, 06.10.08

Panelist, "Collapsing Boundaries: Technology, Communications, and Entertainment Delivery," Inter-Pacific Bar Association 18th Annual Conference, Los Angeles, 04.29.08

Panelist, "Evolving Distribution Models," Hollywood & Digital: The Integration of Entertainment and Technology, UCLA Extension Spring 2008 Program, Los Angeles, 04.21.08

Panelist, "Virtual Insanity: Trademark and Copyright Law in the Online World," International Trademark Association, Advanced Trademark Symposium 2008, Grapevine, Texas, 03.17.08

Moderator, "The Digital Domain: What's Next," 2008 UCLA Entertainment Law Symposium, Los Angeles, 03.01.08

Moderator, "The WGA on Strike: A Legal and Practical Update," Webinar, 01.16.08

Panelist, "As the Digital World Turns: Legal and Business Issues Related to New Media Platforms," National Asian Pacific American Bar Association Convention, Las Vegas, 11.17.07

"New Media Business in the U.S.: Strategic Alliances," UCLA Extension Program, entertainment and media executives from South Korea, Los Angeles, 11.09.07

"Pencils Down! Webinar about the 2007 WGA Strike," Association of Media & Entertainment Counsel and Foley & Lardner LLP, 11.08.07

Moderator, panelist, "Join or Be Enjoined: Injunctive Relief Strategies in IP Cases," Guarding the Treasure: IP Valuation and Remedies, New York, N.Y., 10.29.07

Moderator, "Turning Magic into Money: What Is and Is Not Working in New Media Business Models," Convergence 2007: New Media on a Global Economic Stage, Beverly Hills, Calif., 10.16.07

"Hot Topics in Copyright," 2007 DuPont Intellectual Property Continuing Legal Education Seminar, Wilmington, Del., 09.25.07

James D. (Jimmy) Nguyen

*Partner*
jimmynguyen@dwt.com
213.633.8643



Moderator, "The Intellectual Property Challenges of User Generated Content," Association of Media and Entertainment Counsel, New York, N.Y., 09.19.07

Moderator, "Content Licensing in the Digital and New Media Age: A Workshop," Intellectual Property for In-House Counsel, California State Bar IP section, Beverly Hills, Calif., 05.22.07

"Notable Federal Court and TTAB Trademark Decisions, 2006-2007," Advanced Seminar on Trademark Law, Practising Law Institute, New York, N.Y., 05.15.07

"It's All About the User!: Legal and Business Challenges with User Generated Content for Multiplatform Media Companies," CLE presentation to Univision Communications, Inc. Legal Department, Los Angeles, 04.27.07

Moderator, "Thriving in a Law Firm: Diverse Attorneys Share Their Strategies for Success," University of Southern California Gould School of Law, Los Angeles, 04.10.07

Co-speaker, "Trademarks on the Internet and Domain Names," Eighth Annual Technology Law Conference, Association of Corporate Counsel - America, Los Angeles, 03.30.07

"The Medium is the Message: How New Media Technologies Will Transform Copyright Protection and Limits," Journal Communications, Milwaukee, 03.22.07

Panelist, "The Superstar Deals: New Technology Platforms and Distribution," 2007 UCLA Entertainment Law Symposium, Los Angeles, 03.02.07

Panelist, "2006: The Copyright Year in Review," California State Bar Section Education Institute, Berkeley, Calif., 01.19.07

Panelist, "Client Development: Panel Discussion From the Perspective of Vietnamese American Attorneys in Private Practice and Public Sector," National Conference of Vietnamese American Attorneys, San Jose, Calif., 09.30.06

Moderator, "So, You Want the Business? Strategies for a Successful Beauty Contest," California Minority Counsel Program 17th Annual Business Development Conference, San Francisco, 09.13.06

Moderator, "Pathways to Partnership," California Minority Counsel Program, San Francisco, 06.20.06

Moderator, "Pathways to Partnership," California Minority Counsel Program, Los Angeles, 08.04.05

**Advisories**

New Internet Domains Are Coming ... What You Should Do, 07.08.11

ICANN Approves Historic Plan for New Top Level Domains, 06.22.11

James D. (Jimmy) Nguyen

*Partner*
jimmynguyen@dwt.com
213.633.8643



## Books / Publications

"Internet Privacy Class Actions: How to Manage Risks from Increasing Attacks against Online and Social Media," State Bar of California IP Section, New Matter, July 2011

"State of Evolving Media 2011: 10 Top Trends," The Moving Picture: Evolving Media column, State Bar of California IP Section, New Matter, Vol. 36, No. 1, April 2011

"Click to Win: The Risks and Rewards of 'Pay-to-Play' Digital Games of Skill or Chance," The Moving Picture: Evolving Media column, State Bar of California IP Section, New Matter, Vol. 36, No. 1, April 2011

"UGC Scorecard in Europe: Lessons from European Battles Over User-Generated Content Videosharing Services," The Moving Picture: Evolving Media column, State Bar of California IP Section, New Matter, Vol. 35, No. 4, December 2010

"Online Privacy: What You Don't Know Can Expose You," The Moving Picture: Evolving Media column, State Bar of California IP Section, New Matter, Vol. 35, No. 3, September 2010

"State of Evolving Media 2010: 10 Top Trends for '10," The Moving Picture: Evolving Media column, State Bar of California IP Section, New Matter, Vol. 35, No.1, March 2010

"Vooks: Is a Video Worth a Thousand Words?," The Moving Picture: Evolving Evolving Media column, State Bar of California IP Section, New Matter, Vol. 34, No. 4, December 2009

"All the Digital News That's Fit to Distribute: The Associated Press and its Anti-Piracy Campaign," The Moving Picture: Evolving Media column, State Bar of California IP Section, New Matter, Vol. 34, No. 3, September 2009

"New Media Evolution: Business and IP Issues for Today's Evolving Media World," The Computer & Internet Lawyer, Vol. 26, No. 9, September 2009

"The Global War Against Online Piracy: Lessons from the Pirate Bay," The Moving Picture: Evolving Media column, State Bar of California IP section, New Matter, Vol. 34, No. 2, June 2009

"Drafting Content Licensing Provisions for Evolving Media," Los Angeles Lawyer 25th Annual Entertainment Law Issue, May 2009

"State of Evolving Media 2009: 10 Top Trends," The Moving Picture: Evolving Media column, State Bar of California IP section, New Matter, Vol. 34, No. 1, April 2009

Co-author, "An Argument For Eliminating The IP Protection System," Practical Resources for the Business Lawyer, American Bar Association, Business Law Today, Vol. 18, No. 4, March/April 2009

"Evolving Media: Let's Evolve," The Moving Picture: Evolving Media column, State Bar of California IP section, New Matter, Vol. 33, No. 4, December 2008

**James D. (Jimmy) Nguyen**

*Partner*
jimmynguyen@dwt.com
213.633.8643



"Citius, Altius, Fortius: New Media Lessons from the Beijing Olympics,"
The Moving Picture column, State Bar of California IP section, New
Matter, Vol. 33, No. 3, October 2008

"Widget Mania: Personalizing the Internet for Online Marketing and
Content Distribution," The Moving Picture column, State Bar of California
IP section, New Matter, Vol. 33, No. 2, September 2008

"The WGA Strike: Lessons for IP and Entertainment Lawyers," The
Moving Picture column, State Bar of California IP section, New Matter,
Vol. 33, No. 1, June 2008

"Living La Vida Virtual: IP Rights in Virtual Universe," The Moving Picture
column, State Bar of California IP section, New Matter, Vol. 32, No. 4,
February 2008

Co-author, "The WGA Strike: Picketing for a Bigger Piece of the New
Media Pie," Entertainment and Sports Lawyer, Vol. 25, No. 4, Winter
2008

"Turning Magic into Money: New Media Business Models," The Moving
Picture column, State Bar of California IP section, New Matter, Vol. 32,
No. 3, November 2007

"Space Shift: The New Frontier," The Moving Picture column, State Bar of
California IP section, New Matter Vol. 32, No. 1, June 2007

"Lessons I'm Learning from GoogTube," The Moving Picture column,
State Bar of California IP section, New Matter, Vol. 31, No. 4, January
2007

"Copyright In Vogue," IP Law360, 10.05.06

"Not-so-Strange Bedfellows: Entertainment Content Owners and File-
Sharing Services," The Moving Picture column, State Bar of California IP
section, New Matter, Vol. 31, No. 3, October 2006

"Protecting Heroes and Superheroes in the Digital Age – The Battle
Between Copyright 'SuperPowers' and New Media," State Bar of
California IP section, New Matter, Vol. 31, No. 3, October 2006

"Worm of Competition Wants a Bite of the Apple," Daily Journal, 09.12.06

Co-author, "Copyright and Trademark Damages: Are Larger Awards on
the Horizon?," Insights, Willamette Management Associates, Summer
2006

Co-author, "The Grokster Inducement Test for Secondary Copyright
Infringement Liability," IP Law360, 05.30.06

"Google's Print Library Project: The Future of Copyright in the Digital Era,"
ABA Section of Business Law, eSource, March 2006

"Google's Print Library Project: The Future of Copyright in the Digital Era,"
ABA Business Law Cyberspace Committee, CIPerati, March 2006

"Google's Print Library Project: The Future of Copyright in the Digital Era,"
IP Law360, 01.17.06

"What Every Lawyer Should Know about Trade Secrets Law," Los
Angeles County Bar Association, County Bar Update, September 2005

James D. (Jimmy) Nguyen

*Partner*
jimmynguyen@dwt.com
213.633.8643



"Hold Your Popcorn: 'Grokster' Misses Key Point, Begs for Sequel," Daily Journal, 07.12.05

"What Every Lawyer Should Know About Copyright Law," Los Angeles County Bar Association, County Bar Update, June/July 2005

"'Nipplegate' Raises Specter of Implied Pact Between Viewers, Networks," Daily Journal, 01.31.05

Co-author, "Substantially Similar Superheroes? Marvel's Battle Against Online Game," Software Law Bulletin, January 2005

Co-author, "Substantially Similar Superheroes? Marvel's Battle Against Online Game," Entertainment Industry Litigation Reporter, January 2005

Co-author, "Substantially Similar Superheroes? Marvel's Battle Against Online Game," E-Business Law Bulletin, January 2005

"Timing is Right for Studios' Bid to Shutter Film File-Sharing on Internet," Daily Journal, 12.27.04

Co-author, "Substantially Similar Superheroes? Marvel's Battle Against Online Game," Intellectual Property Litigation Reporter, 12.21.04

"'My-Big-Fat-Reality-Show Suit' is Coming to Court Near You," Daily Journal, 11.09.04

Co-author, "Are DVR 'Ad-Skips' Theft and a Breach of an Implied Contract?," Entertainment and Sports Lawyer, Fall 2004

Co-author, "Will Court Allow Governor to Terminate Bobblehead Doll?," Daily Journal, 07.02.04

"Code Breaking: The DMCA Provides a Powerful Tool for Content Owners to Thwart the Circumvention of Antipiracy Technology," Los Angeles Lawyer, May 2004

Co-author, "Keyword Case Will Likely Set Trademark Precedent," Daily Journal, 03.25.04

"Court of Glass: Two Rulings From the Ninth Circuit Involving Glass Clear Up Some Important Copyright Questions," IP Law & Business, August 2003

"The Online Music Wars: The Empire Strikes Back," Asian IP, August 2003

"Free Speech Trumps Mattel's Trademark Right in Plastic Doll," Daily Journal, 10.02.02

**Professional & Community Activities**

- Immediate Past Chair, 2010-2011; Chair, 2009-2010; Executive Committee member, 2004-2010 – State Bar of California IP Law Section
- Co-Chair, 2010; Executive Committee member, 2005 to present – California Minority Counsel Program
- Board of Directors, Equality California, 2007-present
- Law Firm Advisory Board, Association of Media & Entertainment Counsel, 2009

**James D. (Jimmy) Nguyen**

*Partner*
jimmynguyen@dwt.com
213.633.8643



- Fellow, Litigation Counsel of America, 2010-present
- The Association of Business Trial Lawyers
- Vice Chair, Subcommittee on Litigation Management, Section of Business Law, Committee on Corporate Counsel, American Bar Association, 2009-present
- Co-chair, IP, Internet and New Media Section, Beverly Hills Bar Association, 2003-2004
- Interactive Media Peer Group, Academy of Television Arts & Sciences
- Forum on Entertainment & Sports, American Bar Association
- Copyright Societies of the USA and Los Angeles
- International Trademark Association
- American Intellectual Property Association
- Los Angeles County Bar Association
- Sports Lawyers Association
- Coalition of Asian Pacifics in Entertainment (CAPE)
- Co-Founder, American Readers Theater association (ARTa) (Legacy Award recipient, 2005)

**Professional Recognition**

- Named to the "Lawdragon 500 Leading Lawyers in America" list by Lawdragon, 2008
- Honored as IP Lawyer of the Year, by the Century City Bar Association, 2011
- Named to the "Lawdragon 3000 Leading Lawyers in America" list by Lawdragon, 2010
- Named one of the "Top 20 Lawyers under 40 in California" by the Daily Journal, 2010
- Recognized as one of the "Best LGBT Lawyers Under 40" by the National LGBT Bar Association, 2010
- Named to the "Forty under 40" list of top LGBT persons by Advocate magazine, 2010
- "Alumnus of the Year," Mt. San Antonio College, 2010
- Selected to "Southern California Super Lawyers" in Intellectual Property by Law & Politics, 2005-2011
- Selected to "Southern California Rising Stars" in Intellectual Property Litigation by Law & Politics, 2004
- Named to the "New Worlds, New Stars" list by Lawdragon, 2006
- Founders Award, Association of Media & Entertainment Counsel, 2009
- Named one of the "Best Lawyers Under 40" by the National Asian Pacific American Bar Association, 2005

**Education**

J.D., University of Southern California Law School, 1995

B.A., University of California, Los Angeles, 1992, magna cum laude

James D. (Jimmy) Nguyen

*Partner*
jimmynguyen@dwt.com
213.633.8643



**Admissions**

California, 1995
U.S. Court of Appeals 9th Circuit
U.S. Court of Appeals 2nd Circuit
U.S. Court of Appeals Federal Circuit
U.S. District Court Eastern District of California
U.S. District Court Central District of California
U.S. Court of Appeals Southern District of California
U.S. Court of Appeals Northern District of California
U.S. District Court District of Colorado

**James D. (Jimmy) Nguyen**

*Partner*
jimmynguyen@dwt.com
213.633.8643


## Davis Wright
Tremaine LLP

# Jennifer L. Brockett

Jennifer Brockett represents businesses in commercial, health care, business torts and intellectual property litigation. Jennifer is one of the primary drafters of California's Model Jury Instructions regarding trade secrets, required for use in all trade secret matters tried in California, and a contributing editor to the leading treatise on California trade secret litigation. Jennifer regularly represents businesses in pursuit of claims of misappropriation of trade secrets, computer hacking and unfair competition.



**Jennifer L. Brockett**

*Partner*
jenniferbrockett@dwt.com
213.633.6860 direct
213.633.6899 fax

Suite 2400
865 South Figueroa Street
Los Angeles, California 90017

**Related Practices**
Complex Commercial Litigation
Copyright Litigation
Trade Secrets (Intellectual Property)
Noncompetition Agreements
Intellectual Property Litigation
Health Care Litigation & Dispute Resolution
Banking & Financial Services Litigation

## Business Torts Highlights

**Fatburger Corporation v. Warlick, Warlick v. FogCutter Capital Corporation**
**Fatburger Corporation**
2009
Pursuing claims of breach of fiduciary duty and breach of contract against former CEO of fast food chain, and defending against CEO's cross-claims; defending a related action of stock dilution.

**U.S. Trust Company v. Lehman Brothers, U.S. Trust Company v. Thomas Giddings**
**U.S. Trust Company**
2008
Plaintiff's counsel in action alleging misappropriation of trade secrets and employee raiding against Lehman Brothers and individual defendants recruited by Lehman Brothers.

**Cal-Cleve v. Latter**
**Michael Latter**
2005
Defended an executive against claims of trade secret violations and computer hacking brought by a former employer. Case was resolved on favorable terms.

## Health Care Highlights

**Siwajian v. CPLM**
2009
Defended medical group against putative class action claims regarding billing practices. Case was voluntarily dismissed by the plaintiff.

**People v. CHA Hollywood Medical Center**
**CHA Hollywood Medical Center**
2008
Defended hospital charged with violation of California Business and Professions Code section 17200 arising from two alleged incidents of homeless patient discharges.



**Intellectual Property Highlights**

**Activision v. DoubleFine**
**DoubleFine**
2009
Defended game developer's right to publish video game originally developed under contract with Activision. Case settled shortly after DoubleFine defeated Activison's motion for preliminary injunction.

**Milton H. Greene Archives, Inc. v. BPI Communications, Inc.**
**BPI Communications**
2009
Summary judgment decision established new protections for the use of publicity photos. Obtained a substantial award of attorneys' fees against the plaintiff for successfully defending a book publisher by establishing that photographs of Marilyn Monroe appearing in a biography were in the public domain.  Both decisions were affirmed on appeal. 378 F. Supp.2d 1189, C.D.Cal. 2005.

**Shamrock v. Showtime Networks**
**Showtime Networks**
2007
Successfully intervened on an emergency basis to set aside a Temporary Restraining Order which attempted to prevent Showtime Networks from promoting and broadcasting its premiere Mixed-Martial Arts program.

**Ivanova v. Columbia Pictures Industries, Inc. and Laparade v. Columbia Pictures Industries, Inc.**
2004
Representation of Columbia Pictures in a six-party dispute regarding ownership of 39 classic Spanish-language motion pictures starring the Mexican actor Cantinflas.  Columbia Pictures prevailed after a three-week trial; affirmed on appeal. 387 F. 3d 1099, 9th Circuit 2004; 217 F.R.D. 501, CD. Cal. 2003.

**Presentations**

"Physician Relationship Issues," Health Care Webinar Series, 05.20.10

Diversity Roundtable, Microsoft Women & Minority Law Student IP Summit, 2009

"Protecting Your Business," Women's Business Playground, 2008

"Protection of Intellectual Property Rights," Public Counsel Small Business Forum, 2005 & 2007

**Advisories**

Recent Decision Defines Standards of Care for Preserving Electronically Stored Information, 01.25.10

California Supreme Court Affirms Ban on Noncompetition and Nonsolicitation Agreements Under California Law, 08.13.08

**Jennifer L. Brockett**

*Partner*
jenniferbrockett@dwt.com
213.633.6860



The Facts about FACTA: the Latest Consumer Class Action, 02.15.07

**Books / Publications**

"When a Doctor Changes Groups, What Can the Doctor Tell Affected Patients?" California Health Law News, April 2010

"Protecting Intellectual Property during Layoffs," Los Angeles Lawyer Magazine, April 2009

Primary Drafter, CACI Model Jury Instructions re: Trade Secrets, 2008-2009

"Trade Secret Litigation and Protection in California," Second Edition, The State Bar of California, 2009

"Open Court Records vs. Trade Secrets: Reconciling NBC Subsidiary and Rule of Court 243.1 with Civil Procedure § 3246.5," New Matter, April 2007

"Fight or Flight," Los Angeles Lawyer Magazine, Vol. 29, No. 7, Oct. 2006

California Employment Law Deskbook, 2nd Ed., 2006

"Introduction to California Trade Secrets and Employee Raiding," California Trade Secrets & Employee Raiding Law Letter, July 2005

California Employment Law Deskbook, 1st Ed., 2003

**Professional & Community Activities**

- Los Angeles Center for Law and Justice, Board of Directors, 2008-present
- Trade Secret Committee, Intellectual Property Section, 2005-present
- State Bar Federal Courts Committee, 2007-present
- State Bar Committee on the Administration of Justice, 2001-2005; Chair 2004-2005; Vice Chair 2003-2004
- Los Angeles Copyright Society
- Los Angeles County Bar Association

**Professional Recognition**

- Selected to "Rising Stars," Southern California Law & Politics Magazine, 2005-2010

**Education**

J.D., University of California, Los Angeles, School of Law, 1997

- American Jurisprudence and Corpus Juris Secundum awards in Civil Procedure
- Distinguished Advocate and Best Briefwriter, UCLA's Moot Court competition
- UCLA State Moot Court Team
- Managing Editor, UCLA Women's Law Journal

Jennifer L. Brockett

*Partner*
jenniferbrockett@dwt.com
213.633.6860



A.B., Economics, Occidental College, 1994

- Member, Omicron Delta Epsilon (Economics Honor Society)

**Admissions**

California, 1997
U.S. Court of Appeals 9th Circuit
U.S. District Court Central District of California
U.S. District Court Southern District of California

**Jennifer L. Brockett**

*Partner*
jenniferbrockett@dwt.com
213.633.6860



## Karen A. Henry

Karen Henry is a litigator who focuses on general communications, intellectual property and media issues, including First Amendment defamation, pre-publication review, newspaper adjudication, idea submission, and access matters. She also regularly advises churches and other religious institutions on protecting and managing intellectual property, and assists creditors with post-judgment and prejudgment enforcement and attachment remedies.

### Selected Experience

**Genuine Entertainment, Inc. v. Seagal, et al.**
A&E Television Networks, LLC
2011
Representation of A&E Television Networks, LLC, actor Steven Seagal, ICM, and other defendants in a lawsuit arising from AETN's successful television docu-series, "Steven Seagal: Lawman."

**Dane v. Gawker Media**
Gawker Media
2010
Defended Gawker Media in a copyright-infringement lawsuit filed by actors Eric Dane and Rebecca Gayheart, based on Gawker.com's publication of a news item that included a clip from a videotape showing the couple and another woman naked. In December 2009, the federal district court granted Gawker's motion to strike plaintiffs' claims for statutory damages and attorneys' fees. Case subsequently was resolved.

**Mete v. Showtime Networks Inc.**
Showtime Networks
2009
Successfully defended Showtime Networks against idea-submission lawsuit filed by woman who pitched idea for online reality program. Court sustained Showtime's demurrer to complaint without leave to amend, and entered judgment in favor of Showtime.

**Board of Trustees of California v. Superior Court**
Copley Press
2005
Represented The Copley Press, publisher of the San Diego Union-Tribune, in a Public Records Act lawsuit against San Diego State University. The courts ordered the university to release several documents, and awarded the newspaper its attorneys' fees and costs.

**In re Molz**
California Newspaper Publishers Association
2005
Represented the California Newspaper Publishers Association as amicus curiae in an important newspaper adjudication case. The Court of Appeal allowed us to participate in oral argument and issued a published decision adopting CNPA's position.



**Karen A. Henry**
*Associate*
karenhenry@dwt.com
213.633.6832 direct
213.633.6899 fax

Suite 2400
865 South Figueroa Street
Los Angeles, California 90017

**Related Practices**
Media & First Amendment
Trade Secrets (Employment)
Defamation & Privacy
Misappropriation & Right of Publicity
Access to Public Records & Proceedings
Subpoenas & Reporters' Privilege
Intellectual Property Litigation
Copyright
Pre-Publication & Pre-Broadcast Review
Prior Restraints
Theft of Ideas
Trademark
Entertainment

**Related Industries**
Communications, Media & Technology



**Additional Qualifications**

- Courtroom Clerk, East Los Angeles Municipal Court, Alhambra Superior Court and Pasadena Superior Court, 1993-2003
- Supervisor, Traffic, Criminal and Civil/Small Claims Departments, East Los Angeles Municipal Court, 1991-1993

**Presentations**

Defending Claims Under Civil Code § 1708.8(f)(1), 04.06.10

California's Public Policy Limitation on Exculpatory Releases, 03.11.10

25th Annual ACP National College Journalism Convention, 02.27.09

California Pacific Annual Conference Media Center on Copyright Laws, 10.18.08

"Pathways to Justice—Dealing with Difficult or Challenging Pro Bono Clients", 06.01.08

**Advisories**

9th Circuit Significantly Revises Its Opinion in Hilton v. Hallmark Cards, 05.19.10

**Books / Publications**

"NFC Hall of Famer Jim Brown's Lanham Act Claim Against Electronic Arts Dismissed," MLRC Media Law Letter, October 2009

"Law of Opinion Practice Guide," Media Law Resource Center, 2004

**Professional & Community Activities**

- Advisory Committee Member, National Student Press Law Center
- Black Women Lawyers Association of Los Angeles
- Los Angeles County Bar Association
- Associate Representative, Attorney Evaluation Committee, Los Angeles office, Davis Wright Tremaine
- Chairperson, Media Task Force, Crossroads United Methodist Church

**Professional Recognition**

- Recipient, Volunteer of the Year Award for Early Care and Education Law Project, Public Counsel, 2008
- Recipient, Wiley W. Manuel Award for Pro Bono Legal Services, California State Bar, 2006
- Nominee, Pro Bono Excellence Award, Davis Wright Tremaine, 2005

**Karen A. Henry**

*Associate*
karenhenry@dwt.com
213.633.6832



**Education**

J.D., Southwestern University School of Law, 2003, magna cum laude

- Dean's List
- Lead Articles Editor, Southwestern University Law Review
- CALI Excellence for the Future Awards in Legal Professions and Advanced Criminal Procedure
- Exceptional Achievement Award: Legal Writing

B.A., Dominican College

**Admissions**

California, 2004
Supreme Court of California, 2004
U.S. Court of Appeals 9th Circuit, 2004
U.S. District Court Central District of California, 2004
U.S. District Court Eastern District of California, 2004
U.S. District Court Southern District of California, 2004
U.S. District Court Northern District of California, 2005

**Karen A. Henry**

*Associate*
karenhenry@dwt.com
213.633.6832



## Loring Rose

Loring Rose has handled all aspects of general civil litigation. His practice includes entertainment, real estate, and environmental matters, as well as title insurance defense and contract and partnership disputes. Loring has extensive experience with electronic document review and production, and has worked on a full range of legal research and documentation, including settlement agreements and appellate briefs. Prior to his legal career, Loring spent nearly a decade in information technology, working with banks, Internet startups, and software and insurance companies.

### Additional Qualifications

- Associate, Litigation, Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP, Los Angeles, 2007-2010
- Summer Associate, Litigation, Law and Motion, Murchison & Cumming, LLP, Los Angeles, 2006
- Volunteer Advocate, Workers' Rights Self-Help Center, Neighborhood Legal Services of Los Angeles County, Los Angeles, 2005-2007

### Education

J.D., Loyola Law School, Los Angeles, 2007, cum laude

- Order of the Coif
- Scott Moot Court Honors Board
- Staff Member, Loyola Law Review
- Dean's Honor List
- St. Thomas More Law Honor Society
- First Honors: Introduction to Appellate Advocacy, Trial Advocacy, Supreme Court Seminar

M.F.A, Acting, DePaul University, 1995

B.A., Communications, Minor in English, North Carolina State University, 1991

### Admissions

California, 2007
U.S. District Court Central District of California, 2007
U.S. Court of Appeals 9th Circuit, 2009



**Loring Rose**

*Associate*
loringrose@dwt.com
213.633.6826 direct
213.633.6899 fax

Suite 2400
865 South Figueroa Street
Los Angeles, California 90017

**Related Practices**

Litigation



## Kristina R. Roth

Kristina Roth is an experienced litigation paralegal who has handled a full range of related legal work. She has extensive experience in both documentation and courtroom preparation and participation.

**Practice Highlights**

- Performs cite checks, drafts declarations, prepares exhibits, and handles various state, federal, and appellate court filings.
- Assists in document review and production including working with clients during document collection, and working with outside vendors.
- Handles document management in document-intensive matters from inception through preparation for trial; regularly attends trials all the way through appeals.

**Additional Qualifications**

- Paralegal, Gibson, Dunn, Crutcher, Los Angeles, 2000
- Document Coder, Latham & Watkins, Los Angeles, 2000

**Education**

Paralegal Certificate, University of California Los Angeles, Extension, 2000

B.A., California State University, San Bernardino

- Theater Arts
- Design/Technical Concentration



**Kristina R. Roth**
*Paralegal*
kristinaroth@dwt.com
213.633.8654 direct
213.633.6899 fax

Suite 2400
865 South Figueroa Street
Los Angeles, California 90017

**Related Practices**
Litigation

# EXHIBIT C



Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA 90232

August 9, 2010
Invoice No. 5903639

AUGUST INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:           0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 07/27/10 | J. Brockett | 1.30 | Draft litigation Hold letter and notice (including review complaint to ID relevant areas and internet research regarding his toy of filings) |
| | Total Hours Worked | 1.30 | |

**REDACTED**

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
|-----------|----------|---------|
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

September 13, 2010
Invoice No. 5912652

SEPTEMBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:        0032472-000020
Lawrence v. Sony, et al.

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|----------|------------------|----------|------------------------------|
| 08/10/10 | J. Brockett | 0.10 | Email M. Heim with pleadings for Laurence matter |
|          | Total Hours Worked | 0.10 | |

# REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

Anchorage    New York    Seattle
Bellevue     Portland    Shanghai
Los Angeles  San Francisco  Washington, D.C.

www.dwt.com

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

November 5, 2010
Invoice No. 5926455

NOVEMBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:          0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 10/01/10 | J. Brockett | 3.80 | Analysis of complaint and potential defenses; telephone conference with Ms. Heim and Ms. Deardorff regarding                    ; telephone conference with Mr. Hanks regarding outline motion to dismiss |
| 10/01/10 | L. Rose | 1.30 | Legal research regarding elements |
| 10/04/10 | J. Brockett | 4.30 | Outline 12(b)(6) and 12(e) motion; research regarding                                       research and draft 12(e)/Rule 8 section of motion to dismiss |
| 10/04/10 | L. Rose | 4.50 | First draft of Motion to Dismiss or, in the alternative, for a More Definite Statement; legal research regarding |
| 10/05/10 | J. Brockett | 7.10 | Research and draft Motion to Dismiss copyright section and section regarding motion for a mere definite statement; draft meet and confer letter to Ms. Lawrence |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C |

www.dwt.com

**Davis Wright Tremaine** LLP

Sony Pictures Entertainment
Invoice No. 5926455
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 10/05/10 | L. Rose | 7.30 | Revise and edit Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); legal research regarding          review draft meet and confer letter to plaintiff |
| 10/06/10 | J. Brockett | 9.50 | Revise and finalize meet and confer letter to Mr. Lawrence; research and draft motion to dismiss |
| 10/06/10 | L. Rose | 4.70 | Revise and edit Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12 (b)(6); legal research regarding |
| 10/07/10 | J. Brockett | 5.90 | Revise and edit Motion to Dismiss, draft inserts to motion |
| 10/07/10 | L. Rose | 3.30 | Revise and edit Motion to Dismiss Complaint pursuant to Federal Rule of Civil Procedure 12(b); legal research regarding |
| 10/08/10 | J. Brockett | 2.10 | Review and revise motion to dismiss |
| 10/08/10 | L. Rose | 1.00 | Revise and edit Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) |
| 10/11/10 | J. Brockett | 7.40 | Edit Rule 12 motion; watch Death at a Funeral, associated DVD commentary, and selected excerpts from "Death at a Funeral" 2007 and associated DVD commentary; confer regarding |
| 10/11/10 | K. Henry | 3.70 | Research when copyright registration becomes effective; review and analyze Complaint; begin review of Motion to Dismiss |
| 10/11/10 | L. Rose | 6.20 | View "Death at a Funeral" (2010), "Death at a Funeral" (2007) and selected commentary; revise and edit Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); legal research regarding |
| 10/12/10 | J. Brockett | 2.80 | Revise and edit Motion to Dismiss |
| 10/12/10 | K. Henry | 4.20 | Communications about copyright registration and its effect on infringement actions; review leading Ninth Circuit authority discussing          review and edit draft Motion to Dismiss |
| 10/12/10 | L. Rose | 4.30 | Legal research regarding          revise and edit Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); additional legal research regarding |
| 10/13/10 | J. Brockett | 1.00 | Telephone conference with Mr. Barnes (counsel to Chris Rock Enterprises) regarding          telephone conference with Mr. Hanks regarding |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5926455
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | telephone conference from Ms. Lawrence regarding extension of time to respond; email to Ms. Lawrence regarding same |
| 10/13/10 | K. Henry | 2.00 | Make further revisions to Motion to Dismiss; communications regarding |
| 10/13/10 | L. Rose | 4.20 | Revise and edit Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); revise and edit Rule 7 disclosure statements for Sony Pictures entities, Sidney Kimmel entities, Amy Baer and Chris Rock Enterprises; revise and edit analysis chart of Plaintiff's alleged similarities |
| 10/14/10 | K. Henry | 0.50 | Review revised version of Motion to Dismiss to ensure that all edits were input |
| 10/14/10 | K. Roth | 1.20 | Cite check Motion to Dismiss |
| 10/15/10 | J. Brockett | 0.20 | Email Mr. Lawrence requesting extension of time for Wonderful Films to respond to complaint |
| 10/15/10 | K. Roth | 1.70 | Continue summarizing cite check regarding Motion to Dismiss |
| 10/18/10 | J. Brockett | 3.80 | Revise Motion to Dismiss |
| 10/19/10 | J. Brockett | 3.20 | Telephone conference with Mr. Barnes; telephone conference with Ms. Carr; revise motion to dismiss |
| 10/19/10 | L. Rose | 1.70 | Revise and edit Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) |
| 10/20/10 | L. Rose | 1.50 | Draft "litigation hold" letters for Sidney Kimmel Entertainment, SKE Creative, Chris Rock Enterprises and Amy Baer |
| 10/21/10 | J. Brockett | 0.30 | Conference with Ms. Heim regarding |
| 10/21/10 | L. Rose | 5.20 | Research regarding                revise and edit "litigation hold" memoranda; revise and edit Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) |
| 10/22/10 | J. Brockett | 0.60 | Draft email to counsel regarding |
| 10/22/10 | L. Rose | 0.90 | Revise and edit Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) |
| 10/25/10 | J. Brockett | 0.30 | Telephone conference with Mr. Hanks regarding |

REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5926455
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 10/27/10 | J. Brockett | 4.30 | Conference with clients regarding _____ telephone conference with Ms. Heim regarding _____ revise Motion to Dismiss per Ms. Heim; revise list of parties/affiliates and send to Ms. Heim |
| 10/27/10 | L. Rose | 2.10 | Finalize Rule 7 disclosure statements for filing; research, revise and edit list of parties and affiliations |
| 10/28/10 | J. Brockett | 2.80 | Revise and finalize Motion to Dismiss and supporting papers |
| 10/28/10 | L. Rose | 2.20 | Final edits to motion to dismiss; final edits and revisions to corporate disclosure statements; draft proposed order |
|  | Total Hours Worked | -130.50- 123.10 |  |

**REDACTED**

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

October 11, 2010
Invoice No. 5920015

OCTOBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:        0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 09/24/10 | L. Rose | 1.00 | Review and analyze complaint |
| 09/27/10 | J. Brockett | 0.20 | Email Ms. Deardorff regarding |
| 09/27/10 | L. Rose | 0.90 | Review and analyze documents; research regarding |
| 09/28/10 | J. Brockett | 0.40 | Emails with Ms. Deardorff and Ms. Heim regarding |
| 09/28/10 | L. Rose | 1.10 | Review documents; prepare timeline of events; legal research regarding |
| 09/29/10 | J. Brockett | 4.40 | Analyze complaint and research regarding draft email to Ms. Lawrence requesting extension of time to respond to the Complaint |
| 09/29/10 | L. Rose | 1.90 | Revise and edit timeline of events; draft condensed statement of factual allegations |
| 09/30/10 | J. Brockett | 4.60 | Research and prepare litigation strategy; confer regarding same |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5920015
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 09/30/10 | L. Rose | 0.30 | Revise and edit timeline of events |
| | Total Hours Worked | ~~18.40~~ 14.80 | |

**REDACTED**

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

January 31, 2011
Invoice No. 5948386

JANUARY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:            0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 11/01/10 | J. Brockett | 0.90 | Follow up regarding Glen Gainor; revise letter to Ms. Lawrence regarding extension and stipulation regarding same; finalize litigation hold letters |
| 11/01/10 | L. Rose | 0.90 | Draft stipulation extending time to respond to complaint (Ayesha Carr, Dean Craig, Philip Elway, Glenn S. Gainor, William Horberg, Sidney Kimmel, Lawrence Malkin, Diana Phillips, Chris Rock, Share Stallings and Bruce Toll); draft "litigation hold" letters for same |
| 11/02/10 | L. Rose | 0.70 | Draft proposed order extending time for certain defendants to respond to Plaintiff's complaint and stipulation of J. Brockett in support thereof |
| 11/03/10 | L. Rose | 2.30 | Draft certification of interested parties for newly-served defendants; legal research |
| 11/04/10 | L. Rose | 0.70 | Revise and edit letter to Plaintiff re extension of time to respond; legal research regarding |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5948386
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 11/05/10 | L. Rose | 1.00 | Draft proposed order extending time for Frank Oz, Neil Labute, Parabolic Pictures and Target Media to respond to Plaintiff's complaint; draft declaration of J. Brockett in support of extension of time to respond; draft Rule 7 disclosure statements (Frank Oz, Neil Labute, Target Media, Parabolic Pictures); draft stipulation of the parties extending time to respond |
| 11/10/10 | J. Brockett | 0.60 | Telephone conference from P. Lawrence regarding extension of time to oppose the motion to dismiss; email Ms. Lawrence regarding same |
| 11/15/10 | J. Brockett | 0.30 | Email Ms. Heim regarding _____ call to court regarding non opposition to requests for extension of time |
| 11/15/10 | L. Rose | 0.50 | Draft litigation hold letters (Glenn Gainor, Neil Labute) |
| 11/16/10 | J. Brockett | 0.20 | Draft letter to Lawrence regarding |
| 11/18/10 | L. Rose | 1.30 | Legal research re timing for Rule 26 early conference of parties |
| 11/23/10 | J. Brockett | 1.40 | Revise and finalize opposition to request for extension; email Ms. Heim regarding same |
| 11/23/10 | K. Henry | 0.50 | Communications with team regarding |
| 11/23/10 | L. Rose | 1.90 | Review and analyze Plaintiff's request for an extension of time to respond; draft Defendants' opposition to Plaintiff's request for an extension of time |
| 12/01/10 | L. Rose | 0.20 | Draft letter to Pamela Lawrence regarding obtaining copies of her works |
| 12/27/10 | J. Brockett | 0.90 | Draft letter to Ms. Lawrence regarding briefing schedule, rule 26 meeting and copy of her works |
| | Total Hours Worked | ~~18.00~~ 14.30 | |

REDACTED

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

February 28, 2011
Invoice No. 5954806

FEBRUARY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:        0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 01/03/11 | J. Brockett | 0.40 | Email Hanks regarding · Deardorff regarding regarding                        email Ms. email client (n/c) |
| 01/04/11 | J. Brockett | 2.90 | Read opposition, partial analysis of opposition and email clients regarding same; view Plaintiff's dvd; conference regarding |
| 01/04/11 | L. Rose | 4.40 | Read opposition; view dvd, meeting; prepare first draft of reply |
| 01/05/11 | J. Brockett | 5.50 | Call with Ms. Carr regarding ·                    draft email summarizing Plaintiff's dvd; research and draft insert to Reply; telephone conference with Plaintiff regarding Rule 26 meeting; call with counsel Dean Craig regarding ·                    email Ms. Heim regarding                    (n/c); email proposed plaintiff's attorney report to clients regarding same (n/c) |
| 01/05/11 | L. Rose | 1.80 | Review and revise reply |
| 01/06/11 | J. Brockett | 4.50 | Revise and edit reply brief; rule 26 meeting with Mr. Kelley and Ms. Lawrence; draft report regarding meeting; begin drafting of rule 26 report |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
|-----------|----------|---------|
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5954806
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 01/06/11 | K. Henry | 6.00 | Research |
| 01/06/11 | L. Rose | 5.10 | Revise reply brief per partner comments |
| 01/07/11 | J. Brockett | 3.70 | Revise and edit reply brief and email to client; draft rule 26 report and email template to Mr. Kelly and Ms. Lawrence; telephone conference with Mr. Kelly regarding settlement and rule 26 issues; receive call from Ms. Lawrence regarding rule 26 report; draft email report to clients regarding telephone conferences |
| 01/07/11 | K. Roth | 2.10 | Cite check Reply to Motion to Dismiss |
| 01/10/11 | J. Brockett | 3.00 | Revise objection to declaration and notice of lodging of book; revise and finalize reply, including telephone conference with J. Cohen regarding          telephone conference with L. Rose regarding                       revise joint rule 26 report and email to Ms. Lawrence and Mr. Kelly |
| 01/10/11 | L. Rose | 2.90 | Revise and edit objections; legal research regarding          final revisions and edit reply |
| 01/11/11 | L. Rose | 0.90 | Legal research regarding |
| 01/12/11 | J. Brockett | 1.40 | Meet with Sony team regarding          draft letter to Ms. Lawrence documenting calls and requesting all further communication in writing |
| 01/12/11 | L. Rose | 1.60 | Attorney conference with J. Brockett, J. Cohen and K. Henry regarding          : look for book |
| 01/13/11 | J. Brockett | 0.20 | Finalize letter to Ms. Lawrence regarding calls |
| 01/14/11 | J. Brockett | 1.50 | Draft emails to clients/client representatives regarding          Ms. Deardorff (Sony), Mr. Hanks (SKE), Ms. Carr (A. Carr), S. Barnes (C. Rock), and Ms. Schenkman (D. Craig); email Ms. Lawrence requesting a copy of the Book; telephone conference with Mr. Hanks regarding          draft |

REDACTED

**Davis Wright Tremaine** LLP

Sony Pictures Entertainment
Invoice No. 5954806
Page No. 3

| <u>DATE</u> | <u>PROFESSIONAL</u> | <u>TIME</u> | <u>DESCRIPTION OF SERVICES</u> |
|---|---|---|---|
| | | | memorandum regarding same |
| 01/18/11 | J. Brockett | 1.30 | Email Mr. Craig regarding telephone conference with Mr. Craig regarding call to Mr. Greenstein (Carr's agent); prepare email to E. Yablano |
| 01/19/11 | J. Brockett | 3.10 | Telephone conferences with S. Stimack (ICM) regarding respond to email from Mr. Craig regarding prepare for oral argument |
| 01/20/11 | J. Brockett | 2.30 | Research and prepare for hearing on motion to dismiss |
| 01/20/11 | L. Rose | 0.80 | Review and analyze cases |
| 01/21/11 | J. Brockett | 3.00 | Read Plaintiff's Book; read briefing and selected cases for hearing on Motion to dismiss |
| 01/24/11 | J. Brockett | 7.60 | Prepare for and attend hearing on motion to dismiss; report to clients regarding same, including telephone conference with Ms. Heim, draft report to all clients and respond to emails from D. Craig |
| 01/25/11 | J. Brockett | 4.40 | Analysis of potential options and next steps; review and direct response to Ms. Lawrence's email regarding documents, contracts, financial information |
| 01/25/11 | L. Rose | 1.20 | Meet with J. Brockett regarding draft letter to plaintiff regarding document "requests" |
| 01/26/11 | J. Brockett | 2.70 | Research and analyze revise letter to Ms. Lawrence regarding rule 26 meeting; email C. Benedetti to obtain video of Lawrence appearance on Gordon Elliott show |
| 01/27/11 | J. Brockett | 2.00 | Draft memorandum to Ms. Heim regarding telephone conference with Ms. Deardorf regarding |
| 01/27/11 | L. Rose | 0.40 | Call to clerk; research regarding |
| 01/28/11 | J. Brockett | 1.20 | Revise memorandum to Ms. Heim |

REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5954806
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
|      | Total Hours Worked | ~~95.50~~ 77.90 | |

# REDACTED

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

March 16, 2011
Invoice No. 5958283

MARCH INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:          0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 02/02/11 | J. Brockett | 2.10 | Draft report to Ms. Heim regarding |
| | | | meeting to discuss draft letter in response to Ms. Lawrence; emails with Mr. Hanks regarding |
| 02/03/11 | K. Roth | 2.80 | Review client documents and prepare for processing into electronic format and loading into review platform |
| 02/04/11 | J. Brockett | 0.70 | Finalize draft Rule 26 report and letter to Ms. Lawrence; telephone conference with Ms. Heim regarding            email Mr. Hanks regarding            emails with Clayton Utz regarding (n/c) |

REDACTED

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5958283
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|--------------------------|
| 02/04/11 | K. Roth | 3.20 | Review client documents and prepare for processing into electronic format |
| 02/07/11 | J. Brockett | 0.40 | Meet L. Rose regarding |
|  |  |  | , email Mr. Craig regarding |
| 02/07/11 | L. Rose | 0.80 | Attorney conference regarding |
| 02/08/11 | J. Brockett | 0.40 | Email clients (Ms. Deardorf, Mr. Craig) regarding |
| 02/08/11 | K. Roth | 0.20 | Spot check review database |
| 02/09/11 | J. Brockett | 0.10 | Respond to email from Ms. Deardorf regarding |
| 02/10/11 | J. Brockett | 4.10 | Prepare for meeting and meet with Mr. Hanks regarding |
|  |  |  | (n/c); conference with J. Cohen regarding |
|  |  |  | (n/c); draft email to Ms. Lawrence regarding failure to respond to 2/4/2011 letter and need to complete Rule 26 meeting; email Mr. Hanks with documents regarding |
| 02/10/11 | K. Roth | 1.60 | Reassemble client documents after processing to electronic format. prepare Kimmel documents for processing into electronic format |
| 02/11/11 | J. Brockett | 0.80 | Draft memorandum regarding |
| 02/14/11 | L. Rose | 2.40 | First draft of responses to Special Interrogatories, set one; first draft of responses to Demand for Production, set one; review and analyze documents in preparation for production of initial disclosures |
| 02/14/11 | K. Roth | 3.30 | Review of client documents and redact proprietary information in preparation of document production |
| 02/15/11 | J. Brockett | 1.50 | Review First Amended Complaint and initial analysis of FAC; email clients regarding |
| 02/15/11 | L. Rose | 0.70 | Review and analyze First Amended Complaint |
| 02/15/11 | K. Roth | 2.10 | Continued redaction of proprietary information from |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5958283
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|--------------------------|
| | | | client documents in preparation of document production |
| 02/16/11 | J. Brockett | 0.20 | Telephone conference with Ms. Deardorff regarding |
| 02/16/11 | K. Roth | 4.10 | regarding same<br>Continue redaction of proprietary information from client documents in preparation of document production |
| 02/17/11 | L. Rose | 0.20 | Revise and edit objections to Special Interrogatories and Requests for Production (Set One) |
| 02/18/11 | J. Brockett | 0.40 | Emails with Ms. Deardorff regarding document |
| 02/18/11 | L. Rose | 1.50 | Research regarding<br>revise and edit objections to Special Interrogatories and Requests for Production (Set One and Set Two) |
| 02/18/11 | K. Roth | 2.40 | Continue redaction of proprietary information from client documents in preparation of document production |
| 02/22/11 | J. Brockett | 0.30 | Conference regarding<br>draft email to Ms. Heim regarding |
| 02/22/11 | L. Rose | 1.30 | Revise and edit responses to discovery (Plaintiff's first and second sets of requests for production and special interrogatories) |
| 02/23/11 | J. Brockett | 0.40 | Email Ms. Heim |
| 02/23/11 | L. Rose | 2.60 | First draft of defendants' Rule 26(f) report; first draft of defendants' initial disclosures; review and analyze documents in preparation for initial disclosures |
| 02/24/11 | J. Brockett | 0.40 | Review and revise discovery responses |

REDACTED



Sony Pictures Entertainment
Invoice No. 5958283
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 02/24/11 | L. Rose | 4.70 | Revise and edit defendants' responses to plaintiffs' discovery (first and second sets of Requests for Production and Special Interrogatories); revise and edit defendants' answer to plaintiff's First Amended Complaint; revise and edit Rule 26 report |
| 02/25/11 | L. Rose | 2.80 | Revise and edit Sony defendants' answer to plaintiff's First Amended Complaint; revise and edit Rule 26 report |
| 02/27/11 | L. Rose | 1.60 | Revise and edit answer of Sony defendants to First Amended Complaint |
| 02/28/11 | L. Rose | 2.10 | Revise and edit answer of SKE defendants to First Amended Complaint; final edits and revisions to discovery responses; revise and edit answer of Craig defendants to First Amended Complaint |
| | Total Hours Worked | 67.70 ~ 52.20 | |

**REDACTED**



**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA 90232

April 14, 2011
Invoice No. 5965023

APRIL INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.: 0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|-------------------------|
| 03/01/11 | J. Brockett | 0.30 | Review and edit Sony Answer |
| 03/01/11 | L. Rose | 2.80 | Revise and edit Answers to First Amended Complaint |
| 03/02/11 | J. Brockett | 0.80 | Emails with clients regarding draft Answer |
| 03/02/11 | L. Rose | 2.00 | Revise and edit answers to Plaintiff's First Amended Complaint |
| 03/03/11 | J. Brockett | 0.80 | Finalize answers including telephone conference with Ms. Heim regarding |
| 03/03/11 | L. Rose | 2.80 | Final revisions and edits to Answers to Plaintiff's First Amended Complaint; revise and edit Rule 26 initial disclosures; revise and edit first set of written discovery to Plaintiff |
| 03/04/11 | J. Brockett | 0.30 | Telephone conference with Mr. Craig and Mr. Schenkman regarding |
| 03/04/11 | L. Rose | 4.20 | Revise and edit Rule 26 initial disclosures; review and analyze documents in preparation for production; revise and edit Amended Answers to Plaintiff's First Amended Complaint |
| 03/04/11 | K. Roth | 4.70 | Continue redaction of proprietary information |
| 03/07/11 | J. Brockett | 0.70 | Edit initial disclosures; draft email to Ms. Heim regarding |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

Anchorage    New York    Seattle
Bellevue     Portland    Shanghai
Los Angeles  San Francisco    Washington, D.C.

www.dwt.com

**Davis Wright
Tremaine** LLP

Sony Pictures Entertainment
Invoice No. 5965023
Page No. 2

| <u>DATE</u> | <u>PROFESSIONAL</u> | <u>TIME</u> | <u>DESCRIPTION OF SERVICES</u> |
|------|------|------|------|
| 03/07/11 | L. Rose | 1.40 | Revise and edit Sony's first set of special interrogatories to Plaintiff; revise and edit Sony's first set of requests for admission to Plaintiff; revise and edit Defendants' initial disclosures |
| 03/07/11 | K. Roth | 1.10 | Continue redaction of proprietary and confidential information in preparation of document production |
| 03/08/11 | J. Brockett | 1.50 | Review trial setting order and evaluate impact on strategy, including telephone conference regarding same; draft email to Ms. Heim regarding revise discovery for service on Ms. Lawrence |
| 03/08/11 | L. Rose | 4.20 | Review and analyze documents; revise and edit Sony's Requests for Production |
| 03/08/11 | K. Roth | 3.70 | Continue redaction of proprietary information from client documents in preparation of production; |
| 03/09/11 | J. Brockett | 0.70 | Emails to defendants and defense counsel regarding revise initial disclosures |
| 03/09/11 | L. Rose | 4.40 | Final revisions and edits to Sony's Special Interrogatories and Requests for Production; revise and edit Sony's Amended Answer; revise and edit Defendants' initial disclosures; revise and edit letter to Plaintiff regarding trial preparation order and discovery; review and analyze documents in preparation for production |
| 03/10/11 | J. Brockett | 0.20 | Emails with Ms. Stallings, Mr. Malkin and Ms. Carr regarding |
| 03/10/11 | K. Henry | 0.50 | Communications regarding draft Discovery Chart |
| 03/10/11 | L. Rose | 2.60 | Review and analyze documents; revise and edit Sony's Amended Answer; revise and edit trial calendar |
| 03/11/11 | J. Brockett | 0.70 | Review proposed Sony document production part 1; review proposed SKE production |
| 03/11/11 | L. Rose | 0.80 | Revise and edit Sony's Amended Answer; review and analyze documents |
| 03/11/11 | K. Roth | 2.00 | Revise redactions of "Sony Legal" documents in preparation of document production |
| 03/14/11 | J. Brockett | 1.80 | Meet with Ms. Stallings and Mr. Malkin to interview |

REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5965023
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | them                              review additional documents for production to send to Ms. Heim |
| 03/14/11 | L. Rose | 1.40 | Review and analyze documents in preparation for production |
| 03/14/11 | K. Roth | 0.30 | Revise document tagging in preparation of document production |
| 03/15/11 | J. Brockett | 2.60 | Meet to discuss                meet to explain email with Ms. Heim regarding |
| 03/15/11 | K. Henry | 0.50 | Communications regarding |
| 03/15/11 | L. Rose | 4.50 | Review and analyze documents; draft deposition notice of Pamella Lawrence; draft subpoena duces tecum to Joshua Glotzer; draft notice of Glotzer subpoena; revise and edit Amended Answer of SKE parties; attorney conference regarding |
| 03/15/11 | K. Roth | 1.50 | Continue revision of document tagging and redactions in preparation of document production |
| 03/16/11 | L. Rose | 1.90 | Revise and edit Amended Answers to First Amended Complaint; revise and edit initial disclosures; review and analyze documents |
| 03/16/11 | K. Roth | 0.80 | Continue revisions of document tagging and redactions in preparation of document production |
| 03/17/11 | L. Rose | 1.50 | Revise and edit Sony's Amended Answer to First Amended Complaint; review and analyze documents |
| 03/18/11 | K. Henry | 0.80 | Research |
| 03/18/11 | L. Rose | 3.70 | Review and analyze documents |
| 03/21/11 | J. Brockett | 1.60 | Take call from J. Glotzer (Lawrence former counsel) regarding deposition; review amended deposition notice; draft outline of Lawrence deposition |
| 03/22/11 | J. Brockett | 2.80 | Review Amended Answer; email Ms. Heim regarding (n/c); continue drafting Lawrence deposition outline; prepare for interview of Ms. Baer |
| 03/23/11 | J. Brockett | 3.20 | Prepare for meeting and meet with Ms. Baer regarding                                 telephone conference with Aeysha Carr regarding |
| 03/23/11 | L. Rose | 0.60 | Review and analyze documents |
| 03/23/11 | K. Roth | 1.20 | Prepare deposition exhibits |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5965023
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 03/24/11 | J. Brockett | 1.50 | Draft Baer declaration in support of motion for summary judgment; draft Carr declaration in support of motion for summary judgment |
| 03/24/11 | K. Henry | 3.30 | Research review and edit draft outline for deposition of Pamela Lawrence |
| 03/24/11 | L. Rose | 0.60 | Final revisions to Amended Answers |
| 03/24/11 | K. Roth | 1.40 | Continued preparation of deposition exhibits |
| 03/25/11 | J. Brockett | 0.30 | Email confirmation to Ms. Lawrence regarding Monday deposition; respond to letter from Ms. Lawrence regarding mediation |
| 03/25/11 | L. Rose | 0.70 | Review and analyze documents |
| 03/25/11 | K. Roth | 0.90 | Continue preparation of deposition exhibits |
| 03/28/11 | J. Brockett | 0.90 | Prepare for deposition; take non-appearance; conference with Ms. Lawrence regarding failure to attend deposition |
| 03/28/11 | L. Rose | 1.60 | Meet and confer letter to Plaintiff regarding failure to appear at deposition; legal research regarding |
| 03/29/11 | J. Brockett | 3.50 | Telephone conference with Glotzer regarding draft letter to Ms. Lawrence regarding deposition; conference with Ms. Heim regarding interview experts, Professor Richard Walter; draft expert witness designation |
| 03/30/11 | J. Brockett | 8.40 | Work with Professor Walter to prepare expert witness declaration, including multiple telephone conferences |
| 03/30/11 | K. Roth | 0.50 | Prepare additional exhibits for the Pamella Lawrence deposition |
| 03/31/11 | J. Brockett | 12.30 | Attend Lawrence deposition, including telephone conference with Ms. Lawrence, take non-appearance, meet and confer letters to Ms. Lawrence, draft ex parte application and declaration, draft motion to compel, and report to Ms. Heim |
| 03/31/11 | L. Rose | 1.20 | Legal research regarding |

REDACTED

Total Hours Worked    125.00
111.00

# Davis Wright
## Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

May 18, 2011
Invoice No. 5975240

MAY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:        0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 04/04/11 | J. Brockett | 6.00 | Telephone conference Ms. Kunath; draft declarations in support of motion for summary judgment (Craig, Baer, Carr and Malkin); email Mr. Barnes regarding report to Ms. Heim regarding respond to fax from Ms. Lawrence |
| 04/05/11 | J. Brockett | 3.90 | Prepare for Lawrence deposition (revise deposition outline to prioritize issues in case Lawrence walks); telephone conference with Mr. Kessleman regarding take call from clerk to Judge Eik; revise declarations; call with Plaintiff regarding Second Amended deposition notice; emails with Mr. Kenneth regarding call Mr. Glotzer |
| 04/05/11 | K. Henry | 3.10 | Revise Outline for Lawrence deposition to include additional areas of inquiry to assist with summary judgment motion; communications regarding |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

**Davis Wright Tremaine** LLP

Sony Pictures Entertainment
Invoice No. 5975240
Page No. 2

| <u>DATE</u> | <u>PROFESSIONAL</u> | <u>TIME</u> | <u>DESCRIPTION OF SERVICES</u> |
|---|---|---|---|
| | | | review pleadings and prior motions in preparation to draft summary judgment motion |
| 04/05/11 | L. Rose | 1.10 | Draft declaration of Share Stallings; review and analyze documents |
| 04/06/11 | K. Henry | 2.10 | Begin draft of summary judgment motion |
| 04/06/11 | L. Rose | 1.40 | Review and analyze defendant's documents |
| 04/07/11 | K. Henry | 5.40 | Read and analyze plaintiff's book Caught on Video ... the Most Embarrassing Moment de Funeral July 11, 1994; review and analyze video that plaintiff submitted as exhibit with First Amended Complaint; continue draft of summary judgment motion |
| 04/07/11 | L. Rose | 1.40 | Review and analyze documents; meet and confer letter to Ms. Lawrence regarding discovery responses |
| 04/08/11 | J. Brockett | 2.20 | Prepare for and attend hearing on motion to compel; report to Ms. Heim regarding |
| 04/08/11 | K. Henry | 4.40 | Review and analyze DAAF 2007 and 2010 in preparation to draft discussion on extrinsic test; communications regarding           review and analyze expert report |
| 04/08/11 | L. Rose | 1.90 | Review and analyze documents |
| 04/10/11 | K. Henry | 7.40 | Continue draft of summary judgment motion; research            research |
| 04/10/11 | L. Rose | 1.80 | First draft of the declarations of Jim Tauber, Clint Culpepper and Bruce Toll; first draft of defendants' statement of uncontroverted facts and conclusions of law |
| 04/11/11 | J. Brockett | 5.60 | Update research regarding           draft meet and confer letter to Lawrence; review discovery responses received from Lawrence and internet research regarding author of video |
| 04/11/11 | K. Henry | 1.50 | Complete draft of summary judgment motion and circulate to team |
| 04/11/11 | L. Rose | 1.20 | Revise and edit Defendants' Statement of Uncontroverted Facts and Conclusions of Law |

REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5975240
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|--------------------------|
| 04/12/11 | J. Brockett | 4.60 | Multiple emails regarding including emails to Mr. Craig and Ms. Heim; revise deposition outline to include additional material from plaintiff's interrogatory and request for production responses; prepare subpoena on ICM; revise and edit motion for summary judgment declarations |
| 04/12/11 | K. Henry | 1.80 | Review and analyze communications regarding |
| 04/12/11 | L. Rose | 4.60 | Draft meet and confer letter to Lawrence regarding missing pages from document production; revise and edit Motion for Summary Judgment; review and analyze documents |
| 04/13/11 | J. Brockett | 10.90 | Prepare for and take deposition of Ms. Lawrence; report to Davis Wright Tremaine team prepare report to clients regarding revise meet and confer letter to add information from deposition, including research law in response to factual theories raised by plaintiff |
| 04/13/11 | K. Henry | 7.50 | Attend deposition of Ms. Lawrence; discuss strategy for |
| 04/13/11 | L. Rose | 5.60 | Revise and edit Motion for Summary Judgment; legal research regarding review and analyze documents |
| 04/14/11 | J. Brockett | 3.80 | Revise motion for summary judgment brief |
| 04/14/11 | K. Henry | 6.40 | Draft audit report; communications regarding revise draft meet and confer letter; revise report on Lawrence deposition; make revisions to draft Motion for Summary Judgment, including drafting |

REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5975240
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|--------------------------|
| | | | Introduction |
| 04/14/11 | L. Rose | 4.00 | Revise and edit Motion for Summary Judgment; additional legal research regarding         , revise and edit declaration of Dean Craig |
| 04/15/11 | J. Brockett | 5.50 | Revise motion for summary judgment brief |
| 04/15/11 | L. Rose | 3.30 | Revise and edit Motion for Summary Judgment; legal research regarding |
| 04/18/11 | K. Henry | 4.20 | Begin review and outline of transcript |
| 04/18/11 | L. Rose | 4.40 | Revise and edit Motion for Summary Judgment; revise and edit Declarations of Diana Phillips, Joshua Kesselman, Frank Oz, Neil LaBute, Philip Elway and Glenn S. Gainor |
| 04/19/11 | J. Brockett | 6.00 | Read and analyze Lawrence deposition; revise motion for summary judgment brief to conform to deposition; finalize draft declarations of Mr. Malkin, Ms. Stallings, Mr. LaBute and Ms. Baer and email same to clients; email draft motion for summary judgment to Ms. Heim and emails with Ms. Heim regarding         revise and finalize Mr. Culpepper and Mr. Gainor declarations and email to Ms. Heim |
| 04/19/11 | K. Henry | 9.20 | Communications regarding |
| | | | communications regarding         . revise facts section of Statement of Uncontroverted Facts and Conclusions of Law |
| 04/19/11 | L. Rose | 5.40 | Revise and edit Declarations of Sidney Kimmel, Laurence Malkin, Diana Phillips, Share Stallings, Neil LaBute, Amy Baer, Glenn Gainor, Susan Deardorff, Dean Craig and Philip Elway; revise and edit Defendants' Statement of Uncontroverted Facts and |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5975240
Page No. 5

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | Conclusions of Law |
| 04/20/11 | K. Henry | 2.30 | Verify litigation deadlines; complete facts section of Statement of Uncontroverted Facts and Conclusions of Law and forward for review; create task list regarding summary judgment filing |
| 04/20/11 | L. Rose | 3.20 | Revise and edit declarations of Share Stallings, Dean Craig, Philip Elway, Joshua Kesselman; additional review and analysis of documents; attorney conference regarding |
| 04/21/11 | J. Brockett | 3.20 | Review and edit statement of undisputed facts and conclusions of law; telephone conference with Mr. Hanks regarding                    ; telephone conference with Mr. Craig regarding his declaration; emails with Mr. Malkin and Ms. Stallings regarding |
| 04/21/11 | K. Henry | 4.70 | Revise Conclusions of Law section of Statement of Uncontroverted Facts and Conclusions of Law; revise facts section of the Statement to reflect comments |
| 04/22/11 | J. Brockett | 0.70 | Meet regarding ·               (n/c); emails with Ms. Carr regarding            telephone conference with Mr. Craig and revise Craig declaration; review revised Malkin declaration |
| 04/22/11 | K. Henry | 1.80 | Revise Statement of Uncontroverted Facts and Conclusions of Law to include references to Gainor Declaration; revise Statement of Uncontroverted Facts and Conclusions of Law to include references to Deardorf Decl.; revise Statement of Uncontroverted Facts and Conclusions of Law to include references to Culpepper Declaration; revise Statement of Uncontroverted Facts and Conclusions of Law to include references to Tauber Declaration; discuss with J. Brockett some of her comments to the Statement of Uncontroverted Facts and Conclusions of Law |
| 04/22/11 | L. Rose | 1.20 | Attorney conference regarding                     prepare second supplemental initial disclosures |
| 04/25/11 | J. Brockett | 0.70 | Email Mr. Hanks regarding             review revised Kimmel declaration and make further revisions and email Mr. Hanks regarding |

REDACTED

**Davis Wright
Tremaine** LLP

Sony Pictures Entertainment
Invoice No. 5975240
Page No. 6

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | telephone conference with Mr. Hanks regarding |
| 04/25/11 | K. Henry | 4.40 | Make additional revisions to the fact section of the Statement of Uncontroverted Facts and Conclusions of Law at J. Brockett's instruction; revise conclusions of law section of the Statement of Uncontroverted Facts and Conclusions of Law; review marked deposition transcript for accuracy and completeness; revise Statement of Uncontroverted Facts and Conclusions of Law to reflect Baer Declaration; revise Statement of Uncontroverted Facts and Conclusions of Law to reflect Elway Declaration |
| 04/25/11 | L. Rose | 2.20 | Revise and edit Declarations of Chris Rock, Laurence Malkin, Share Stallings, Joshua Kesselman and Philip Elway |
| 04/26/11 | J. Brockett | 2.50 | review out of statement and transcripts for K. Henry Emails with Mr. Hanks, Mr. Craig, Ms. Carr, Mr. Behr, Mr. Kelly, Mr. Malkin and Ms. Stallings                      revise declarations in support of motion for summary judgment; supervise assembly of evidence in support of motion for summary judgment; debrief J. Nguyen regarding |
| 04/26/11 | J. Nguyen | 1.00 | Discuss                with J. Brockett; begin reviewing case materials |
| 04/26/11 | K. Henry | 0.30 | Revise Statement of Uncontroverted Facts and Conclusions of Law to reflect Toll and Kimmel Declarations |
| 04/26/11 | L. Rose | 2.80 | Revise and edit Motion for Summary Judgment; revise and edit Declarations of Share Stallings, Laurence Malkin, Joshua Kesselman and Dean Craig; attorney conference regarding                      telephone call with Joshua Kesselman regarding |
| 04/27/11 | J. Brockett | 3.10 | Conference regarding                      emails with Mr. Horberg regarding                      emails with Mr. Hanks regarding                      telephone conference and emails with ICM regarding                      review ICM document production |
| 04/27/11 | K. Henry | 2.50 | Communications regarding                      revise Statement of Uncontroverted Facts |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5975240
Page No. 7

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | and Conclusions of Law to reflect Carr, Craig, Oz, LaBute, and Phillips declarations; revise Trial Calendar and research rules regarding draft letter to Ms. Lawrence regarding Rule 16-2 conference |
| 04/27/11 | L. Rose | 0.30 | Draft declaration of Jennifer Brocket in support of Motion for Summary Judgment |
| 04/28/11 | J. Brockett | 0.80 | Meet regarding email Mr. Barnes regarding email Ms. Stallings and Mr. Malkin regarding |
| 04/28/11 | J. Nguyen | 2.80 | Analyze draft summary judgment motion and Statement of Uncontroverted Facts; instructions regarding same and analyze strategy; review draft correspondence to Plaintiff |
| 04/28/11 | K. Henry | 2.60 | Communications with Ms. Majors regarding revise Statement of Uncontroverted Facts and Conclusions of Law to reflect Horberg Declaration; communications regarding |
| 04/29/11 | J. Brockett | 5.20 | Emails with Mr. Malkin and Ms. Stallings; revise draft motion for summary judgment; finalize letter to Ms. Lawrence regarding Rule 16 meeting (n/c) |
| 04/29/11 | L. Rose | 0.90 | Telephone call with Mr. Malkin regarding revise and edit declaration of Laurence Malkin; revise and edit declaration of Chris Rock; draft Defendants' Third Supplemental Initial Disclosures |
| 04/30/11 | J. Brockett | 2.30 | Revise motion for summary judgment |
| 04/30/11 | K. Henry | 5.30 | Research '; revise Separate Statement of Uncontroverted Facts |
| | Total Hours Worked | ~~214.10~~ 196.90 | |

REDACTED

---

## DISBURSEMENT DETAIL

| DESCRIPTION | QUANTITY | AMOUNT |
|-------------|----------|--------|
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC - 3/28/11 Reporter's affidavit of non-appearance per J. Brockett | 1 | 266.40 |
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC - 3/28/11 Video services of Pamella Lawrence per J. Brockett | 1 | 272.50 |

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5975240
Page No. 8

| | | |
|---|---|---|
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC - 3/31/11 Video services of Pamela Lawrence per J. Brockett | 1 | 272.50 |

Total Current Disbursements          ~~$11,193.77~~
₱ 811.40

**REDACTED**

# Davis Wright
## Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

June 9, 2011
Invoice No. 5980038

### JUNE INVOICE FOR
### STATEMENT OF
### SERVICES AND DISBURSEMENTS

Matter No.:          0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 05/01/11 | J. Nguyen | 2.50 | Review and revise further draft of summary judgment motion, review revised draft of Statement of Uncontroverted Facts |
| 05/02/11 | J. Brockett | 2.60 | Emails regarding Rule 16-2 meeting; revise and edit motion for summary judgment; telephone conference with Mr. Miller (assistant to Chris Rock) regarding telephone conference with Mr. Barnes (counsel to Chris Rock) regarding revisions to Mr. Rock declaration and emails with Mr. Miller and Mr. Barnes regarding emails with Ms. Lawrence regarding Rule 16 meeting |
| 05/02/11 | J. Nguyen | 0.50 | Review comments to Statement of Uncontroverted Facts; review trial preparation calendar |
| 05/02/11 | K. Henry | 1.70 | Communications regarding : ; update Trial Calendar; revise Statement of Uncontroverted Facts to reflect comments; revise Statement of Uncontroverted Facts to reflect Stallings Declaration; revise Statement of Uncontroverted Facts to reflect Malkin Declaration; revise Statement of Uncontroverted Facts to reflect |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5980038
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | Kesselman Declaration |
| 05/02/11 | L. Rose | 4.70 | Revise and edit motion for summary judgment; legal research regarding same |
| 05/03/11 | J. Brockett | 1.20 | Meet regarding |
| 05/03/11 | J. Nguyen | 0.80 | Analyze trial preparation action items, strategy and further depositions possibly needed |
| 05/03/11 | K. Henry | 0.30 | Communications regarding |
| 05/03/11 | L. Rose | 1.30 | Legal research regarding |
| 05/04/11 | J. Brockett | 3.40 | Prepare trial plan; prepare agenda for Rule 16-2 meeting; emails with Ms. Heim regarding emails with Mr. Miller regarding prepare memorandum regarding |
| 05/04/11 | K. Henry | 6.10 | Review Rules of Civil Procedure and Local Rules and draft Rule 16-2.4 Witness Disclosure; prepare initial working drafts of jury instructions on claims for copyright infringement, contributory infringement, and vicarious infringement |
| 05/04/11 | K. Roth | 1.50 | Draft Defendants Trial Exhibit |
| 05/05/11 | J. Brockett | 2.20 | Revise motion for summary judgement |
| 05/05/11 | J. Nguyen | 0.80 | Review further draft of motion for summary judgment and comment on same |
| 05/05/11 | K. Henry | 4.00 | Finalize Statement of Uncontroverted Facts, including inserting cites to Rock Declaration and exhibits; finalize summary judgment motion, including inserting cites to SUF |
| 05/05/11 | L. Rose | 1.70 | Revise and edit motion for summary judgment and proposed statement of uncontroverted facts and conclusions of law |
| 05/05/11 | K. Roth | 5.10 | Draft Defendant's Trial Exhibit List |
| 05/06/11 | J. Brockett | 1.50 | Finalize motion for summary judgment and statement of undisputed facts |
| 05/06/11 | K. Henry | 2.30 | Revise Witness Disclosure to reflect comments; |
| 05/06/11 | L. Rose | 2.80 | Final revisions and edits to motion for summary judgment and statement of uncontroverted facts and conclusions of law |
| 05/06/11 | K. Roth | 1.40 | Continue drafting Defendant's Trial Exhibit List |
| 05/07/11 | J. Nguyen | 0.50 | Analyze trial preparation tasks and deadlines |
| 05/09/11 | J. Brockett | 4.30 | Interview Elizabeth Franco Bradley; interview with Joshua Glotzer; report regarding finalize witness list and exhibit list; research regarding |

REDACTED



Sony Pictures Entertainment
Invoice No. 5980038
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|--------------------------|
| | | | meet regarding |
| | | | conference regarding |
| 05/09/11 | J. Nguyen | 1.00 | Analyze issues to be raised with Plaintiff at Rule 16-2 meeting and trial preparation strategy; review issues for potential motions in limine |
| 05/09/11 | K. Roth | 1.10 | Revise Exhibit list; calls regarding updating production database |
| 05/10/11 | J. Brockett | 5.50 | Prepare for Rule 16 meeting and meet with Ms. Lawrence; further conference regarding draft summary email report to Ms. Heim; draft confirmatory letter to Ms. Lawrence regarding Rule 16-2 meeting; research regarding |
| 05/10/11 | J. Nguyen | 2.50 | Attend Rule 16-2 meeting with Plaintiff; strategize regarding : review correspondence with client; analyze list of proposed jury instructions |
| 05/10/11 | K. Henry | 2.50 | Review First Amended Complaint, Answer to First Amended Complaint, and summary judgment motion and suggest certain special instructions; research the deadline to move for bifurcation of liability and damages; communications regarding . communications regarding . , research |
| 05/11/11 | J. Brockett | 4.40 | Revise and edit jury instructions; finalize rule 16-2 confirmatory letter to Ms. Lawrence |
| 05/11/11 | J. Nguyen | 0.70 | Analyze damage proof issues; review and revise draft letter to Plaintiff summarizing Rule 16-2 meeting |
| 05/11/11 | K. Roth | 0.40 | Draft Joint Trial Exhibit List |
| 05/12/11 | J. Brockett | 2.90 | Trial preparation-prepare agenda for telephone conference with Ms. Heim; meet with M. Adla regarding Judge Wilson's trial procedures; prepare for telephone conference and telephone conference with Ms. Heim regarding |
| 05/12/11 | J. Nguyen | 1.00 | Prepare for and conference call with Ms. Heim regarding review trial preparation action list and |

REDACTED



Sony Pictures Entertainment
Invoice No. 5980038
Page No. 5

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | Reply Brief;communications regarding issues |
| 05/18/11 | L. Rose | 3.40 | Review and analyze plaintiff's opposition to motion for summary judgment; first draft of reply to opposition (sections I A-C); legal research regarding |
| 05/19/11 | J. Brockett | 4.20 | Prepare reply in support of motion for summary judgment including draft "access" portion of reply memorandum and introduction to Reply memorandum and edit reply |
| 05/19/11 | J. Nguyen | 2.00 | Analyze Plaintiff's opposition papers to summary judgment motions; prepare email memorandum to team review and revise draft summary judgment reply brief; evaluate status of trial preparation items |
| 05/19/11 | K. Henry | 9.00 | Draft portions of Reply Brief; prepare response to audit request; continue work on Memorandum of Contentions of Fact and Law |
| 05/19/11 | L. Rose | 3.60 | Revise and edit reply to opposition to motion for summary judgment; legal research regarding |
| 05/20/11 | J. Brockett | 4.60 | Revise motion for summary judgment reply |
| 05/20/11 | J. Nguyen | 2.50 | Further revise draft reply brief for summary judgment motion |
| 05/20/11 | K. Henry | 3.90 | Continue work on Memorandum of Contentions of Fact and Law; revise and proof draft Reply Brief per instructions |
| 05/21/11 | J. Brockett | 1.80 | Revise and edit motion for summary judgment reply (to cut 2 pages) |
| 05/21/11 | J. Nguyen | 0.30 | Analyze issues and strategy for reply brief on summary judgment motion |
| 05/22/11 | J. Nguyen | 2.30 | Analyze transcript of Ms. Lawrence deposition; analyze trial preparation issues and motions in limine |
| 05/23/11 | J. Brockett | 2.40 | Finalize motion for summary judgment reply for filing |
| 05/23/11 | L. Rose | 2.30 | Revise and edit reply to opposition to motion for summary judgment; revise and edit proposed order regarding same |
| 05/24/11 | J. Brockett | 0.70 | Draft "template" email to clients regarding |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5980038
Page No. 6

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|--------------------------|
| | | | review and edit limine motion notice; conference regarding . |
| 05/24/11 | J. Nguyen | 0.40 | Review draft correspondence to clients and witnesses regarding                               . analyze additional evidentiary issues at trial |
| 05/24/11 | K. Henry | 2.20 | Complete initial draft of Memorandum of Contentions of Fact and Law |
| 05/24/11 | L. Rose | 3.20 | Revise and edit Motion in Limine No. 1 (presentation of evidence); legal research regarding |
| 05/25/11 | J. Brockett | 0.70 | Emails to clients and client response regarding |
| 05/25/11 | J. Nguyen | 0.50 | Attend to case management and oversight of trial preparation |
| 05/25/11 | K. Henry | 6.00 | Revise draft of Motion in Limine |
| 05/25/11 | L. Rose | 1.90 | Revise and edit motion in limine regulating plaintiff's presentation of evidence; additional legal research regarding          prepare chart regarding witness availability |
| 05/26/11 | J. Brockett | 4.30 | Revise and edit limine motion, draft inserts for declaration, review evidence in support of limine motion; emails with client representatives for Mr. Rock, Mr. Labute and Mr. Oz regarding |
| 05/26/11 | J. Nguyen | 1.00 | Review and revise draft motion in limine to regulate plaintiff's evidence |
| 05/26/11 | L. Rose | 4.20 | Draft letter to Plaintiff regarding contemplated motion in limine; draft proposed order on motion in limine; draft declaration of Jennifer Brockett in support of motion in limine; revise and edit motion in limine |
| 05/26/11 | K. Roth | 0.70 | Mark Lawrence deposition excerpts for attachment to Motion in Limine |
| 05/27/11 | J. Brockett | 2.60 | Emails with Mr. Hanks regarding                        / finalize limine motion for filing; emails with Mr. Craig and A. Carr regarding first review/edit of memorandum of contentions of fact and law and provide comments |
| 05/27/11 | J. Nguyen | 0.80 | Further revise motion in limine |
| 05/27/11 | K. Henry | 3.50 | Finalize motion in limine and corresponding pleadings and exhibits for filing; revise Memorandum of Contentions of Fact and Law to reflect comments |
| 05/27/11 | L. Rose | 0.80 | Final revisions and edits to reply to opposition to motion for summary judgment |
| 05/28/11 | J. Nguyen | 1.00 | Analyze draft memorandum of contentions of fact and law |
| 05/31/11 | J. Brockett | 2.10 | Draft settlement conference statement |
| 05/31/11 | J. Nguyen | 1.00 | Initial review of joint trial exhibits list; review status of |

REDACTED



Sony Pictures Entertainment
Invoice No. 5980038
Page No. 7

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | trial preparation and deadlines; review materials for summary judgment hearing |
| 05/31/11 | K. Henry | 2.60 | Revise Joint Exhibit List to add plaintiffs' exhibits; continue work on special jury instructions |
| | Total Hours Worked | 192.60 | |

187.80

## DISBURSEMENT DETAIL

| DESCRIPTION | QUANTITY | AMOUNT |
|-------------|----------|--------|
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC - 3/31/11 Deposition of Pamela Lawrence per J. Brockett | 1 | 269.65 |
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC 04/06/2011 Video Services of Pamella Lwrence, Vol. 1 per J. Brockett | 1 | 355.00 |
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC  - 04/31/11, Certified copy of transcript of Pamella Lawrence, per J. Brockett | 1 | 3,056.53 |

# REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5980038
Page No. 8

Total Current Disbursements                                                          ~~$4,368.82~~
$3,708.18

# REDACTED

# Davis Wright Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

July 12, 2011
Invoice No. 5987852

JULY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:    0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 06/01/11 | J. Brockett | 4.70 | Draft Settlement Conference Statement and revise statement; update trial calendar; meet with J. Nguyen and K. Henry; follow up emails to Ms. Baer, Mr. Rock, Mr. Oz, and Mr. Craig regarding |
| 06/01/11 | J. Nguyen | 3.00 | Instruct on revisions to memorandum of contentions of fact; review draft settlement conference statement; team meeting to discuss                         analyze letter from Ms. Lawrence regarding motion in limine issues; review and comment on further draft of memorandum of contentions of fact and law |
| 06/01/11 | K. Henry | 4.20 | Communications regarding                         revise Memorandum of Contentions of Fact and Law to reflect J. Nguyen's comments; participate in team meeting; draft letter to Ms. Lawrence regarding Joint Exhibit List |
| 06/02/11 | J. Nguyen | 1.20 | Review memorandum of contentions of fact and law; review letter to Ms. Lawrence regarding joint exhibit list; review order continuing MSJ hearing; evaluate trial continuance strategy; review trial preparation action items |
| 06/02/11 | K. Henry | 5.70 | Communications regarding |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

Anchorage    New York    Seattle
Bellevue    Portland    Shanghai
Los Angeles    San Francisco    Washington, D.C.

www.dwt.com

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5987852
Page No. 2

| <u>DATE</u> | <u>PROFESSIONAL</u> | <u>TIME</u> | <u>DESCRIPTION OF SERVICES</u> |
|---|---|---|---|
| | | | communications regarding          make further revisions to Memorandum of Contentions of Fact and Law; revise letter to Plaintiff regarding Joint Exhibit List; revise Joint Exhibit List to reflect exhibits to which defendants object; oversee filing of Settlement Conference Statement; research          draft meet and confer letter regarding motion in limine to exclude remand order, case summary and case history plaintiff designated in her exhibit list |
| 06/02/11 | K. Roth | 0.70 | Call to Trial Graphics regarding running conflicts check and assignment of case manager |
| 06/03/11 | J. Brockett | 1.10 | Email Ms. Lawrence regarding request for trial continuance; follow up email to Ms. Lawrence regarding Exhibit List; edit meet and confer letter regarding Limine#2 |
| 06/03/11 | J. Nguyen | 0.50 | Review draft letter to Ms. Lawrence regarding further motion in limine; analyze trial continuance strategy |
| 06/03/11 | K. Henry | 1.20 | Revise meet and confer letter regarding Motion in Limine #2          revise meet and confer letter to reflect comments |
| 06/03/11 | K. Roth | 2.00 | Preparation of trial exhibits |
| 06/06/11 | J. Brockett | 2.40 | Revise and finalize memorandum of contentions of fact and law; meet regarding |
| 06/06/11 | J. Nguyen | 2.30 | Telephone conference Ms. Heim regarding          meeting          analyze issues for trial preparation and graphics/demonstrative exhibits; analyze issues for settlement conference |
| 06/06/11 | K. Henry | 0.50 | Communications regarding |
| 06/06/11 | L. Rose | 1.30 | Final revisions and edits to memorandum of contentions of fact and conclusions of law |
| 06/06/11 | K. Roth | 2.00 | Continue preparation of trial exhibits |
| 06/07/11 | J. Brockett | 2.70 | Revise ex parte application to continue trial; follow up with Mr. Behr regarding          draft all client update regarding          take call from Mr. Craig regarding |
| 06/07/11 | J. Nguyen | 4.00 | Analyze order taking settlement conference off calendar; analyze draft ex parte application to continue trial; analyze Plaintiff's trial witness list and memorandum of contentions of fact and law; evaluate |

REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5987852
Page No. 3

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| | | | need for trial brief; evaluate trial graphic needs; review briefing and case law to prepare for summary judgment briefing |
| 06/07/11 | K. Henry | 4.90 | Draft Ex Parte Application to Continue Trial Date; draft Brockett Declaration in support of Ex Parte Application; revise Ex Parte Application and Brockett Declaration per J. Brockett's comments; further revise Ex Parte Application to reflect additional comments; communications regarding ⸱ draft Proposed Order Granting Ex Parte Application to Continue Trial and Notice of Lodging |
| 06/07/11 | L. Rose | 1.30 | Revise and edit Motion in Limine No. 2 (to exclude court documents) |
| 06/07/11 | K. Roth | 2.80 | Continue preparation of Trial Exhibits; calls with Trial Graphics regarding trial presentation |
| 06/08/11 | J. Brockett | 0.40 | Revise and edit Limine Motion No. 2 |
| 06/08/11 | J. Nguyen | 4.30 | Revise further drafts of ex parte application to continue trial and proposed order; instruct regarding same; work on summary judgment hearing preparation; review summary judgment briefing and case law |
| 06/08/11 | K. Henry | 2.30 | Communications regarding ⸱ communications regarding revise ex parte application; research cases where continuances have been granted based on unavailability of witnesses or parties; make final revisions to ex parte application and proposed order and oversee filing |
| 06/08/11 | L. Rose | 1.70 | Revise and edit motion in limine to exclude state court documents; legal research regarding |
| 06/08/11 | K. Roth | 1.40 | Calls to Trial Graphix and preparation of material for transmittal to Trial Graphix |
| 06/09/11 | J. Brockett | 5.60 | Meet with trial Graphix regarding trial presentation needs; telephone conference with Professor Walter regarding expert testimony; draft special verdict forms; revise and edit Motion in Limine No. 2 (MMA Action); begin preparation of "Olg chart"/"cast of characters" demonstrative |
| 06/09/11 | J. Nguyen | 3.50 | Evaluate trial graphics needs; meeting with Trial Graphix team; conference call with expert witness regarding trial testimony; continue analyzing evidence and case law to prepare for summary judgment hearing; initial review of draft Motion in Limine No. 2; analyze further trial preparation action items |
| 06/09/11 | L. Rose | 2.40 | Revise and edit Motion in Limine to exclude court documents; legal research regarding |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5987852
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|---|---|---|---|
| 06/10/11 | J. Brockett | 1.40 | Email regarding _____ prepare demonstrative/graphic exhibit regarding defendant ID and "cast of characters"; prepare additional jury instructions and special verdict form |
| 06/10/11 | J. Nguyen | 2.00 | Review and revise Motion in Limine to preclude evidence related to prior WMA action and proposed order on same |
| 06/10/11 | L. Rose | 2.80 | Revise and edit defendants' Motion in Limine No. 2; legal research regarding _____ revise end edit proposed order on Motion in Limine No. 2; revise and edit declaration of Jennifer L. Brockett in support of Motion in Limine No. 2 |
| 06/13/11 | J. Nguyen | 0.50 | Evaluate status of trial preparation and action needed given summary judgment submission; analyze Trial Graphix proposal |
| 06/14/11 | J. Brockett | 4.10 | Draft additional jury instructions and special verdict from; draft report and update to clients regarding _____ revise "cast of characters" demonstrative trail graphic; report to expert (Mr. Walter) and vendor (Trial Graphix) regarding continuance |
| 06/14/11 | J. Nguyen | 0.30 | Analyze order continuing trial and report to Ms. Heim; evaluate impact on trial preparation items; comment on proposed email to clients and witnesses regarding |
| 06/22/11 | J. Nguyen | 0.40 | Review new trial calendar and deadlines; confer regarding |
| 06/28/11 | J. Nguyen | 0.20 | Analyze settlement letter from Plaintiff and evaluate options for response |
| 06/29/11 | J. Brockett | 0.20 | Draft response to settlement demand |
| 06/30/11 | J. Nguyen | 0.20 | Review and revise email to Ms. Lawrence responding to settlement letter |
| | Total Hours Worked | 82.20 | |

REDACTED

## DISBURSEMENT DETAIL

| DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC - 4/6/11 Deposition of Pamella Lawrence per J. Brockett | 1 | 260.85 |

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5987852
Page No. 5

Total Current Disbursements                                    $1,571.80

$ 260.85

# REDACTED

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Sony Pictures Entertainment
Attn: Leonard Venger
10202 West Washington Boulevard
Capra Building, Suite 2500
Culver City, CA  90232

August 9, 2011
Invoice No. 5995872

AUGUST INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:          0032472-000020
Lawrence v. Sony, et al.

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 07/08/11 | J. Nguyen | 0.70 | Analyze plaintiff's oppositions to motions in limine |
| 07/15/11 | J. Brockett | 0.30 | Telephone conference regarding |
| 07/15/11 | J. Nguyen | 0.60 | Confer regarding evaluate action items |
| 07/18/11 | J. Brockett | 0.50 | Draft "ramp up" memorandum to team |
| 07/19/11 | K. Henry | 1.50 | Review task list and litigation calendar to determine what items must be completed in advance of the Final Pretrial Conference and communication with team regarding          update litigation calendar |
| 07/20/11 | J. Nguyen | 0.40 | Analyze witness list for trial and evaluate witness preparation scheduling and issues |
| 07/21/11 | J. Nguyen | 0.50 | Attend to case management; review trial preparation calendar and deadlines |
| 07/21/11 | K. Henry | 0.90 | Update Trial Calendar and communications with team regarding          review and analyze Plaintiff's Memorandum of Contentions of Fact and Law in preparation to discuss Trial Brief |
| 07/22/11 | J. Brockett | 4.90 | Draft Special verdict form, including additional research on          emails with Mr. Craig, Mr. Malkin regarding |

REDACTED

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5995872
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 07/22/11 | J. Nguyen | 0.40 | Analyze trial witness list and trial action items; evaluate witness preparation scheduling |
| 07/23/11 | J. Nguyen | 0.40 | Review trial witness list and evaluate allocation of witnesses for preparation and trial |
| 07/25/11 | J. Brockett | 4.00 | Team meeting; continue drafting special verdict form, draft comparison general verdict form, begin drafting voire dire questions; confer regarding |
| 07/25/11 | J. Nguyen | 2.00 | Review trial calendar and preparation tasks; prepare for and attend team meeting on                    confer regarding |
| 07/25/11 | K. Henry | 6.00 | Participate in team meeting; communications regarding                   draft Final Pretrial Conference Order |
| 07/25/11 | L. Rose | 0.60 | Attorney conference with J. Nguyen, J. Brockett and K. Henry re |
| 07/25/11 | K. Roth | 1.30 | Meet with J. Brockett regarding                       preparation of trial exhibits and witness files |
| 07/26/11 | J. Brockett | 2.80 | Finalize Special Verdict form; conference with potential trial consultant; draft voir dire questions |
| 07/26/11 | K. Henry | 7.70 | Complete draft of Final Pretrial Conference Order; continue work on jury instructions |
| 07/26/11 | K. Roth | 3.30 | Resume preparation of trial exhibits per J. Brockett |
| 07/27/11 | J. Nguyen | 0.70 | Analyze draft verdict forms and evaluate opinions |
| 07/27/11 | K. Henry | 3.20 | Finalize draft of proposed jury instructions |
| 07/28/11 | J. Brockett | 1.90 | Conference regarding                        draft voir dire questions |
| 07/28/11 | J. Nguyen | 1.50 | Analyze draft jury instructions and Final Pretrial Conference order |
| 07/28/11 | K. Henry | 1.90 | Research whether                 complete finalization of Pretrial Conference Order and proposed Jury Instructions and forward drafts of same to J. Nguyen for review and comment |
| 07/28/11 | L. Rose | 1.10 | Revise and edit replies to Plaintiff's oppositions to Motions in Limine |

REDACTED

**Davis Wright Tremaine LLP**

Sony Pictures Entertainment
Invoice No. 5995872
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 07/28/11 | K. Roth | 1.30 | Continued preparation of trial exhibits and witness files |
| 07/29/11 | J. Brockett | 1.60 | Review and analyze order; draft email update to clients; email Mr. Craig and Mr Miller regarding          telephone conference with Mr. Hanks regarding          conference with L. Rose regarding |
| 07/29/11 | J. Nguyen | 0.80 | Analyze court order granting summary judgment; confer regarding          telephone conference with M. Heim |
| 07/29/11 | K. Henry | 0.50 | Review and analyze Court's Order granting our summary judgment motion |
| 07/30/11 | J. Nguyen | 0.30 | Review and revise draft email report to client on |
| | Total Hours Worked | ~~60.90~~ 53.60 | |

## DISBURSEMENT DETAIL

| DESCRIPTION | QUANTITY | AMOUNT |
|-------------|----------|--------|
| Court reporting service - - SARNOFF INFORMATION TECHNOLOGIES INC - 4/13/11 Video services on Pamella Lawrence per J. Brockett | 1 | 1,637.63 |

# REDACTED

Davis Wright
Tremaine LLP

Sony Pictures Entertainment
Invoice No. 5995872
Page No. 4

Total Current Disbursements                              $5,131.32
                                                         $1,637.63

# REDACTED

# EXHIBIT D



865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566

**Jimmy Nguyen**
213.633.8600 main
213.633.8643 dir
213.633.6899 fax

jimmynguyen@dwt.com

August 22, 2011

<u>Via Electronic Mail & U.S. Mail</u>

Ms. Pamella Lawrence
3183 Wilshire Boulevard, Suite #196-C43
Los Angeles, California 90010

      Re:    *Lawrence v. Sony Pictures Ent't, Inc., et al.*
              Case No. CV10-04737-SVW(Ex)

Dear Ms. Lawrence:

        Pursuant to Local Rule 7-3, this letter is intended to meet and confer with you concerning Defendants' anticipated motion for attorneys' fees. As my colleague Jennifer Brockett explained to you in her April 14, 2011 letter, defendants that successfully obtain judgment on a copyright-infringement action may receive an award of the reasonable attorneys' fees that they incurred in their defense. *See* 17 U.S.C. § 505; *see also Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994). In determining whether to award fees, courts should consider "the degree of success obtained" and then apply a list of factors, including "frivolousness, motivations, objective unreasonableness (both in the factual and legal components of the case) and the need in the particular circumstances to advance the considerations of compensation and deterrence." *Id.* Moreover, the differences in financial position are not a factor to consider in determining whether an award of fees serves the purposes of the Copyright Act. *See Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F. 3d 70, 75 (1st Cir. 1998).

        Here, Defendants were entirely successful in obtaining summary judgment on each of your copyright-infringement claims, and believe that the Court's Order granting summary judgment confirms that your copyright-infringement claims were objectively unreasonable. As a result, Defendants intend to move the Court for an order directing you to reimburse the attorneys' fees and costs that Defendants incurred in their defense against those claims. While Defendants actually incurred $345,373.00 in fees for their overall defense, they are willing to accept $244,137.60 to fully and finally satisfy this obligation. Please let me know by close of business on Wednesday, August 24, whether you will stipulate to an award of $244,137.60 against you and in Defendants' favor to reimburse the attorneys' fees Defendants incurred defending against your copyright-infringement claims. If you do not agree, Defendants will move the Court for an award of attorneys' fees under 17 U.S.C. § 505.

DWT 18084590v1 0032472-000020

Anchorage      New York      Seattle
Bellevue        Portland      Shanghai
Los Angeles    San Francisco  Washington, D.C.            www.dwt.com

Ms. Pamella Lawrence
August 22, 2011
Page 2


      If you would like to further meet and confer by telephone or in person regarding
Defendants' anticipated motion, email or call me.


                          Very truly yours,

                          Davis Wright Tremaine LLP

                          Jimmy D. Nguyen

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-02231-RGK (RZx) | Date | December 6, 2010 |
| Title | GILBERT v. NEW LINE PRODUCTIONS, INC., et al. | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re Defendants' Motion for Attorneys' Fees and Costs (DE 635)

## I.    INTRODUCTION

Sheri Gilbert ("Plaintiff") alleged that thirty-four Defendants named in the Second Amended Complaint (collectively, "Defendants") copied her screenplay, "When Mom Is the Other Woman," and ultimately turned it into the movie "Monster in Law" ("MIL" or the "Movie"). Plaintiff wrote four different versions of her screenplay and obtained copyright registration for versions two, three, and four. Plaintiff alleged that the Movie and its draft screenplays infringed her works in violation of the Copyright Act of 1976. 17 U.S.C. § 101, et seq. Plaintiff also claimed that Defendants engaged in a pattern of racketeering activity to copy her work and share the profits in violation of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962, et seq.

On August 13, 2010, the Court granted Defendants' Motion for Summary Judgment. Presently before the Court is Defendants' Motion for Attorneys' Fees and Costs pursuant to 17 U.S.C. § 505 ("Section 505") and Federal Rule of Civil Procedure 54. For the following reasons, the Court **GRANTS** Defendants' Motion.

## II.    JUDICIAL STANDARD

The Copyright Act of 1976 permits a court to "award a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505. Attorneys' fees are proper when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). In determining whether a party is entitled to attorneys' fees, courts must apply the same standard to prevailing plaintiffs and defendants. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "[A]n award of attorneys' fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts." *Fantasy*, 94 F.3d at 555.

## III.   DISCUSSION

Defendants contend that as the prevailing parties, they are entitled to attorneys' fees and costs pursuant to Section 505. The Court agrees.[1]

### A.   Defendants Are the Prevailing Party

A prevailing party is "one who has been awarded some relief by [a] court. . . ." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001). On August 13, 2010, the Court granted Defendants' Motion for Summary Judgment. Therefore, Defendants are the prevailing parties for purposes of awarding attorneys' fees and costs. At issue is whether the relevant facts support an award of attorneys' fees.

### B.   The Facts Weigh In Favor of Awarding Attorneys' Fees and Costs

A court should consider the following factors in deciding whether to award a prevailing defendant attorneys' fees: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Fantasy*, 94 F.3d at 558.

The Court addresses each of these factors separately below.

#### 1.   *Degree of Success*

Defendants argue that this factor favors an award of attorneys' fees because the Court determined that Plaintiff's copyright infringement claims were without merit. The Court agrees.

A party's degree of success in a lawsuit should be considered in determining whether to award attorneys' fees. *See Fantasy*, 94 F.3d at 556. This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See id.* Here, Defendants prevailed on Plaintiff's copyright claims on two occasions: (1) on November 16, 2009, the Court granted Defendants' Motion to Dismiss; and (2) on August 13, 2010, the Court granted Defendants' Motion for Summary Judgment. On both occasions, the Court reached the merits of the claims, concluding that there was an absence of substantial similarity between Plaintiff's work and MIL under the extrinsic test. Therefore, Defendants achieved complete success in pursuing their copyright defense.

Accordingly, this factor weighs heavily in favor of awarding attorneys' fees to Defendants.

#### 2.   *Frivolousness*

A frivolous claim is one which lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992). Defendants contend that this factor favors an award of attorneys' fees because the Court found that Plaintiff's claims fell far short of establishing that there was

---

[1]As an initial matter, the Court finds that Defendants have timely filed their Motion for Attorneys' Fees and Costs. Plaintiff argues in her Opposition that Defendants' motion was untimely because it was not filed 14 days after entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i); (Pl.'s Opp'n 5:12-7:2). However, Federal Rule of Civil Procedure 54 is satisfied because Defendants' Motion was filed on October 7, 2010, exactly 14 days after judgment was entered on September 23, 2010.

substantial similarity between Plaintiff's work and MIL. The Court agrees.

To successfully establish a copyright infringement claim, a plaintiff has to demonstrate (1) plaintiff's ownership of the copyright, (2) the defendant's access to plaintiff's work, and (3) substantial similarity between plaintiff's work and the allegedly infringing material. *Berkic v. Crichton*, 761 F.2d 1289, 1291-92 (9th Cir. 1985). Only the third issue was contested, and the Court held on multiple occasions that Plaintiff failed to prove that MIL was substantially similar to Plaintiff's work as a matter of law.

On November 16, 2009, the Court granted Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) after determining that Plaintiff would not be able to establish that her work was substantially similar to MIL. The Court found that although there were some "generic similarities" between Plaintiff's work and MIL, they paled "in comparison to vast differences in characters, plot, mood, and themes between the two works." (Order Granting Defs.' Mot. to Dismiss at 4.) In addition, the Court held that the "issue of substantial similarity between Plaintiff's works and [MIL] . . . is not a close one." (Order Granting Pl.'s Mot. for Recons. at 3.)

On August 13, 2010, the Court granted Defendants' Motion for Summary Judgment and held that Plaintiff's draft screenplays and MIL were not substantially similar. The Court alluded to the frivolousness of Plaintiff's claims by noting that "Plaintiff attempt[ed] to manufacture substantial similarities between the parties' works by mixing and matching various elements that exist in different screenplays without attention to their origin or context." (Order Granting Defs.' Mot. for Summ. J. at 3.) The Court also denied Plaintiff's Motion for Leave to Appeal in *Forma Pauperis* because it was "not taken in good faith," was "frivolous," and did not "present a substantial question." (Order Den. Pl.'s Mot. for Leave to Appeal.) This Court has continually held that the argument that MIL and Plaintiff's work are substantially similar is without any legal basis.

Plaintiff contends that the lawsuit was not frivolous because the Court granted her Motion for Reconsideration of the Order granting Defendants' Motion to Dismiss. The Motion for Reconsideration allowed Plaintiff to assert copyright infringement claims based on earlier versions of MIL's screenplay (the "screenplay claims"). Plaintiff argues that this ruling demonstrates that the claim was not frivolous because the Court acknowledged that her screenplay claims were "viable." However, the Court granted Plaintiff's Motion for Reconsideration because Plaintiff failed to address the screenplay claims in her Opposition to the Motion to Dismiss. Moreover, the Court expressly stated that its "ruling d[id] not concern the merits of the screenplay claims . . . [i]t merely allow[ed] Plaintiff to litigate the screenplay claims as separate and independent allegations of infringement against Defendants." (Order Granting Pl.'s Mot. for Recons. at 2.) Therefore, the Order granting Plaintiff's Motion for Reconsideration should not be interpreted as an acknowledgment of the substantive strength of the screenplay claims. Rather, it was a ruling premised on procedural viability. Furthermore, the Court ultimately rejected the screenplay claims on the merits.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

3.   *Objective Reasonableness of Factual and Legal Issues*

This factor requires a court to consider the objective reasonableness of a party's claims, "both in the factual and in the legal components of the case." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007). Defendants argue that Plaintiff's case was objectively unreasonable because the Complaint only alleged generic similarities between Plaintiff's work and MIL. The Court agrees.

This factor weighs in favor of awarding attorneys' fees for the same reasons discussed in the "frivolousness" section above. The Court continually held that the argument that MIL was substantially

similar to Plaintiff's work was without merit. Plaintiff was only able to point to some generic similarities between the two works that were not protected under copyright law. As a result, the Court finds that Plaintiff's claims against Defendants were objectively unreasonable.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

### 4. *Motivation*

Defendants argue that this factor favors an award of attorneys' fees because the Plaintiff's litigation strategy demonstrates that she had an improper motive—to make the litigation as expensive as possible. Defendants contend that Plaintiff employed dilatory tactics, such as repeatedly amending her pleading to avoid a substantive ruling, and including multiple defendants in the lawsuit without justification. The Court agrees.

Courts generally hold that a finding of bad faith can be based on "not only the actions that led to lawsuit, but also [] the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15 (1973). A finding of bad faith or improper motive is not a prerequisite to an award of attorneys' fees, but a court "may be influenced by the plaintiff's culpability in bringing or pursuing the action. . . ." *Fantasy, Inc.*, 94 F.3d at 558.

Here, it is clear that Plaintiff engaged in a concerted effort to make the present lawsuit as expensive as possible for Defendants. Plaintiff initially filed suit without reading MIL's screenplay, and named fifty defendants in the action. Some of these defendants had little or no connection to the preparation of MIL's draft screenplays relevant for possible copyright infringement liability. Plaintiff also continually amended her Complaint to avoid a substantive ruling on Defendants' multiple Motions to Dismiss. Between 2008 and 2009, Defendants filed two Motions to Dismiss which were rendered moot after Plaintiff filed amended complaints. Plaintiff's amendments failed to add material allegations, new claims, or clarifications. Plaintiff also filed an Ex Parte Application to Amend the Complaint for a third time in order to avoid a substantive ruling on Defendants' Motion for Judgment on the Pleadings. The Court denied Plaintiff's Ex Parte Application after finding that it "would only serve to delay the case . . ." (Order Granting Defs.' Mot. for J. on the Pleadings at 2). Thus, Plaintiff's tactical decisions served to maximize the cost of the lawsuit.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

### 5. *The Need for Compensation and Deterrence*

Defendants argue that this factor favors an award of attorneys' fees because Plaintiff should be deterred from advancing meritless claims in the future. Plaintiff contends that the lawsuit was not baseless or motivated by bad faith.

On balance, this factor weighs in favor of granting Defendants attorneys' fees. An award of attorneys' fees should "advance considerations of compensation and deterrence." *See Fantasy*, 94 F.3d at 557. Here, the Court determined that Plaintiff's lawsuit was objectively unreasonable and motivated by bad faith. A fee award is justified in order to deter Plaintiff, and those similarly situated, from prosecuting meritless claims for copyright infringement.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

Case 2:10-cv-04737-SVW -E   Document 166-1    Filed 08/31/11   Page 95 of 114   Page ID
#:2506
Case 2:09-cv-02231-RGK-RZ   Document 650    Filed 12/06/10   Page 5 of 7   Page ID #:17686

    6.    *Weighing the Factors*

After consideration of the factors set out in *Fogerty*, the Court finds that each one supports a fee award. Therefore, Defendants are entitled to an award of attorneys' fees and costs.

**C.**    **Defendants' Request for Attorneys' Fees and Costs are Reasonable**

Having determined that Defendants are entitled to attorneys' fees and costs for defense of the copyright claims, the only remaining issues for the Court to determine are whether Defendants can receive fees and costs incurred defending other claims, and whether the $894,953 in fees and costs requested by Defendants is reasonable.

    1.    *Plaintiff's Derivative Claims*

A prevailing party under Section 505 may receive attorneys' fees incurred in defending a copyright claim and any other "related claims." *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997). Claims are related if they "involve a common core of facts or are based on related legal theories." *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005). Here, Plaintiff's claims for violations of the RICO Act, violation of the Lanham Act, and unfair competition under North Carolina and California law are entirely dependent upon the copyright infringement claims. In each case, the allegation of copyright infringement constitutes an element of each derivative claim. Therefore, Defendants are entitled to attorneys' fees incurred in the defense of these claims because they are sufficiently related to the copyright infringement claims.

    2.    *Attorneys' Fees*

The amount of an attorneys' fees award must be reasonable. 17 U.S.C. § 505. The reasonableness of a party's fee calculation is determined by the "lodestar method." *Morales v. San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Under the lodestar method, the number of hours reasonably expended in litigation are multiplied by a reasonable hourly rate to produce the reasonable fee award. *Id.* The Court may then consider whether to enhance or reduce the lodestar figure based on twelve factors: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

Upon careful review of the billing statements provided by Defendants' counsel, the Court finds that the number of hours expended on the litigation, the hourly rate, and the requested fees are all reasonable.

The Court finds that the amount of time spent litigating the case — a total of 3,278.8 hours — to be reasonable. The parties conducted discovery and researched and prepared two motions to dismiss, a motion for judgment on the pleadings, and a motion for summary judgment. The litigation spanned two years and resulted in 649 docket entries. Moreover, Defendants do not seek to recover fees for 800 hours

they spent working on this case.[2]

The Court also finds the hourly rates charged by counsel to be reasonable. Defendants' Declaration in Support of the Motion for Attorneys' Fees sets forth the following: Mr. O'Connor billed 120.2 hours at a rate of $450 an hour; Mr. Brenner billed 1,236.5 hours at a rate of $300 an hour; Ms. Brehm billed 941.5 hours at a rate of $225 and $240 an hour; Ms. Kameda billed 633.7 hours at a rate of $185 an hour; Ms. Kambestad billed 288.9 hours at a rate of $110 an hour; and Mr. Mina billed 58 hours at a rate of $110 an hour. (Decl. in Supp. of Defs.' Mot. for Att'y Fees 12:10-15.) These rates are comparable with other firms in Los Angeles. (*Id.*) Therefore, the Court finds that Defendants' rates are reasonable.

Plaintiff argues that the Court should deny or reduce the fees requested by Defendants because they are unreasonable. Plaintiff specifically points to the first *Kerr* factor, time and labor spent on the case, and contends that Defendants spent a significant amount of time working on motions that merely recycled arguments, engaged in excessive staffing, and filed 36 documents in connection with Defendants' Motion for Summary Judgment. (Pl.'s Opp'n to Defs.' Mot. for Att'ys Fees & Costs at 15:22-23-16:1-16.) Considering Plaintiff's vexatious litigation strategy, however, the time Defendants spent on the case is fair and reasonable. Defendants have submitted time records specifying the date, the hours expended, and the nature of the work done by each attorney. No competent evidence supports Plaintiff's claim that Defendants spent undue time writing motions or engaged in excessive staffing. Thus, the Court finds that the lodestar figure should not be reduced on account of the time Defendants spent on the case.

Finally, Plaintiff attempts to argue that Defendants' Motion is suspect because it requests $10,000 less than Defendants' previous Motion for Attorneys' Fees and Costs filed on December 9, 2009. (*Id.* at 13:17-25.) However, Defendants have indicated in their Motion that they only seek a portion of the fees incurred in defense of the lawsuit. (Defs.' Mot. for Att'ys Fees & Costs 19:9-16.) This Court will not reduce or deny an award of attorneys' fees based on vague allegations of wrongdoing.

Accordingly, the Court finds that Defendants are entitled to $801,130[3] in attorneys' fees.

3.     *Costs*

Section 505 allows the Court in its discretion to award "full costs." 17 U.S.C. § 505.  Here, Defendants seek $14,571 in non-taxable costs for legal research and mailing. (Decl. in Supp. of Defs.' Mot. for Att'ys Fees 15:4-12.) Plaintiff argues that the Court should reduce Defendants' costs because they are excessive. (Pl.'s Opp'n to Defs.' Mot. for Att'ys Fees & Costs 16:18-28.) However, the Court finds that Defendants' requested $14,571 in costs is reasonable given that the present case was litigated over two years and involved 649 docket entries.

III.     **CONCLUSION**

---

[2] Defendants contend that they devoted over 4,000 hours to the defense of the lawsuit, which would have resulted in fees in excess of $1,000,000. (Defs.' Mot. for Att'ys Fees and Costs 19:9-12.)

[3] Defendants state that Lee Brenner worked 1236.5 hours on the case at a rate of $300 an hour, totaling $370,920. (Decl. in Supp. of Defs.' Mot. for Att'ys Fees 13:4-5.) However, Mr. Brenner's time multiplied by his hourly rate equals $370,950. The Court adjusted the final figure accordingly.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Attorneys' Fees and Costs pursuant to 17 U.S.C. § 505. The Court awards Defendants attorneys' fees and costs in the amount of $894,983.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw | |

# EXHIBIT F



```
X  Priority
X  Send
X  Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3
```

FILED

MAR - 8 2006

CLERK, U S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MILTON GREENE ARCHIVES,          )      SA CV 04-635 AHS (MLGx)
INC.,                            )
                                 )
              Plaintiff,         )
                                 )
         v.                      )      ORDER GRANTING DEFENDANT VNU'S
                                 )      MOTION FOR ATTORNEYS' FEES AND
BPI COMMUNICATIONS, INC.,        )      COSTS
                                 )
              Defendant.         )
_____)

DOCKETED ON CM

MAR - 9 2006

BY _____ 024

                          I.

                PROCEDURAL BACKGROUND

    On June 24, 2005, Judge Taylor entered judgment granting

summary judgment in favor of defendant VNU Business Media, Inc.

("defendant") (erroneously sued as BPI Communications, Inc. and

Watson-Guptill Publications), and against plaintiff Milton H.

Greene Archives, Inc. ("plaintiff") ("June 24 Judgment"), pursuant

to its June 7, 2005, order on motions for summary judgment.  The

June 24 Judgment further authorized a motion for attorneys' fees.

On June 30, 2005, Judge Taylor retired from the bench.

    On July 18, 2005, defendant filed a motion for attorneys'

fees.  On September 6, 2005, plaintiff filed opposition.  On

Case 2:10-cv-04737-SVW -E    Document 166-1    Filed 08/31/11    Page 100 of 114    Page ID
#:2511
Case 8:04-cv-00635-AHS -MLG    Document 165    Filed 03/08/06    Page 2 of 16    Page ID
#:106

1 │ September 12, 2005, defendant filed a reply.  The Court took the

2 │ matter under submission on September 14, 2005.

3 │       Having reviewed the file and proceedings held before

4 │ Judge Taylor and having read and considered the arguments and

5 │ authorities raised in the parties' papers, the Court grants

6 │ defendant's motion for attorneys' fees in the amount of

7 │ $765,695.37.

8 │                          **II.**

9 │       **SUMMARY OF THE PARTIES' CONTENTIONS**

10 │ **A.**          **Defendant's Motion for Attorneys Fees**

11 │       Defendant contends that it should be awarded its

12 │ reasonable attorneys' fees as the prevailing party on plaintiff's

13 │ copyright claim.  As the June 24 Judgment establishes, defendant is

14 │ the prevailing party based upon its successful defense of

15 │ plaintiff's claim that defendant infringed its copyrights.  In the

16 │ order, Judge Taylor specifically found defendant to be the

17 │ prevailing party, ordered that it recover its costs, including

18 │ recovery of its reasonable attorneys' fees.

19 │       Defendant further contends that all of the factors

20 │ identified by the Supreme Court and the Court of Appeals for the

21 │ Ninth Circuit support a full award of fees and costs to

22 │ defendant.  In determining whether to award attorneys' fees, the

23 │ court should first consider "the degree of success obtained."

24 │ Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994) (citations

25 │ omitted).  The Ninth Circuit has held that, in determining

26 │ whether to award attorneys' fees to a party prevailing in a

27 │ copyright infringement case, courts should consider the list of

28 │ nonexclusive factors approved by the Supreme Court in Fogerty v.

1  Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455

2  (1994).   In addition to the degree of success, these factors

3  include "frivolousness, motivation, objective unreasonableness

4  (both in the factual and in the legal components of the case) and

5  the need in particular circumstances to advance the

6  considerations of compensation and deterrence."   Id. at 534 n.19;

7  accord Jackson, 25 F.3d at 890 (adopting these five factors).

8  "The most critical factor is the degree of success obtained."

9  Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941,

10  76 L. Ed. 2d 40 (1983).

11          Defendant maintains that it achieved complete success

12  by prevailing on summary judgment on each and every photograph

13  plaintiff accused of infringement.   The second factor, objective

14  unreasonableness, also supports an award of fees.   The Ninth

15  Circuit has recognized that the pursuit of objectively

16  unreasonable or frivolous claims alone may justify an award of

17  fees.   See Entm't Research Group, Inc. v. Genesis Creative Group,

18  Inc., 122 F.3d 1211, 1229 (9th Cir. 1997).   In this case,

19  plaintiff knew at the outset that its copyright in one of the

20  photographs at issue had already been found by a federal court to

21  have been forfeited through publication.   Plaintiff's claim to

22  copyright ownership was frivolous as to the remaining six

23  photographs as well.   Under the 1909 Copyright Act, a work

24  published in a newspaper or magazine without proper copyright

25  notice falls irrevocably into the public domain, rendering the

26  owner's copyright invalid.   See New York Times Co. v. Tasini, 533

27  U.S. 483, 494, 121 S. Ct. 2381, 150 L. Ed. 2d 500 (2001).   Here,

28  the photographs were published in a number of nationally

3

Case 2:10-cv-04737-SVW-E  Document 166-1  Filed 08/31/11  Page 102 of 114  Page ID
#:2513
Case 8:04-cv-00635-AHS-MLG  Document 165  Filed 03/08/06  Page 4 of 16  Page ID
#:108

1  distributed newspapers and magazines.

2      Defendant further contends that plaintiff's claims and

3  continued prosecution of this litigation, in the face of mounting

4  evidence of the widespread publication of the photographs without

5  copyright notice, were improperly motivated.  A fee award is

6  justified because plaintiff's overzealous litigation tactics,

7  including its abusive Rule 11 motion, needless ex parte practice,

8  discovery gamesmanship, and meritless summary judgment motions,

9  contributed to a substantial multiplication of fees.

10      Finally, defendant maintains that awarding attorneys

11  fees would support considerations of compensation and deterrence.

12  The Ninth Circuit has declared that "[f]aithfulness to the

13  purposes of the Copyright Act is [] the pivotal criterion" in

14  deciding whether to award fees."  Fogerty, 93 F.3d at 558.

15  Defendant's pursuit of its right to use photographs in the public

16  domain advances the goals of the Copyright Act and warrants full

17  compensation.

18      Alternatively, defendant contends that it is also

19  entitled to recover substantial attorneys' fees under Fed. R.

20  Civ. P. 37.  Rule 37 states that if a party fails to admit the

21  truth of an admission that later is proved to be true, the

22  requesting party may request that the court award reasonable

23  expenses, including attorneys' fees, incurred in making a showing

24  of proof.  Here, in response to defendant's request for

25  admissions, plaintiff failed to admit that each of the

26  photographs at issue were in the public domain.  Defendant

27  therefore contends it is entitled to the fees and costs it

28  incurred after January 7, 2005 (the date of plaintiff's response)

Case 2:10-cv-04737-SVW -E   Document 166-1   Filed 08/31/11   Page 103 of 114   Page ID
#:2514
Case 8:04-cv-00635-AHS -MLG   Document 165   Filed 03/08/06   Page 5 of 16   Page ID
#:109

1  in proving that the photographs were in the public domain.

2       Defendant maintains that its attorneys' fees are

3  reasonable because the rates are calculated according to the

4  prevailing market rates in the relevant community.  For example,

5  Judge Taylor held in <u>Parks v. Eastwood Insurance Services, Inc.,</u>

6  Case No. SA CV 02-507, that a rate of $425 per hour "is

7  consistent with rates charged by attorneys of equivalent

8  experience in the community [of Los Angeles]" and that

9  "[p]laintiffs' counsel's hourly rate is proper."  Here,

10 defendant's counsel negotiated a blended rate of $325 per hour

11 that applied to all attorney hours expended in defending the

12 matter.  This rate compares favorably with the 2002 average

13 hourly rate for California counsel of $349 reported in the 2003

14 American Intellectual Property Law Association's Report of the

15 Economic Survey (which reports 2002 data), and is well below that

16 charged by the partners defending this action.  In addition, the

17 number of hours worked was necessary, given the difficulties

18 associated with investigating and establishing the publication of

19 photographs nearly a half century ago, plaintiff's aggressive

20 litigation tactics, and the inherent expense of litigating four

21 cross-motions for summary judgment.  Defendant claims 2223.9

22 hours for attorney time at $325 per hour, 159.7 hours for

23 paralegal time at $160 per hour, and total costs of $22,430.15

24 for a total claim of $770,749.65.[1]

25 //

26

27       [1]   Additional attorney time claimed in the Supplemental
   Declaration of Andrew J. Thomas brings to total claim to
28 $797,789.65.

Case 2:10-cv-04737-SVW -E   Document 166-1   Filed 08/31/11   Page 104 of 114   Page ID
#:2515
Case 8:04-cv-00635-AHS -MLG   Document 165   Filed 03/08/06   Page 6 of 16   Page ID
#:110

**B.**          **Plaintiff's Opposition**

Plaintiff contends that no attorneys' fees should be awarded in this matter, because application of the <u>Fogerty</u> factors warrants denial of defendant's motion. An award of attorneys' fees is not automatic and is left to the Court's discretion. <u>Fogerty</u>, 510 U.S. at 534. Courts have regularly exercised their discretion to deny attorneys' fees to prevailing parties in copyright actions. <u>See, e.g.</u>, <u>Positive Black Talk, Inc. v. Cash Money Records, Inc.</u>, 394 F.3d 357, 382-83 (5th Cir. 2004).

Plaintiff maintains that the first <u>Fogerty</u> factor should be given little or no weight because plaintiff has prevailed in similar actions based on the same photographs at issue in the instant case. Plaintiff also contends that its lawsuit was not frivolous because the issues of law in this case are based on complex facts dating back fifty years. In such cases, a finding of frivolousness is unwarranted. <u>See Grosset & Dunlap, Inc. v. Gulf & Western Corp.</u>, 534 F. Supp. 606, 611 (S.D.N.Y. 1982). Factually, the case was also quite complex, requiring nearly sixteen pages for the Court's Order.

Plaintiff argues that its motivation in bringing this lawsuit was to defend the rights it owned against the infringing acts of defendant, not to extort a large unwarranted payout from defendant, and that it was not objectively unreasonable in initiating this lawsuit. Where a party asserts a colorable, albeit incorrect, argument on the merits, a finding of objective reasonableness is proper. <u>Batjac Prods., Inc. v. Goodtimes Home Video Corp.</u>, 44 U.S.P.Q. 2d 1788, 1790-91 (C.D. Cal. 1997). At

Case 2:10-cv-04737-SVW -E   Document 166-1   Filed 08/31/11   Page 105-of 114   Page ID
#:2516
Case 8:04-cv-00635-AHS -MLG   Document 165   Filed 03/08/06   Page 7 of 16   Page ID
#:111

1   the time the suit commenced, plaintiff believed it possessed

2   valid copyrights in the subject photographs.  Such belief was

3   supported by two favorable rulings at the summary judgment stage

4   in front of Judge Taylor concerning the same and similar

5   photographs, which led to favorable settlements.  Further,

6   plaintiff contends that defendant's claims for compensation and

7   deterrence should be rejected.  Rather than attempt in good faith

8   to resolve this matter at the early stages, defendant offered

9   only $25,000 and refused to accept plaintiff's offer to

10   compromise at $100,000.  Finally, the purposes of the Copyright

11   Act would not be served by an award of fees here, as the same

12   would only serve to discourage copyright holders from pursuing

13   facially valid claims.

14         In addition, plaintiff argues that defendant is not

15   entitled to fees pursuant to Fed. R. Civ. P. 37 because the

16   request at issue sought an admission as to a legal conclusion,

17   not a fact (i.e., whether the photographs at issue were in the

18   public domain).  Last, plaintiff maintains that the fees and

19   costs requested here are not reasonable.

20   C.         **Defendant's Reply**

21         In reply, defendant maintains that the Court should

22   award it its reasonable attorneys' fees.  Defendant contends that

23   plaintiff's claims were frivolous and objectively unreasonable,

24   because two of the at-issue photographs had been found to be in

25   the public domain before this action was filed.  Moreover, Judge

26   Taylor's rulings in prior cases made clear that similarly

27   situated photographs were in the public domain.  Defendant

28   further contends that this case was decided upon well-established

1  legal principles and that defendant had provided plaintiff with

2  relevant facts evidencing widespread, contemporaneous publication

3  without copyright notice.

4       Defendant also contends that improper motive, though

5  present here, is not required to justify an award of attorneys'

6  fees.  The relative financial position of the parties is also

7  irrelevant.  Here, plaintiff's exorbitant settlement demands

8  support a fee award.  A fee award would also advance the purposes

9  of the Copyright Act.  Finally, defendant maintains that it is

10 entitled to its attorneys' fees under Rule 37(c)(2).

11      Defendant also contends that the blended rate of $325

12 is reasonable, and that its invoices are sufficiently detailed to

13 support an award of attorneys' fees.  Plaintiff's suggested

14 deductions are unreasonable and unsupported by evidence, and the

15 Court should reject plaintiff's selective departures from the

16 blended rate charged by defendant's counsel.  Similarly,

17 defendant maintains that the work performed and the fees charged

18 were reasonable.  The allocation of work was reasonable, and

19 defendant's attorneys acted reasonably in the discovery dispute.

20                          III.

21                      **DISCUSSION**

22      Under 17 U.S.C. § 505, the Court may award the

23 "prevailing party" reasonable attorneys' fees in an action

24 brought under the Copyright Act.  The Court finds that defendant

25 is entitled to recover its fees and costs under the Copyright

26 Act.  Defendant seeks to recover attorneys' fees and associated

27 costs in the amount of $797,789.65.

28 //

Case 2:10-cv-04737-SVW -E   Document 166-1   Filed 08/31/11   Page 107 of 114   Page ID
#:2518
Case 8:04-cv-00635-AHS -MLG   Document 165   Filed 03/08/06   Page 9 of 16   Page ID
#:113

1   A.        Defendant's Objection to Plaintiff's Objections and

2             Corrected Objections

3             On September 2, 2005, plaintiff filed Objections to

4   defendant's declarations and invoices submitted in support of its

5   motion for attorneys' fees.  On September 7, 2005, plaintiff

6   filed Corrected Objections.  On September 12, 2005, defendant

7   filed an objection to plaintiff's Objections and Corrected

8   Objections.  Defendant contends that plaintiff's Objections and

9   Corrected Objections are in fact supplemental briefing over the

10  25-page limit and thus violate the Local Rules.  Defendant

11  requests that the Court strike the Objections and Corrected

12  Objections filings on the ground that the Local Rules of this

13  District do not permit the filing of a brief other than a motion,

14  opposition, or reply without leave of court.  See Local Rule 7-4,

15  7-6, 7-9, and 7-10.

16            The Court finds that because plaintiff did not seek

17  permission before filing its Objections and Corrected Objections,

18  the filings were procedurally improper.  Defendant, however, has

19  not argued or shown that it was prejudiced by the filings.  Under

20  the circumstances, the Court declines to strike the filings.

21  B.        Prevailing Party

22            "[A] plaintiff prevails when actual relief on the

23  merits of his claim materially alters the legal relationship

24  between the parties by modifying the defendant's behavior in a

25  way that directly benefits the plaintiff." Barrios v. California

26  Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002),

27  quoting Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir.

28  2000).  A plaintiff's ability to enforce a judgment, consent

1   decree, or settlement agreement against the defendant materially

2   alters the legal relationship because the plaintiff can force

3   defendant to do something he would not otherwise be required to

4   do.  Id.

5           In the June 24, 2005 Judgment, Judge Taylor decreed

6   defendant to be the "prevailing party" as defined by Fed. R. Civ.

7   P. 56(d), Local Rule 54-2, and under 17 U.S.C. § 505.  Judge

8   Taylor also ordered that defendant may recover its costs, and

9   directed that defendant may file a motion to recover its

10  reasonable attorneys' fees.  Id.  The foregoing facts afford

11  defendant a legally enforceable instrument, making defendant the

12  prevailing party entitled to attorneys' fees.  See Richard S. v.

13  Dep't. of Dev. Servs., 317 F.3d 1080, 1086 (9th Cir. 2003).

14  C.        Reasonableness of Defendant's Request

15          The customary method for determining the reasonableness

16  of attorneys' fees is known as the lodestar method.  Morales v.

17  San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  According to the

18  "lodestar" method, "[t]he most useful starting point for

19  determining the amount of a reasonable fee is the number of hours

20  reasonably expended on the litigation multiplied by a reasonable

21  hourly rate."  Hensley, 461 U.S. at 433, 103 S. Ct. at 1939.  The

22  Court may adjust the "presumptively reasonable" lodestar figure

23  based on the factors delineated in Kerr v. Screen Extras Guild,

24  Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), if any were not

25  subsumed in the lodestar calculation.[2]  Morales, 96 F.3d at 363.

26  _____

27       [2]   The factors presumably considered by the reasonable
    hours component or the reasonable rate component include "(1) the
28  novelty and complexity of the issues, (2) the special skill and

1  The Court, however, is not required to consider every factor.

2  Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002).

3  Furthermore, the amount of an award does not render the award

4  unreasonable.  Id.

5          In this case, plaintiff contests the novelty and

6  difficulty of the issues presented; the skill needed to perform

7  the legal services properly; and the experience, reputation, and

8  ability of the attorneys as reason to reduce the fee.  See

9  Plaintiff's Opposition at 10-22.  The Court finds that most of

10  the factors cited by defendant are presumably subsumed in the

11  initial lodestar calculation, and defendant does not justify

12  adjusting the figure on the basis of the other Kerr factors.

13  Morales, 96 F.3d at 364, n.9.

14          1.   **Hourly Rate**

15          "To inform and assist the court in the exercise of its

16  discretion, the burden is on the fee applicant to produce

17  satisfactory evidence - in addition to the attorney's own

18  affidavits - that the requested rates are those prevailing in the

19  community for similar services by lawyers of reasonably

20  comparable skill, experience, and reputation."  See Blum v.

21  Stenson, 465 U.S. 886, 896, n.11, 104 S. Ct. 1541, 79 L. Ed. 2d

22  891 (1984) (noting that courts properly require prevailing

23  attorneys to justify the reasonableness of the requested rate or

24  _____

25  experience of counsel, (3) the quality of representation, . . .
   (4) the results obtained."  Morales, 96 F.3d at 364, n.9, quoting

26  Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir.
   1988); see also Yahoo! v. Net Games, Inc., 329 F. Supp. 2d 1179,

27  1182 (N.D. Cal. 2004) (considering the contingent nature of the
   fee agreement as one of the factors that have been deemed

28  subsumed in the initial lodestar calculation).

Case 2:10-cv-04737-SVW -E   Document 166-1   Filed 08/31/11   Page 110 of 114   Page ID
#:2521
Case 8:04-cv-00635-AHS -MLG   Document 165   Filed 03/08/06   Page 12 of 16   Page ID
#:116

1  rates); <u>see also</u> <u>G&G Fire Sprinklers, Inc. v. Bradshaw</u>, 136 F.3d

2  587, 601 (9th Cir. 1998) <u>(overruled on other grounds by Lujan v.</u>

3  <u>G&G Fire Sprinklers, Inc.</u>, 532 U.S. 189, 121 S. Ct. 1446, 149 L.

4  Ed. 2d 391 (2001)).

5      Defendant requests $325 per hour for all attorney hours

6  expended in defending the matter, and $160 per hour for

7  paralegals.  <u>See</u> Motion at 24.  To support this amount as the

8  prevailing rate in the community for similar services by lawyers

9  of reasonably comparable skill, experience and reputation,

10 defendant references several Central District cases that awarded

11 attorneys' fees based on similar rates.  <u>See</u> Motion at 23; Reply

12 at 17.  Defendant further submits an affidavit from lead counsel

13 Andrew J. Thomas, who justifies the hourly rates by listing his

14 qualifications as well as his associates' and senior office

15 personnel's qualifications.  [Declaration of Andrew J. Thomas

16 ("Thomas Decl.")  ¶¶ 27-30].

17      Plaintiff objects to the hourly rate of the attorneys

18 because the invoices reflect that, in addition to five partners,

19 four far less experienced associates were billed at the same

20 rate.  <u>See</u> Corrected Objections at 7.  The Court finds that the

21 requested blended hourly rate is reasonable.  <u>In re HPL Techs.,</u>

22 <u>Inc. Secs. Litig.</u>, 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005)

23 ("blended rates typically depend on the overall billing mix

24 including substantial time expended in discovery by junior

25 attorneys with relatively low billing rates."); <u>see also</u> <u>In re</u>

26 <u>Cendant Corp. Deriv. Action Litig.</u>, 232 F. Supp. 2d 327, 341 (D.

27 N.J. 2002) (blended rate of $381 was used to calculate lodestar);

28 <u>Maley v. Del Global Tech. Corp.</u>, 186 F. Supp 2d 358, 371

Case 2:10-cv-04737-SVW -E   Document 166-1   Filed 08/31/11   Page 111 of 114   Page ID
#:2522
Case 8:04-cv-00635-AHS -MLG   Document 165   Filed 03/08/06   Page 13 of 16   Page ID
#:117

1  (S.D.N.Y. 2002) (blended rate of $366 used to calculate

2  lodestar).  Plaintiff also objects that the $160 per hour rate

3  for all legal assistants is unreasonable as a matter of law.  See

4  Corrected Objections at 11.  The Court finds that the rate of

5  $160 per hour as to paralegals is excessive in this market and

6  economy.  See, e.g., In re Application of Mgndichian, 312 F.

7  Supp. 2d 1250, 1266 (C.D. Cal. 2003) (approving paralegal award

8  charged at $100 per hour).  Accordingly, the Court reduces the

9  award by $9,582.00.[3]

10        Thus, the Court calculates the lodestar amounts based

11  on the following rates:  (1) for all attorney hours expended in

12  defending the matter, $325 per hour; (2) for paralegals, $100 per

13  hour.

14        2.   Hours Expended

15        Defendant seeks to recover attorneys' fees for 2,307.1

16  hours expended.[4]  See Motion at Appendix 1; Supplemental

17  Declaration of Andrew J. Thomas at 6.  Defendant's counsel and

18  staff incurred attorneys' fees for time spent investigating and

19  establishing the publication of photographs, defending against

20  plaintiff's litigation tactics, and litigating four cross-motions

21  for summary judgment.  See Motion at 25.  Plaintiff objects to

22  the use of block billing and the use of redactions as suspect

23  billing methods.  Block billing occurs "when one amount of time

24  _____

25        [3]   This amount reflects the total hours requested (159.7)
   at the $100.00 hourly rate, instead of at the $160.00 hourly rate

26  requested by defendant.  See Motion at Appendix 1.

27        [4]   This amount reflects an additional 83.2 hours of
   attorney time spent preparing the instant motion, as claimed in

28  the Supplemental Declaration of Andrew J. Thomas.

1   is shown for working on more than one discrete task." <u>Cortes v.</u>

2   <u>Metropolitan Life Ins.</u>, 380 F. Supp. 2d 1125 (C.D. Cal. 2005).

3   Here, the entries are for discrete tasks and are thus not "block-

4   billed" entries. <u>See also Hensley</u>, 461 U.S. at 437 n.12

5   ("[C]ounsel. . . is not required to record in great detail how

6   each minute of his time was expended. But at least counsel

7   should identify the general subject matter of his time

8   expenditures."). The tasks performed by the attorneys are

9   readily ascertainable from the unredacted entries, and the

10  invoices submitted to the Court were redacted only to the extent

11  necessary to preserve the attorney-client privilege and the

12  confidentiality of attorney work product.

13          The Court finds that the number of hours expended on

14  the instant litigation was reasonable, except for the time spent

15  with respect to the preparation of this motion, which the Court

16  reduces by 37.2 hours.

17          3.   **Specific Tasks**

18          Plaintiff objects that defendant's counsel has

19  impermissibly charged defendant for non-billable "administrative

20  overhead." <u>See</u> Corrected Objections at 11. The Court finds it

21  appropriate to award attorneys' fees for clerical or secretarial

22  tasks, but calculates the amount at the rate of $30 per hour.

23  Plaintiff requests $2,464.00 for tasks the Court considers

24  clerical, based on 15.4 hours at an hourly rate of $160 per

25  hour.[5] The Court accordingly reduces the amount awarded by

26

27          [5]   Most of this work is attributable to clerical tasks
    performed by legal assistant K. Roth and A. Burgess. <u>See</u>
28  Plaintiff's Corrected Objections at 12, n.14.

1  $2,002.00, entitling plaintiff to recover $462.00 for clerical

2  tasks.  See Missouri v. Jenkins, 491 U.S. 274, 288, n.10, 109 S.

3  Ct. 2463, 105 L. Ed. 2d 229 (1989) ("[P]urely clerical or

4  secretarial tasks should not be billed at a paralegal rate,

5  regardless of who performs them.").  The Court reduces the number

6  of paralegal hours by 15.4, resulting in a total of 144.3 hours.

7  Finally, plaintiff contends that defendant's counsel has

8  impermissibly billed for in-house attorney conferences.  (Id. at

9  12.).  The Court finds in-house attorney conferences to be the

10 proper subject of billing.

11          4.   Costs

12          Defendant requests $22,430.15 in associated costs

13 (Thomas Decl., ¶ 39).  Plaintiff objects that the claimed costs

14 are excessive as a matter of law, and objects specifically to the

15 "electronic research charges" of $18,688.56.  The Court reduces

16 by one-half the costs recoverable for electronic research.  Based

17 on the lack of novelty in the instant case, and the similarity to

18 other cases handled by defendant's counsel, the Court finds the

19 time spent on these tasks unreasonable.  Accordingly, the Court

20 reduces the requested fee by 50%, to $9,344.28.  Thus, defendant

21 is entitled to associated costs in the amount of $13,085.87.

22          5.   Final Calculation

23          Taking into consideration the foregoing discussion

24 including reducing the amount for paralegal fees and electronic

25 research, $765,695.37 constitutes the total amount.

26 D.        Defendant's Evidentiary Objections

27          Defendant objects to the deposition of Joshua Greene,

28 filed in support of plaintiff's Objections and Corrected

1    Objections.  The Court sustains the objections to paragraphs 7

2    and 8.  All other objections are overruled.

3                    IV.

4              <u>CONCLUSION</u>

5        For the foregoing reasons, the Court grants defendant's

6    motion for attorneys' fees and costs in the amount of $765,695.37

7    against plaintiff.  This award consists of 2269.9 hours of

8    attorney time at $325 per hour, 144.3 hours of paralegal time at

9    $100 per hour, 15.4 hours of clerical time at $30 per hour, and

10    $13,085.87 in costs.  Plaintiff shall pay to counsel for

11    defendant the sum of $765,695.37 forthwith.

12        IT IS SO ORDERED.

13        IT IS FURTHER ORDERED that the clerk shall serve a copy

14    of this Order on counsel for all parties in this action.

15        DATED:  March 8 , 2006.

16

17

18                          _____

19                          ALICEMARIE H. STOTLER
                         CHIEF U.S. DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

16