FILED

Pamella Lawrence

3183 Wilshire Blvd. Ste. # 196-C43

Los Angeles, Ca. 90010

defuneral1995@hotmail.com

Plaintiff in Pro Per

2011 SEP 16 PM 2: 59

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELLA LAWRENCE<br><br>Plaintiff<br><br>vs.<br><br>SONY PICTURES<br>ENTERTAINMENT INC., et al...<br><br>Defendants | **Case No.: CV10-04737 SVW (Ex)**<br>**PLAINTIFFS OPPOSITION TO MOTION BY DEFENDANTS SONY PICTURES ENTERTAINMENT INC., et al... FOR ATTORNEY FEES**<br><br>Date: October 3, 2011<br>Time: 1:30 pm<br>Crtrm:  6, 312 North Spring Street,<br>The Honorable Stephen V. Wilson<br><br>[Declaration of Pamella Lawrence Filed Concurrently] |

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

II. THE OWNER DEFENDANTS FAIL TO ESTABLISH THEY ARE ENTITLED TO ATTORNEYS' FEES UNDER THE COPYRIGHT ACT......................................................................................2

  A. The Defendants Are Not Entitled To Attorneys' Fees As A Part Of Costs Pursuant To 17 U.S.C. § 505........................2

    1. Plaintiff's Claims Against the Owner Defendants Were Reasonable, Not Baseless or Frivolous ........................3

    2. Awarding Attorneys' Fees Would Deter Future Plaintiffs from Bringing Reasonable Claims...............................3

    3. Plaintiffs Motivation in Bringing Claims Against the Defendants Was Proper and Appropriate ......................4

    4. The Purposes of the Copyright Act Do Not Weigh in Favor of Awarding Attorneys' Fees.........................................5

  B. The Defendants Have Not Met the Burden of Showing that the Hours They Incurred and the Hourly Rates are Reasonable..........................................................................6

III. CONCLUSION ................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                    Page(s)

*Blanch v. Koons,*
485 F. Supp. 2d 516 (S.D.N.Y. 2007)..................................................................4

*Blum v. Stenson,*
465 U.S. 886 (1984) ...........................................................................................6

*Bordanaro v. McLeod,*
871 F.2d 1151 (1st Cir. 1989) ............................................................................7

*Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.,* 259 F.3d 1186 (9th Cir. 2001)..............................................5

*Dean v. Burrows,*
732 F. Supp. 816 (E.D. Tenn. 1989) ..................................................................3

*Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.,* 785 F.2d 897 (11th Cir. 1986)..................................................................3

*Fogerty v. Fantasy, Inc.,*
510 U.S. 517 (1994) ....................................................................................passim

*Garnier v. Andin Intern., Inc.,*
    884 F. Supp. 58 (D.R.I. 1995)......................................................................3

*Lieb v. Topstone Industries, Inc.,*
788 F.2d 151 (3d Cir. 1986)...............................................................................5

*Lifshitz v. Walter Drake & Sons, Inc.,*
806 F.2d 1426 (9th Cir. 1986)............................................................................3

*Luken v. Int'l Yacht Council, Ltd.,*
581 F. Supp. 2d 1226 (S.D. Fla. 2008) ..........................................................4, 5

*Maljack Productions, Inc. v. Palisades Entertainment,* 1995 WL 779154 at *3 (C.D. Cal. Jun. 23, 1995)..............................................6

*Perfect 10, Inc. v. CWIE, LLC,*

2005 WL 5957973 (C.D. Cal. Feb. 10, 2005)..................................................4, 6

*Queenie, Ltd. v. Nygard Int'l,*

204 F. Supp. 2d 601 (S.D.N.Y. 2002)..................................................................6

*Universal Studio Productions LLLP v. Bigwood,*

441 F. Supp. 2d 185 (D. Me. 2006).....................................................................7

**Statutes**

17 U.S.C. § 505....................................................................................................2,

## I. INTRODUCTION

Controlling copyright precedents have established a rigorous standard for recovering attorneys' fees as the prevailing party under the Copyright Act. In this instance, Sony Entertainment Corp, inc., et al...Defendants do not come close to meeting it.

Specifically, the Sony Entertainment Corp, inc., et al...Defendants' motion fails on either or both of two discrete grounds. First, the Sony Entertainment Corp, inc., et al...Defendants fail to meet the substantive standard for recovering fees (*i.e.*, that the claims were baseless, frivolous, objectively unreasonable, or improperly motivated). A fair reading of the applicable copyright precedents, Plaintiffs actual pleadings (including the detailed facts set forth therein), and this court's subsequent opinions on the Summary Judgement, confirms that there certainly was a good faith and reasonable basis (both objectively and subjectively) for Plaintiff, Pamella Lawrence's, claims. Indeed, this Court ruled that Plaintiff's claims not baseless, frivolous, or objectively unreasonable when it granted Plaintiff's motion to amend its complaint holding that Plaintiff's claims not clearly subject to dismissal.

Second, and in any event, Defendants' request for $200,000.00 in attorneys' fees is utterly and facially unreasonable. Defendants are seeking to recover $200,000.00 dollars in attorneys' fees and costs, which Defendants have presented as a discount of an alleged actual cost of $345,000.00 for a matter that was extended and ran through the court which could have been resolved without the waste of court time and resources in an effort to not necessarily prevail on the merits, but on procedural, customary technicalities Defendants as represented by a multi-million dollar law firm knows disadvantages pro se plaintiffs with no legal background or experience. Plaintiff failed to prevail in this matter for failure to make objections on matters Plaintiff perceived as settled, or to be settled at trial. This is not reasonable and the motion ought to be denied on this basis as well.

-1-

On any and all of these grounds, the motion for fees should be denied.

## II. THE OWNER DEFENDANTS FAIL TO ESTABLISH THEY ARE ENTITLED TO ATTORNEYS' FEES UNDER THE COPYRIGHT ACT

### A. The Owner Defendants Are Not Entitled To Attorneys' Fees As A Part Of Costs Pursuant To 17 U.S.C. § 505

The fact that the Sony Entertainment Corp, inc., et al ...Defendants prevailed on their Summary Judgement Motion does not necessarily entitle them to attorneys' fees. Rather, it is well settled that the Court has "discretion" to award or not award attorneys' fees as part of costs. 17 U.S.C. § 505. As construed by the United States Supreme Court in *Fogerty*, fees should only be awarded upon a showing that various factors – specifically, "frivolousness, motivation, objective unreasonableness (both factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" – warrant such an award. *See generally Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

Here, the Sony Entertainment Corp, inc., et al ... Defendants fail to demonstrate that any of the factors warrant an award of attorneys' fees. Pamella Lawrences claims against the Defendants for contributory and vicarious copyright infringement, and direct copyright infringement, were non-frivolous, objectively reasonable, and consistent with the purposes of the Copyright Act. Moreover, there is no evidence, Plaintiff, Pamella Lawrence had anything but a proper motive in asserting its claims against the Sony Entertainment Corp, inc., et al ... Defendants – to wit, the vindication of its exclusive rights in Plaintiffs infringed copyrights. As such, future copyright Plaintiffs need not be deterred from filing similar, reasonable suits.

To the contrary, an award of fees in this instance would encourage potential infringement and deter copyright owners from asserting their rights in an era when new uses of the internet threaten copyrights.

### 1. Plaintiffs Claims Against Defendants Were Reasonable, Not Baseless or Frivolous

Attorneys' fees should not be awarded if the losing party brought claims that were novel, complex, colorable, or are at least a "reasonable stand on an unsettled principle of law." *Garnier v. Andin Intern., Inc.*, 884 F. Supp. 58, 62 (D.R.I. 1995) (denying attorneys' fees where resolution of plaintiff's claims required appellate court to engage in "careful factual and legal analysis"); *see also Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1435 (9th Cir. 1986) (denying attorneys' fees where issues presented were "substantial questions of first impression in this circuit"); *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 916-17 (11th Cir. 1986) (affirming denial of attorney's fees where plaintiff asserted "colorable copyright claims"); *Dean v. Burrows*, 732 F. Supp. 816, 827 (E.D. Tenn. 1989) (denying attorneys' fees where plaintiff presented "genuine issue for the Court to resolve"). That is precisely the situation here. That Plaintiff, Pamella Lawrence's complaint against the Defendants presented legitimate and genuinely unsettled issues for the Court to resolve cannot fairly be disputed.

The fact of an adverse decision does not render Plaintiff's pursuit of the claims unreasonable, baseless, or frivolous. The Court granted Plaintiffs request to amend her complaint, and thus ruling against Defendants motion to dismiss which was, and is far from holding that Plaintiffs claims were unreasonable, baseless, or frivolous.

The Defendants' motion deduces entitlement to Attorney Fees simply because the Court granted their Summary Judgment Motion, and their assertion Plaintiff's pursuit of these claims was unreasonable, baseless, and frivolous. This assertion is without legal or factual support.

### 2. Awarding Attorneys' Fees Would Deter Future Plaintiffs from Bringing Reasonable Claims

An award of attorneys' fees to Sony Entertainment Corp, inc., et al ... Defendants here would ill serve the interests of the Copyright Act nor serve any proper deterrent purpose. To the contrary, awarding fees to Defendants would deter future reasonable lawsuits insofar as it would raise fears that the mere failure to prevail on objectively reasonable, good-faith claims would lead to an award of exorbitant attorneys' fees.

This is the exact opposite of what Section 505 was designed to achieve: economic incentive to litigate meritorious copyright claims and defenses. *See Luken*, 581 F. Supp. 2d at 1246 ("a party that advances a reasonable position should not be deterred from doing so for fear that it will have to pay attorney's fees if it loses"); *Perfect 10, Inc. v. CWIE, LLC*, 2005 WL 5957973 at *3 (C.D. Cal. Feb. 10, 2005) (finding no reason to award attorneys' fees for deterrent purposes; "[a]warding attorney's fees would ... punish the Plaintiff for advancing a theory in an unclear area of copyright law"); *Blanch v. Koons*, 485 F. Supp. 2d 516, 518 (S.D.N.Y. 2007) (finding no need to award attorneys' fees for deterrent purposes; claims were not frivolous and plaintiff's motivation was reasonable, among other factors); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) ("defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement").This Court should not deter future reasonable copyright claims by awarding attorneys' fees to to Sony Entertainment Corp, inc., et al ... Defendants here.

### 3. Plaintiff's Motivation in Bringing Claims Against the Defendants Was Proper and Appropriate

Plaintiff, Pamella Lawrence sued Sony Entertainment Corp, inc., et al ... Defendants to protect and vindicate her copyright rights. Defendants asserted, and continues to assert in the Court of Appeals, that these Defendants are liable for contributory and vicarious copyright infringement, and direct copyright

infringement, of Plaintiffs copyrights. Pursuant to the Copyright Act, Plaintiff is entitled to damages for such infringements, and it sought damages from the parties whom it believes are liable for such infringement, including Defendants. This is clearly a permissible motivation in bringing a copyright suit. *Luken*, 581 F. Supp. 2d at 1245 ("[i]t goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement case against one whom the copyright holder believes in good faith to have infringed the copyright"). Plaintiff only brought copyright infringement claims against Defendants Plaintiff sincerely believed were/are culpable or complicit in infringement of Plaintiffs copyrights.

### 4. The Purposes of the Copyright Act Do Not Weigh in Favor of Awarding Attorneys' Fees

Because Plaintiffs's claims are objectively reasonable, the purposes of the Copyright Act are not furthered by awarding attorneys' fees. As discussed above, UMG acted with proper motivation, and there is no reason to deter the filing of reasonable infringement claims.

The Defendants are incorrect when they determine whether to award attorneys' fees, the district court "first determines whether the successful defense furthered the purposes of the Copyright Act."

The list of nonexclusive factors in *Fogerty*, also listed above, are "frivolousness, motivation, objective unreasonableness (both factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). The purposes of the Copyright Act are not one of these factors. *See also Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) (listing the factors in *Fogerty* as those to be considered in deciding whether to award fees; the Court adds "degree of success

obtained" to *Fogerty*'s list, but does not include the purposes of the Copyright Act). Rather, the *Fogerty* factors are to be "considered in light of the primary objective of the Copyright Act: to encourage the production of original literary, artistic, and music expression for the good of the public." *Perfect 10*, 2005 WL5957973 at *3. In *Perfect 10*, the court engaged in such consideration and denied a request for attorneys' fees by the Defendant. The court reasoned that because Plaintiffs brought a legitimate claim and both parties diligently advocated their positions and brought further analysis to copyright law, fees were not warranted. Likewise, here Plaintiff brought legitimate claims against the Defendants; both parties advocated their positions; and thus both parties contributed to further demarcation of the contours of secondary copyright liability. The "purposes of the Copyright Act" provide no reason to award fees to the Defendants.

## B. The Owner Defendants Have Not Met the Burden of Showing that The Hours They Incurred and the Hourly Rates are Reasonable

The Owner Defendants are not entitled to any fee recovery because they have not met their required burdens. As the prevailing parties, the burden is on the Defendants to "demonstrat[e] the time spent and that it was reasonably necessary." *Maljack Productions, Inc. v. Palisades Entertainment*, 1995 WL 779154 at *3 (C.D. Cal. Jun. 23, 1995); *see also Queenie, Ltd. v. Nygard Int'l*, 204 F. Supp. 2d 601, 608 (S.D.N.Y. 2002) ("[w]hile a party to a litigation may choose its own level of litigation expense, it may not impose its own approach on a losing adversary.") The Defendants have not met this burden. One element of assessing the reasonableness of the requested attorneys' fees is whether the attorneys' hourly rates are reasonable. Again, as the prevailing parties, the Defendants have the burden of proving that their attorneys' hourly rates are reasonable, and they fail to carry their burden. The only evidence put forward on this subject is their own attorneys' declarations, which are insufficient to fulfill this requirement. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("the burden is

on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation") (emphasis added); *Bordanaro v. McLeod*, 871 F.2d 1151, 1168 (1st Cir. 1989) (holding that plaintiffs failed to meet their burden of proving the prevailing market rate when the only evidence they produced to establish this rate was their own attorneys' affidavits). Because the Defendants have failed to show that their billing rates are reasonable, this Court should not award attorneys' fees. See *Universal Studio Productions LLLP v. Bigwood*, 441 F. Supp. 2d 185, 192-93 (D. Me. 2006)

    The absence of anything but interested party declarations here is important because certain aspects of the fee request are highly questionable, namely three additional attorneys were added during the summary judgement motion stage, and as said earlier, Defendants prolonged the litigation by design and intent to prevail depending on Plaintiffs lack of legal, custom, procedural sophistication on technical aspects beyond Plaintiffs awareness, which would result in decisions in there favor, and therefore, attorney fees are not warranted.

## III CONCLUSION

    For all the reasons related herein/above Defendants motion for Attorney Feess should not be granted.

Respectfully Submitted:

September 16, 2011

                                                              Pamella Lawrence

                                                               Plaintiff/Pro Per