UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:10-cv-04737-SVW (Ex) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Pamella Lawrence v. Sony Pictures Entertainment Inc. et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re DEFENDANT'S MOTION FOR ATTORNEYS' FEES [166]

## I. INTRODUCTION

Plaintiff Pamella Lawrence brought suit alleging five causes of action in her First Amended Complaint ("FAC") against Sony Pictures Entertainment Inc., Columbia Pictures Industries, Inc., TriStar Pictures, Inc., SKE Creative, LLC, James Tauber (erroneously sued herein as "Jim Tauber"), Amy Baer, Behave Productions, Inc., Screen Gems, Inc., Screen Gems Distribution, Inc., Chris Rock Enterprises, Inc., Wonderful Films Corp., Target Media Entertainment GmbH & Co. Filmproduktion KG, Parabolic Pictures, Inc., Aeysha Carr (erroneously sued herein as "Ayesha Carr"), Dean Craig, Philip Elway, Glenn S. Gainor, William Horberg, Sidney Kimmel, Lawrence Malkin, Diana Phillips, Chris Rock, Share Stallings, Bruce Toll, Frank Oz and Neil LaBute ("Defendants"). Plaintiff alleged that Defendants were liable for copyright infringement of her book, *Caught on Video . . . The Most Embarrassing Moment de Funeral, July 11, 1994* (the "Book") and a similarly titled videotape of events occurring at a real funeral in Los Angeles (the "Video"). In particular, Plaintiff argued that two movies, *Death at a Funeral* (2007), released in the United Kingdom, and *Death at a Funeral* (2010), released in the United States, infringe the Book and/or the Video.

On July 28, 2011, the Court granted Defendants' Motion for Summary Judgment. Defendants now move for attorneys' fees. For the reasons discussed below, this Court GRANTS Defendants' Motion for Attorneys' Fees (the "Motion").[1]

---

[1] The Court notes that it considered Plaintiff's Opposition to Defendants' Motion even though the Opposition was untimely.

: 

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:10-cv-04737-SVW (Ex) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Pamella Lawrence v. Sony Pictures Entertainment Inc. et al | | |

**II.     DISCUSSION**

    **A.     An Award of Attorneys' Fees is Proper**

The prevailing party in a copyright infringement action may recover reasonable attorneys' fees. 17 U.S.C. § 505.  A court has broad equitable discretion in fee award determinations. Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994). "'[E]xceptional circumstances' are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike."  Historical Research v. Cabral, 80 F.3d 377, 378 (9th Cir. 1996). "[T]he policies served by the Copyright Act are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement." Fogerty, 510 U.S. at 526.  Accordingly, the factors discussed below are merely guidelines, and should only be applied "so long as they are consistent with the purposes of the Copyright Act."  Fantasy, Inc. v. Fogerty, 94 F.3d 553, 560 (9th Cir. 1996).  Not every factor need weigh in favor of the prevailing party to merit an award. Cabral, 80 F.3d at 378.

        **1.     Degree of Success**

First, a court may consider the prevailing party's degree of success.  Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).  On July 28, 2011, the Court granted Defendants' Motion for Summary Judgment, dismissing Plaintiff's three copyright claims on the merits and dismissing Plaintiff's remaining state law claims for lack of subject matter jurisdiction.  Accordingly, Defendants achieved complete success on the merits.  See, e.g., Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 893 (6th Cir 2004) ("when a defendant [in a copyright action] succeeds in having summary judgment entered in its favor on the copyright infringement claims asserted against it, that defendant can only be described as having 'prevailed.'").

        **2.     Motivations**

Second, a court may consider the parties' motivations – such as whether the defendant infringed the plaintiff's copyright in good faith, or whether the plaintiff brought the suit with malicious intentions.  Fogerty, 510 U.S. at 534 n.19; see also Don Post Studios, Inc. v. Cinema Secrets, Inc., 148 F. Supp. 2d 572, 574 (E.D. Pa. 2001) (holding that  prevailing defendant was entitled to attorneys' fees when plaintiff's suit was "brought for an improper purpose").  In this case, Plaintiff brought suit notwithstanding the fact that she brought a similar suit against several of the Defendants, including Columbia Pictures Industries, Inc. and TriStar Pictures, Inc., in Los Angeles Superior Court in 2000.  In that case, the defendants settled for a nominal amount and a stipulation pursuant to Cal. Civ. Code § 1542 providing that the parties agreed that all claims were then resolved.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:10-cv-04737-SVW (Ex) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Pamella Lawrence v. Sony Pictures Entertainment Inc. et al | | |

    Furthermore, Plaintiff's initial Complaint in this case alleged eighteen claims for relief against thirty-one Defendants and contained 217 paragraphs. Plaintiff failed to advance any meaningful evidence in defending her FAC against Defendants' Motion for Summary Judgment. All of these facts support the conclusion that Plaintiff brought suit for an improper purpose such as harassment, or forcing Defendants to accrue significant expenses to defend against a baseless suit.

### 3. Objective Unreasonableness

    Third, a court may consider the objective unreasonableness of the factual and legal components of the losing party's claim. Fogerty, 510 U.S. at 534 n.19. Courts afford significant weight to this factor. See, e.g., Matthew Bender & Co v. West Publishing Co. , 240 F.3d 116, 122 (2d Cir. 2001). In granting Defendants' Motion for Summary Judgment, the Court found that Plaintiff did not put forth any evidence disputing Defendant's declarations. Furthermore, Plaintiff offered no admissible evidence that she acquired ownership of the copyright in the Video, that most of the Defendants ever had access to the Book or the Video, and that the Death at a Funeral films were substantially similar to Plaintiff's Book.[2] All of these facts weigh in favor of a finding that Plaintiff's claims were objectively unreasonable.

### 4. Compensation and Deterrence

    Fourth, a court may weigh considerations of compensation and deterrence. Fogerty, 510 U.S. at 534 n.19. Compensation and deterrence would support an award of attorneys' fees in this case in order to "deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost-benefit analysis that tells such plaintiffs that they can score big if they win and there will be no adverse consequences if they lose." Baker v. Urban Outfitters, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006). As Defendants note, Plaintiff is a repeat litigant, having sued several of the Defendants over a decade ago claiming that they misappropriated the same idea for a movie that formed the basis of this case. Furthermore, Plaintiff has appealed this Court's summary judgment decision to the Ninth Circuit. While that appeal is currently pending, Plaintiff has filed another complaint in the Superior Court containing claims almost identical to the instant complaint against many of the same defendants.

### 5. Frivolousness

    Finally, a court may consider the frivolousness of the legal claims in the case. Fogerty, 510 U.S. at 534 n.19. A claim is frivolous when it is based upon an "inarguable legal conclusion" and/or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Streeter, 438 F. Supp. 2d

---

[2]In its July 28, 2011 Order, the Court found that each of Plaintiff's claimed similarities was not protectable.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:10-cv-04737-SVW (Ex) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Pamella Lawrence v. Sony Pictures Entertainment Inc. et al | | |

at 1074; Batjac Productions, Inc. v. Goodtimes Home Video Corp., 44 U.S.P.Q. 2d 1788, 1790 (C.D. Cal. 1997). As articulated in the Court's July 28, 2011 Order granting Defendant's Motion for Summary Judgment, Plaintiff's claims were frivolous.

### 6.  Conclusion

All factors weigh in favor of an award here. Accordingly, the Court concludes that Plaintiff is entitled to an award of attorneys' fees under 17 U.S.C. § 505.

### B.  Plaintiff's Fee Request is Reasonable

A reasonable hourly rate is determined by the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). The Supreme Court has adopted what is known as the "lodestar method," an initial fee calculation constituting a reasonable number of hours expended on the case multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The burden rests on the party seeking the award. Id. at 437. This party "should submit evidence supporting the hours worked and rates claimed." Id. at 433. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434. However, "[a] request for attorney's fees should not result in a second major litigation." Id. at 437.

Courts consider the following factors, if applicable, in calculating the lodestar figure: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Fischel v. Equitable Life Assur. Society of U.S., 307 F.3d 997, 1007 (9th Cir. 2002).

In this case, while Defendants represent that they have incurred "roughly" $345,000 in legal fees, they seek an award of $200,000. Defendants argue that their self-imposed reduction in the fees award sought renders a detailed discussion of the lodestar factors unnecessary; nevertheless, the Court believes that some discussion of the lodestar factors is warranted.[3]

---

[3] The Court notes that Defendant did not provide a detailed lodestar analysis in its Motion for Attorneys' Fees. However, the Court at a hearing on October 3, 2011 reviewed the lodestar factors with counsel. Plaintiff was given an opportunity to respond.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:10-cv-04737-SVW (Ex) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Pamella Lawrence v. Sony Pictures Entertainment Inc. et al | | |

    **a.    Time and Labor Required**

    While courts generally accept what is stated in the request for fees, courts at times reduce the hours when they are clearly excessive or only vaguely described.  See, e.g., In re Wash. Public Power Supply Sys. Securities Litigation, 19 F.3d 1291, 1298 (9th Cir. 1994).  Here, Defendants seek reimbursement of the fees for work performed by four attorneys and one paralegal: (1) James D. Nguyen, Partner; (2) Jennifer L. Brockett, Partner; (3) Karen A. Henry, Associate; (4) Howard L. Rose, Associate; and (5) Kristina Roth, Paralegal.  In this case, Mr. Nguyen billed 55.6 hours, Ms. Brockett billed 340 hours, Ms. Henry billed 192.8 hours, Mr. Rose billed 236.2 hours and Ms. Roth billed 68.1 hours.  These totals do not appear unreasonable on their face given the number of claims Plaintiff initially alleged, the number of Defendants involved, and the fact that Defendants had to compel Plaintiff's attendance at a deposition after Plaintiff initially failed to appear, and had to engage in trial preparation because of a looming trial date.

    **b.    Novelty and Difficulty of the Questions Involved; Skill Requisite to Perform the Legal Service Properly; Preclusion of Other Employment**[4]

    While the questions in this case were not novel, the Court acknowledges the difficulty involved due to the large number of claims and defendants named by Plaintiff.  Furthermore, Defendants' counsel are experienced copyright litigators.  In addition, it is clear to the Court that the fact that the hundreds of hours billed by Defendants' counsel in reasonable trial preparation precluded them from taking other employment while working on the present matter.

    **c.    Amount Involved and Results Obtained; Nature and Length of the Professional Relationship**

    As noted above, the Court granted Defendants' Motion for Summary Judgment, thus securing a positive result for Defendants.  Furthermore, as mentioned above, Defendants seek a fees award of $200,000 even though Defendants' counsel billed approximately $345,000 on the instant case.  In addition, at a hearing on October 3, 2011, Defendant's counsel noted that Defendant Sony Pictures Entertainment Inc. is a long term client of Defendant's counsel.

---

[4]The fifth and sixth factors, customary fee and whether the fee is fixed or contingent, are not particularly relevant.  However, in this case Defendants' counsel charged hourly, non-contingent fees, as is customary in copyright litigation.  The Court finds that the seventh factor, time limitations imposed by the client or the circumstances, is not relevant to the instant case, nor is the tenth factor, the "undesirability" of the case.

                                                                                                                        :

Initials of Preparer                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:10-cv-04737-SVW (Ex) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Pamella Lawrence v. Sony Pictures Entertainment Inc. et al | | |

### d. Awards in Similar Cases

Defendants argue that the $200,000 requested amount is easily within the range of fees awarded to prevailing defendants in other copyright actions in this district, and is far smaller than the fees awarded in some recent cases . See, e.g., Gilbert v. New Line Productions, Case No. 2:09-cv-02231-HGK-RZ (C.D. Cal. Dec. 6, 2010) (awarding prevailing defendants over $800,000 in attorneys' fees in copyright action); Milton Greene Archives v. BPI Communications, Case No. SA CV 04-635 (C.D. Cal. March 9, 2006) (awarding prevailing defendants over $765,000 in attorneys' fees in copyright action); Mattel v. Walking Mountain Prods., 2004 U.S. Dist. LEXIS 12469 at *11 (C.D. Cal. June 24, 2004) (awarding prevailing defendants $1.6 million in fees and $240,000 in costs in copyright action); Mostly Memories, Inc. v. For Your Ease Only, Inc., 594 F. Supp. 2d 931, 933-34 (N.D. Ill, 2009) (granting prevailing defendants' $592,729 in fees and $66,340 in costs).

### 2. Reasonable Hourly Rate

A reasonable hourly rate is determined by the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). Defendants have submitted records indicating that: (1) Mr. Nguyen's hourly rate was $585 per hour; (2) Ms. Brockett's hourly rate was $465; (3) Ms. Henry's hourly rate was $390; (4) Mr. Rose's hourly rate was $325 and (5) Ms. Roth's hourly rate was $125. Common knowledge of the rates charged by lawyer in Los Angeles suggests that Plaintiff's counsel's hourly rates are reasonable. This Court approved hourly rates of $400 for a partner's work and $200 for an associate's work in a copyright case in 2006. See Broadcast Music, Inc. v. Zendejas Colton, Inc., CV 06-1111 SVW (CTx) (C.D. Cal. Oct. 18, 2006). While the hourly rates submitted by Defendants' counsel exceed those approved in Broadcast Music, those rates are commensurate with the qualifications and experience of Defendants' counsel. Furthermore, Defendants' firm is reputable and active in litigating copyright cases in this district. Accordingly, the Court finds that the aforementioned hourly rates are reasonable.

### C. Plaintiff's pro se Status

Finally, Defendant argues that Plaintiff's pro se status is not a reason to decline awarding fees. As Defendant notes, numerous courts have awarded fees against pro se plaintiffs in similar cases where the plaintiff insisted on pursuing obviously groundless copyright infringement claims. See, e.g., Bauer v. Yellen, 2010 U.S. App. LEXIS 9068, 156 (9th Cir. May 3, 2010) ("While we are mindful that attorney's fees should only rarely be awarded against plaintiffs proceeding pro se, such an award is appropriate where, as here, the district court's determination that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so,' finds support in the record.") (internal citation omitted); Blanton v. Universal City Studios Prods LLLP, 593

:

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | No. 2:10-cv-04737-SVW (Ex) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Pamella Lawrence v. Sony Pictures Entertainment Inc. et al | | |

F. Supp. 2d 171, 175 (D.D.C. 2009) (awarding attorneys fees to prevailing defendants against pro se plaintiff where court found that claims were groundless, plaintiff knew they were groundless, and plaintiff's pursuit of claims "wasted the court's as well as counsel's resources"); Yue v. Storage Technology Corp., 2008 U.S. Dist. LEXIS 68920, *11 (N. D. Cal. Aug. 6, 2008) (attorneys' fees awarded to prevailing defendant against pro se plaintiff where plaintiff should have known that claims were objectively unreasonable).

**III.    CONCLUSION**

For the reasons set forth in this Order, Defendants' Motion is GRANTED.

.

                                                                                                                          :
                                                       Initials of Preparer               PMC